IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

ERIC SIM,
  *Plaintiff.*

v.                                          Civil Action No. 4:26-cv-01563

CITY OF HOUSTON, KATELYN
HOWTON, KIRSTEN KORYCIAK,
SOO YOUN CHO, ALEJANDRA
ESPITIA, MIA MOREY, AND
MADELYNN CAMPBELL,
  *Defendant.*

# MOTION TO DISMISS AND TO STRIKE

Defendant Soo Youn Cho moves to dismiss Plaintiff Eric Sim's claims against her under Rule 12(b)(6) for failure to state a claim. Cho also moves under Rule 12(f) to strike portions of Sim's complaint because they are immaterial to his claims, scandalous, and designed to embarrass Cho.

## I.    SUMMARY

- Sim has failed to state a claim against Cho for malicious prosecution under Texas law because he has failed to allege with the particularity required by Rule 9(b) any statement or act constituting procurement of a criminal prosecution by Cho.

- Sim has also failed to state a claim against Cho for malicious prosecution under Texas law because the facts of which this Court may take judicial notice establish that the cause of his prosecution was the grand jury's decision to indict him.

1

- Plaintiff has failed to state a claim against Cho for malicious prosecution under Texas law because he has failed to plausibly allege facts negating probable cause or establishing an improper purpose.

- Plaintiff has failed to state a claim for conspiracy because he has failed to sufficiently allege an underlying tort and has failed to allege with particularity a conspiracy or Cho's overt act in furtherance of it.

- Plaintiff's complaint includes numerous allegations of sexual activity and related matters that are impertinent, immaterial to Plaintiff's claims, and scandalous. They are designed to embarrass Plaintiff's victims, and Cho should not be required to respond to them. Those portions should be struck under Rule 12(f).

## II.   NATURE AND STAGE OF PROCEEDINGS

Plaintiff Eric Sim was indicted in 2024 by a Harris County grand jury for the sexual assault of seven women, including Soo Youn Cho.[1] Cho's only involvement in this prosecution was that she was interviewed by a Houston Police Department detective about Sim's assault of her more than two years after it occurred and answered truthfully to the best of her abilities.

On February 25, 2025, a few weeks after a new district attorney took office, the district attorney's office filed a motion to dismiss, stating as the reason: "Cannot prove beyond a reasonable doubt at this time. Subject to refile."[2]

One year later, Sim filed the instant complaint. Sim asserts federal claims under section 1983 against the City of Houston and

---

[1] Exhibit 1, indictments.

[2] Exhibit 2, prosecution's motion to dismiss.

two detectives. Against Cho and other victims, Sim asserts only state-law claims for malicious prosecution and civil conspiracy.

The 57-page complaint delves in lurid detail into Sim's alleged sexual relationship with Cho and with other victims. However, the complaint does not state with any particularity that Cho filed any complaint with law enforcement or took any action to procure the prosecution other than submitting to an interview by a Houston Police Department detective, after several other women had done so.

Cho was served with the complaint March 5, 2025. This is her first filing in response to the complaint.

### III.   FAILURE TO STATE A CLAIM

Sim's claims against Cho should be dismissed for failure to state a claim for several reasons. First, Sim fails to allege with particularity any act by Cho that constitutes "procurement" of his prosecution under Texas law and, in fact, his allegations and the public record negate this element. Second, Sim fails to allege facts negating probable cause or establishing an improper purpose. Finally, Sim fails to sufficiently allege a civil conspiracy.

### A. 12(B)(6) STANDARD.

Under FED. R. CIV. 8(a)(2), "a pleading must contain a short and plain statement of the claim showing that the pleader is entitled to relief." *Cevallos v. Silva*, 541 Fed. Appx. 390, 392 (5th Cir. 2013). "To survive a Rule 12(b)(6) motion to dismiss, the factual allegations must be sufficient to state a claim for relief that is plausible on its face and to raise a right to relief above the speculative level." *Id.* (citing *Bell A. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). "The mere possibility of misconduct is not sufficient." *Id.*

3

Further, to survive a motion under FED. R. CIV. P. 12(b)(6), "the complaint must contain either direct allegations on every material point necessary to sustain recovery or contain allegations from which an inference may be fairly drawn that evidence will be introduced at trial" *Id.* (citing *Twombly*, at 555). To subject a complaint to dismissal, it is unnecessary for the Court to conclude that the allegations are "unrealistic." "nonsensical," or "fanciful." *Iqbal*, 556 U.S. at 681. Rather, "bare assertions" that are "conclusory" and "amount to nothing more than a 'formulaic recitation of the elements'" of a claim are "not entitled to be assumed true" and cannot support a claim for relief. *Id.*

"[O]nly a complaint that states a plausible claim for relief survives a motion to dismiss." *Iqbal*, at 679. "Determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* "But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" *Id.* (quoting FED. R. CIV. P. 8(a)(2)).

"In alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake." FED. R. CIV. P. 9(b). "Rule 9(b) is an exception to Rule 8(a)'s simplified pleading[.]" *United States ex rel. Grubbs v. Kanneganti*, 565 F.3f 180, 185 (5th Cir. 2009). "In cases of fraud, Rule 9(b) has long played [a] screening function, standing as a gatekeeper to discovery, a tool to weed out meritless fraud claims sooner than later." *Id.* "We apply Rule 9(b) to fraud complaints with 'bite' and 'without apology,' but also aware that Rule 9(b) supplements but does not supplant Rule 8(a)'s notice pleading." *Id.* at 185–86.

"The frequently stated, judicially-created standard for a sufficient fraud complaint . . . instructs a plaintiff to plead 'the

time, place and contents of the false representation[], as well as the identity of the person making the misrepresentation and what that person obtained thereby.'" *Id.* at 186. "Directly put, the who, what, when, and where must be laid out before access to the discovery process is granted." *Williams v. WMX Technologies, Inc.*, 112 F.3d 175, 178 (5th Cir. 1997).

"In addition to facts alleged in the pleadings, however, the district court 'may also consider matters of which [it] may take judicial notice.'" *Hall v. Hodgkins*, 305 Fed. Appx. 224, 227 (5th Cir. 2008). "And 'it is clearly proper in deciding a 12(b)(6) motion to take judicial notice of matters of public record.'" *Id.*

## B. SIM HAS FAILED TO ALLEGE WITH PARTICULARITY FACTS ESTABLISHING CHO'S PROCUREMENT OF THE PROSECUTION.

Sim's claims against Cho and the other victims rest on his allegation that they procured his prosecution through false statements to the police. He fails to plead with the particularity required under Rule 9(b) that Cho made any such statements to procure his prosecution.

### 1. Texas law regarding the "initiation or procurement" element.

The elements of malicious prosecution under Texas law are "(1) a criminal prosecution was commenced against [the plaintiff]; (2) [the defendant] initiated or procured that prosecution; (3) the prosecution terminated in [the plaintiff's] favor; (4) she was innocent of the charges; (5) [the defendant] lacked probable cause to initiate the prosecution; (6) [the defendant] acted with malice; and (7) [the plaintiff] suffered damages." *Kroger Tex. Ltd. P'ship v. Suberu*, 216 S.W.3d 788, 793 (Tex. 2006)

Texas law "does not subject a person to liability for merely aiding or cooperating in causing a criminal prosecution." *Browning-Ferris Indus., Inc. v. Lieck*, 881 S.W.2d 288, 292 (Tex. 1994). "Were it otherwise, persons only incidentally involved in a

criminal investigation might find themselves facing allegations in a civil suit," which "poses too great a disincentive for people to cooperate freely with law enforcement officials." *Id.* Accordingly, "a person's actions must be the cause in fact of a criminal prosecution before he can be liable for malicious prosecution." *Id.*

The "general idea of causation" is not sufficient for liability— "initiation or procurement" must be shown. *Id.* at 293. "A person initiates a criminal prosecution if he makes a formal charge to law enforcement authorities." *Id.* at 292. There is no allegation that Cho made any formal charge here. Accordingly, Sim must allege sufficient facts to show that Cho procured the prosecution.

"A person procures a criminal prosecution if his actions are enough to cause the prosecution, and but for his actions the prosecution would not have occurred." *Lieck*, at 292. "In other words, procurement requires that a person's actions be both a necessary and a sufficient cause of the criminal prosecution." *Id.* "Thus, a person cannot procure a criminal prosecution when the decision whether to prosecute is left to the discretion of another person, a law enforcement official or the grand jury." *Id.*

Where law enforcement, a public prosecutor, or a grand jury exercises its discretion in initiating the prosecution, "procurement" only occurs when "the information furnished by him upon which the official acted was known to be false." *Id.* at 294 (quoting RESTATEMENT (SECOND) OF TORTS § 653, cmt. g.).

Moreover, "proof that a complainant has knowingly furnished false information is *necessary* for liability when the decision to prosecute is within another's discretion," but "such proof is not *sufficient*." *King v. Graham*, 126 S.W.3d 75, 76 (Tex. 2003). There "must be proof that the prosecutor acted based on the false information and that but for such false information the decision would not have been made." *Id.*

6

### 2. Sim has failed to sufficiently allege that Cho procured the prosecution.

Sim does not allege, nor could Sim plausibly allege, that Cho initiated the prosecution or that Cho made the decision to prosecute Sim. The Houston Police Department exercised its discretion to seek a warrant for Sim's arrest—indeed, the crux of Sim's federal claims is that the detectives abused that discretion. The Harris County District Attorney's office exercised its discretion in initiating the prosecution and presenting the charges to the grand jury. The grand jury exercised its discretion in deciding to indict Sim. Ex. 1. Sim does not allege that Cho played any role in any of these decisions.

Sim does not allege, nor could he allege, that Cho even approached law enforcement. Instead, the only specific allegations against Cho are that Detective Howton interviewed Cho on February 28, 2024, more than two years after she was assaulted by Sim. Dkt. 1, at 20. Sim alleges Cho admitted she did not speak English well and she had a poor memory of what occurred. Sim even admits Cho qualified her statements with "the words 'I don't remember,' 'maybe,' 'I guess,' 'I think,' or 'I believe' when asked to recount specific facts about her relationship with Sim and the sexual encounter." Dkt. 1, at ¶236. Sim also asserts a "significant portion of the interview also consisted of Howton narrating supposed 'facts' and Cho agreeing with Howton." Dkt. 1, at 21, ¶249.

Sim alleges Cho only made two false statements: First, as Sim paraphrases, "that she was not ready to have sex with Sim in August of 2021, that she resisted Sim's sexual advances, and that he penetrated her and recorded their encounter without her consent." Dkt. 1, at ¶239. Second, "she asked Sim to delete the video of the encounter and that she was angry about the sexual encounter." Dkt. 1, at ¶240.

7

Sim does not allege any other statement by Cho to be false. Sim does not allege Cho *knew* either allegedly false statement to be false, nor can her knowledge be fairly inferred in light of Sim's repeated allegations of Cho's poor memory, of Cho's admission of her poor English, and of Howton's use of leading questions. In short, Sim alleges no knowing false statements by Cho.

Moreover, Cho's knowledge also cannot be fairly inferred from Sim's allegations because even a defendant's *unreasonable* belief in the truth of the information she provided negates this element. *Keenan v. Robin*, 709 S.W.3d 595, 604 (Tex. 2024). This exception "requires actual knowledge that the information provided is false; constructive knowledge or proof that the defendant should have known the information to be false are insufficient." *Id.* Sim does not allege Cho knowingly made any false statements.

Because Sim has failed to sufficiently and plausibly allege facts showing Cho initiated or procured the prosecution, the claims against her should be dismissed.

### 3. Facts within judicial notice and Sim's own allegations negate procurement.

In addition to the allegations in the complaint, the Court may also rely on matters of public record of which it may take judicial notice. *Hall v. Hodgkins*, 305 Fed. Appx. 224, 227 (5th Cir. 2008). It is a matter of public record that a Harris County grand jury found probable cause to believe Sim sexually assaulted Cho and the other victims and indicted him for it. Ex. 1.

Under the independent-intermediary doctrine applicable to federal constitutional claims based on malicious prosecution or false arrest, "'if facts supporting an arrest are placed before an independent intermediary such as a magistrate or grand jury, the intermediary's decision breaks the chain of causation … insulating the initiating party.'" *Trevino v. Iden*, 79 F.4th 524, 531 (5th Cir. 2023). That is precisely what occurred here—the facts

underlying Sim's prosecution were submitted to the grand jury, which returned an indictment. That broke any chain of causation between Cho's statements to the police and Sim's prosecution.

Additionally, Sim emphatically and at length alleges Cho's statements in her interview with Howton were not convincing and did not supply Howton with probable cause to make an arrest. Dkt. 1, at 20–21. If that is true, then it is implausible Howton, the district attorney, and the grand jury actually acted on her statements. *King v. Graham*, 126 S.W.3d at 76.

### C. SIM FAILS TO PLAUSIBLY ALLEGE SUFFICIENT FACTS NEGATING PROBABLE CAUSE OR ESTABLISHING AN IMPROPER PURPOSE.

In a malicious prosecution case, "[c]ourts must presume that the defendant acted reasonably and had probable cause to initiate criminal proceedings." *Kroger Tex. Ltd. P'ship v. Suberu*, 216 S.W.3d at 793. "To rebut this presumption, the plaintiff must produce evidence that the motives, grounds, beliefs, or other information upon which the defendant acted did not constitute probable cause." *Id.*

"Common-law malicious prosecution requires showing, in part, that a defendant instigated a criminal proceeding with improper purpose *and* without probable cause." *McDonough v. Smith*, 588 U.S. 109, 116 (2019) (emphasis added) (citing REST. 2D (TORTS) § 653). "Both" of these elements "must be proved. Proof of one alone is not sufficient." REST. 2D (TORTS) § 662, cmt. b.

The presumption of probable cause and good faith is even stronger here, where Sim was indicted by a grand jury. *See* REST. 2D (TORTS) § 664(2) ("The indictment of the accused by a grand jury is evidence that the person who initiated the proceedings had probable cause for initiating them."). As explained above, Sim makes no allegation rebutting the presumption Cho acted with probable cause, because he alleges no knowingly false statements by Cho.

Further, Sim fails to plausibly allege any improper motive on the part of Cho. Sim's allegation in this regard is laughable: Cho and the other victims—all grown women—conspired to frame Sim because "Sim was uninterested in having a monogamous relationship." Dkt. 1, at 8.

This allegation is particularly implausible as to Cho where Sim alleges that, less than a week before he claims to have broken off his relationship with Cho, "Cho told Sim that she was dating someone else," Dkt. 1, at ¶83, and that he ended the relationship because "Cho insulted his appearance." ¶92.

Despite this, Sim would have the Court believe, even though Cho was already dating someone else, Cho was so distraught at the end of the relationship she decided more than two years later to participate in a conspiracy to frame Sim. This is an allegation better suited to bad television, not a federal lawsuit.

Sim's allegations of a lack of probable cause and improper purpose are insufficient and implausible, and for this reason as well his claims should be dismissed.

### D. SIM HAS FAILED TO ALLEGE A CONSPIRACY.

"In order to adequately plead a claim for civil conspiracy, a plaintiff must adequately plead the underlying tort." *Homoki v. Conversion Services, Inc.*, 717 F.3d 388, 402 (5th Cir. 2013). As explained above, Sim has failed to adequately plead the only alleged tort underlying the alleged conspiracy among the victims—state-law malicious prosecution.

Moreover, a "plaintiff alleging a conspiracy to commit fraud must 'plead with particularity the conspiracy as well as the over acts … taken in furtherance of the conspiracy.'" *U.S. ex rel Grubbs v. Kanneganti*, 565 F.3d 180, 193 (5th Cir. 2009). Sim has done neither here.

As explained above, Sim has failed to allege with particularity any overt act taken by Cho in furtherance of any conspiracy. Sim has not alleged with particularity that Cho did anything other than answer a detective's questions or that any of her answers were anything other than what she believed to be the truth.

Moreover, Sim has failed to allege Cho's engagement in a conspiracy itself. He alleges only that Cho met two other women online, and makes the conclusory statement that she "developed a plan to make false reports to the police asserting that Sim sexually assaulted them and that there was physical proof of the purported assault on Cho." Dkt. 1, at ¶219, 223. This falls far short of "the 'who , what, when, where, and how' required by Rule 9(b). *Williams v. WMX Techs., Inc.*, 112 F.3d at 179.

Because Sim has failed to sufficiently allege any underlying tort, and because Sim has failed to allege the conspiracy or Cho's overt acts in furtherance of it, Sim's conspiracy claim should be dismissed.

## IV.   MOTION TO STRIKE

"The court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." FED. R. CIV. P. 12(f).

Pages 5 through 18 of the complaint are largely immaterial to Sim's claims and are, frankly, shameful and disgusting. He recounts his sexual relationships with seven different women— each of whom he was later indicted by a Harris County grand jury for sexually assaulting. He brags about how much each of the women allegedly desired a relationship with him.

These allegations serve no legitimate purpose in this case other than to satisfy Sim's narcissism, boast of his sexual conquests, and humiliate his victims all over again.

Cho's interactions with Sim ended more than four years ago. She is now married and is a mother. She should not be required to respond to these salacious allegations in an answer.

Paragraphs 32–96 detailing Sim's interactions with Cho should be struck. Indeed, paragraphs 97 through 213, detailing his interactions with the other women should also be struck.

To the extent Sim feels that any of these matters are essential to his claims, he should be admonished to show appropriate discretion in any repleading.

## V.   PRAYER

For the reasons explained above, Defendant Soon Youn Cho respectfully requests that Plaintiff Eric Sim's claims against her be dismissed for failure to state a claim. Additionally and in the alternative, Cho respectfully requests that paragraphs 32 through 213 of Sim's complaint—or at least paragraphs 32 through 96 involving Cho—be struck.

DATED:     March 26, 2026

Respectfully Submitted,

## HUMPHREY LAW PLLC

*/s/ Brian Humphrey*
**Brian Humphrey**
State Bar No. 24074456
800 Rockmead, Suite 121
Kingwood, Texas 77339
brian@humphreylawpllc.com
Telephone: 713-364-2616
Facsimile: 832-827-3299
***Attorney for Defendant Soon Youn Cho***

# CERTIFICATE OF SERVICE

I hereby certify that this document was served on all attorneys of record by CM/ECF on March 26, 2026.

*/s/ Brian S. Humphrey II*

Brian S. Humphrey II