IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| ERIC SIM, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | |
| | § | CIVIL ACTION NO. 4:26-cv-01563 |
| CITY OF HOUSTON, KATELYN | § | |
| HOWTON, in her individual capacity, | § | |
| KIRSTEN KORYCIAK, in her individual | § | |
| capacity, SOOYOUN CHO, ALEJANDRA | § | |
| ESPITIA, MIA MOREY, and MADELYNN | § | |
| CAMPBELL, | § | |
| | § | |
| Defendants. | § | |

## DEFENDANTS CITY OF HOUSTON AND KATELYN HOWTON'S MOTION TO DISMISS UNDER RULE 12(B)(6), FED. R. CIV. P.

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

Come now Defendants City of Houston and Detective Katelyn Howton and file this Motion to Dismiss the Complaint of Plaintiff, Eric Sim (Doc. #1), pursuant to Fed. Civ. P. Rule 12(b)(6) for failure to state a claim upon which relief may be granted and on qualified immunity grounds, respectfully showing the following in support:

i

# TABLE OF CONTENTS

TABLE OF CONTENTS ........................................................................................................ ii

NATURE AND STAGE OF PROCEEDING ........................................................................ 1

ISSUES PRESENTED ......................................................................................................... 1

STANDARD OF REVIEW .................................................................................................. 1

      12(b)(6) Standard .......................................................................................................... 1

      Qualified Immunity ...................................................................................................... 2

SUMMARY OF THE ARGUMENT ..................................................................................... 3

   I.    Plaintiff fails to plausibly allege a claim against the City under Section 1983. .................... 4

     A.    Plaintiffs plead no actual facts to connect this incident with a City of Houston policymaker. .................................................................................................................. 5

     B.    Plaintiff does not identify a facially unlawful City policy or establish deliberate indifference. ................................................................................................................... 6

     C.    Plaintiff fails to plausibly establish an unconstitutional widespread practice or custom of the City. ................................................................................................................... 7

  II.    Plaintiff fails to plausibly establish a constitutional violation to support a Section 1983 claim. ............................................................................................................................. 10

     A.    Plaintiff's False Arrest and Malicious prosecution claims are barred by the independent intermediary doctrine. ................................................................................................. 11

        Plaintiff fails to demonstrate a knowing or intentional false statement in the warrant affidavit material to probable cause. ............................................................................. 13

        Allegations that further investigation would have proved Plaintiff's innocence are not enough. ...................................................................................................................... 15

        The complaint makes no attempt to overcome the probable cause findings of multiple independent intermediaries for seven separate offenses. ................................................ 16

     B.    Plaintiff fails to state a Fourteenth Amendment deprivation. ......................................... 18

     C.    Plaintiff fails to state a Malicious Prosecution claim ................................................... 19

  III.    Plaintiff cannot overcome Officer Howton's qualified immunity ................................. 19

CONCLUSION AND PRAYER .......................................................................................... 20

CERTIFICATE OF SERVICE ............................................................................................ 21

**NATURE AND STAGE OF PROCEEDING**

Plaintiff brought this action asserting claims under 42 U.S.C. § 1983 for alleged Fourth and Fourteenth Amendment violations against the City of Houston, Katelyn Howton, and various defendants, stemming from his arrest and seven criminal charges brought against him for alleged sexual assault. Doc. #1. Defendants move to dismiss under Rule 12(b)(6) for failure to state a claim. Defendant Howton invokes and moves to dismiss on grounds of qualified immunity.

**ISSUES PRESENTED**

1.  Plaintiff fails to state a plausible 42 U.S.C. § 1983 claim against the City of Houston under Monell.

2.  Plaintiff fails to plausible allege a constitutional violation to support a 42 U.S.C. § 1983 claim.

3.  Plaintiff cannot meet his burden to overcome Defendant Howton's qualified immunity.

**STANDARD OF REVIEW**

**12(b)(6) Standard**

A complaint may be dismissed as a matter of law if it fails to state a claim upon which relief can be granted. To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. Fed. R. Civ. P. 12(b)(6). *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A "plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. 544. "When considering a motion to dismiss, the court accepts as true the well-pled factual allegations in the complaint and construes them in light most favorable to the plaintiff." *Taylor v. Books A Million, Inc.*, 296 F.3d 376, 378 (5th Cir. 2002). However, courts are not bound to accept as true "threadbare recitals of the elements of a cause of action, supported by mere

1

conclusory statement," or legal conclusions couched as factual assertions. *Iqbal*, 556 U.S. at 678.

Dismissal is therefore appropriate if the complaint lacks an allegation regarding a required element necessary to obtain relief. *Apani Southwest, Inc. v. Coca-Cola Enterprises, Inc.*, 300 F.3d 620, 624 (5th Cir. 2001) (quoting *Blackburn v. City of Marshall*, 42 F.3d 925, 931 (5th Cir. 1995)). Conclusory allegations or legal conclusions masquerading as factual conclusions cannot prevent dismissal. *Taylor*, 296 F.3d at 378 (quoting *Fernandez-Montes v. Allied Pilots Ass'n.*, 987 F.2d 278, 284 (5th Cir. 1993)).

In reviewing a motion to dismiss, a district court "must consider the complaint in its entirety, as well as other sources courts ordinarily examine when ruling on Rule 12(b)(6) motions to dismiss, in particular, documents incorporated into the complaint by reference and matters of which a court may take judicial notice."[1]

**Qualified Immunity**

Defendant Howton is protected by qualified immunity. The doctrine of qualified immunity protects government officials from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Pearson v. Callahan*, 555 U.S. 223, 231 (2009). Once a defendant raises qualified immunity, the court evaluates the objective legal reasonableness of the defendant's conduct in light of the viewpoint of a reasonable official in light of the information then available to the defendant and the law that was clearly established at the time of the defendant's actions. *Walker v. Beaumont Indep. Sch. Dist.*, 938 F.3d 724, 740 (5th Cir. 2019); *Ziglar v. Abbasi*, 137 S. Ct. 1843, 1866 (2017).

To overcome a motion to dismiss and qualified immunity, the plaintiff must "plead specific

---

[1] *Funk v. Stryker Corp.*, 631 F.3d 777, 783 (5th Cir. 2011) quoting *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007) (citations omitted); *Lovelace v. Software Spectrum Inc.*, 78 F.3d 1015, 1017-18 (5th Cir. 1996) (citing FED. R. EVID. 201(f)).

facts that both allow the court to draw the reasonable inference that the defendant is liable for the harm he has alleged and defeat a qualified immunity defense with equal specificity." *Hinojosa v. Livingston*, 807 F.3d 657, 664 (5th Cir. 2015). The plaintiff must "speak to the factual particulars of the alleged actions[.]" *Schultea v. Wood*, 47 F.3d 1427, 1432 (5th Cir. 1995). A right is "clearly established" if it is "one that is sufficiently clear that every reasonable official would have understood that what he is doing violates that right." *Mullenix v. Luna*, 577 U.S. 7, 11 (2015). The "inquiry must be undertaken in light of the specific context of the case." *Id.* at 12. The Court may address either step first. *Pearson*, 555 U.S. at 236. "The qualified immunity standard gives ample room for mistaken judgments by protecting all but the plainly incompetent or those who knowingly violate the law." *Brumfield*, 551 F.3d at 326.

### SUMMARY OF THE ARGUMENT

Plaintiff fails to plausibly allege an official policy or widespread custom or practice of the City that was the moving force behind an alleged constitutional violation. Neither the single, dissimilar instance of wrongdoing by a rogue officer in 2019, nor a City deficiency study that concerned the suspension of criminal cases and failure to investigate sexual assaults rather than their mismanagement and a pattern of bringing false sexual assault charges, support a claim under Monell.

The independent intermediary doctrine bars Plaintiff's False Arrest and Malicious prosecution claims. Plaintiff's arrest pursuant to a warrant was lawful as a matter of law. Plaintiff fails to satisfy the narrow *Franks* exception to overcome the arrest warrant and cannot overcome the independent grand jury indictments and probable cause findings for further detention for seven separate felonies involving different alleged victims.

Plaintiff's claim cannot be asserted under the Fourteenth Amendment because it involves pretrial deprivations of liberty that must be analyzed under the Fourth Amendment. Plaintiff fails to plausible state a substantive due process or malicious prosecution claim based on an alleged failure

to inform the district attorney of exculpatory evidence or delay in dismissal of charges that were dismissed subject to refiling, not for any retroactive lack of probable cause.

Plaintiff cannot meet his burden to overcome Defendant Howton's qualified immunity.

I. **<u>Plaintiff fails to plausibly allege a claim against the City under Section 1983.</u>**

To allege a plausible claim under Section 1983 against a municipality, "a plaintiff must show that (1) an official policy (2) promulgated by the municipal policymaker (3) was the moving force behind the violation of a constitutional right." *Peterson v. City of Fort Worth*, 588 F.3d 838, 847 (5th Cir. 2009). There are three ways to establish a municipal policy for Section 1983 liability:

> First, a plaintiff can show written policy statements, ordinances, or regulations. Second, a plaintiff can show a widespread practice that is so common and well-settled as to constitute a custom that fairly represents municipal policy. Third, even a single decision may constitute municipal policy in rare circumstances when the official or entity possessing final policymaking authority for an action performs the specific act that forms the basis of the Section 1983 claim.

*Webb v. Town of Saint Joseph*, 925 F.3d 209, 214-215 (5th Cir. 2019) (quotation marks and citations omitted). Municipalities are not liable "on the theory of respondeat superior" and are "almost never liable for an isolated unconstitutional act on the part of an employee." *Id.* at 692. *See also Peterson v. City of Fort Worth*, 588 F.3d 838, 847 (5th Cir. 2009). When challenged in a 12(b)(6) context, the plaintiff "must do more than describe the incident that gave rise to his injury." *Ratliff v. Aransas Cty., Texas*, 948 F.3d 281, 285 (5th Cir. 2020) (quoting *Peña v. City of Rio Grande City*, 879 F.3d 613, 622 (5th Cir. 2018)). In addition, "[t]he description of a policy or custom and its relationship to the underlying constitutional violation . . . cannot be conclusory; it must contain specific facts." *Spiller v. City of Texas City*, 130 F.3d 162, 167 (5th Cir. 1997).

To establish municipal liability based on an official custom or practice, the plaintiff must plead sufficient facts to infer that there existed "[a] persistent, widespread practice of city officials or employees, which, although not authorized by officially adopted and promulgated policy, is so

common and well settled as to constitute a custom that fairly represents municipal policy." *Hicks-Fields*, 860 F.3d at 808–09. Showing a pervasive pattern is a heavy burden. *Sanchez v. Young County, Tex.*, 956 F.3d 785, 793 (5th Cir. 2020). A pattern of similar prior incidents "requires similarity and specificity; '[p]rior indications cannot simply be for any and all bad or unwise acts, but rather must point to the specific violation in question.'" *Fuentes v. Nueces Cty., Tex.*, 689 F. App'x 775, 778 (5th Cir. 2017) (quoting *Peterson*, 588 F.3d at 851 (alteration in original)). "In addition to similarity and specificity, a pattern must be comprised of 'sufficiently numerous prior incidents' rather than merely isolated instances" in context of the size of the particular City and police department. *See Davidson v. City of Stafford*, 848 F.3d 384, 396–97 (5th Cir. 2017); *Pineda v. City of Hous.*, 291 F.3d 325, 352 (5th Cir. 2002).

**A.     Plaintiffs plead no actual facts to connect this incident with a City of Houston policymaker.**

A "policymaker" must be one who takes the place of the governing body in a designated area of city administration. *Webster v. City of Houston*, 735 F.2d 838, 841 (5th Cir. 1984), on reh'g, 739 F.2d 993 (5th Cir. 1984) (en banc) (per curiam). Although at the motion to dismiss stage, Plaintiff need not identify that particular policymaker by name, Plaintiff must plead facts that show that the defendant or defendants acted pursuant to a specific official policy, which was promulgated or ratified by the legally authorized policymaker. *Groden v. City of Dallas, Tex.*, 826 F.3d 280, 282 (5th Cir. 2016) (emphasis in original). The complete absence of factual allegations tying a City of Houston final policymaker to any policy or custom that was the moving force behind Plaintiff's alleged constitutional violations requires dismissal of his section 1983 claims. *Fuentes v. Nueces Cty., Tex.*, 689 F. App'x 775, 778 (5th Cir. 2017) (quoting *McConney v. City of Houston*, 863 F.2d 1180, 1184 (5th Cir. 1989)); *Peterson v. City of Fort Worth*, 588 F.3d 838, 851 (5th Cir. 2009), *cert. denied*, 562 U.S. 827 (2010).

**B. Plaintiff does not identify a facially unlawful City policy or establish deliberate indifference.**

The complaint references without identifying any unconstitutional "Official Policies" of the City. Doc. #1 at 40 ¶438. "Claims not involving an allegation that the municipal action itself violated federal law, or directed or authorized the deprivation of federal rights, present much more difficult problems of proof." *Bd. of Cnty. Comm'rs of Bryan Cnty. v. Brown*, 520 U.S. 397, 406 (1997). "[A] plaintiff seeking to establish municipal liability on the theory that a facially lawful municipal action has led an employee to violate a plaintiff's rights must demonstrate that the municipal action was taken with 'deliberate indifference' as to its known or obvious consequences." *Id.* at 407 (quoting *Canton v. Harris*, 489 U.S. 378, 388 (1989)).

"Deliberate indifference" is a stringent standard of fault, requiring proof that a municipal actor disregarded a known or obvious consequence of his action, and for an official to act with deliberate indifference, the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference. *Terrell v. Harris County*, __ F.4 __, No. 23-20281, 2024 U.S. App. LEXIS 20839, *6 (5th Cir. July 9, 2024) (citing *Roberts v. City of Shreveport*, 397 F.3d 287, 292 (5th Cir. 2005)). Additionally, deliberate indifference requires a showing of more than negligence or even gross negligence, and to satisfy the deliberate indifference prong, a plaintiff usually must demonstrate a pattern of violations, and that the inadequacy of the training is obvious and obviously likely to result in a constitutional violation. *Winston v. City of Shreveport*, 390 F. App'x 379, 380 (5th Cir. 2010).

Allegations that individual officers did a negligent or reckless investigation, failed to discover exculpatory evidence, relayed witness statements that the Plaintiff believes are incredible or false, or presented only one version of events to an intermediary, do not establish deliberate indifference by the City of its officers, and this is not the  relevant 'indifference' for purposes of a

legal inquiry into municipal liability under section 1983. *Prosper v. Harris County, et al.*, No. 25-20362, ____ at *5-6 (5th Cir. March 27, 2026)(unpublished), citing *Brown*, 520 U.S. at 411. A plaintiff must demonstrate that a **municipal decision** reflects **deliberate indifference to the risk** that a violation of a particular constitutional or statutory right **will follow the decision**." *Bd. of Cnty. Comm'rs of Bryan Cnty. v. Brown*, 520 U.S. 397, 411 (1997) (emphases added). Plaintiff does not lay out what the City is allegedly doing wrong or present the pattern of similar resulting violations that permit an inference of deliberate indifference to the risk of obvious constitutional violations that will result from that municipal decision.[2]

Plaintiff's claims against the City are premised exclusively on the alleged actions of its employees with respect to the criminal investigation and multiple sexual assault charges against the Plaintiff. Doc. #1 at 40-52, ¶¶459-538. Municipalities are not liable "on the theory of respondeat superior" and are "almost never liable for an isolated unconstitutional act on the part of an employee." *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658, 692 (1978)). The facts do not support these leaps and couching these as actions taken by the City "through the police department" or "through" various employees does not change the nature of the allegations. Doc. #1 at ¶¶500-502.

    **C.**    **Plaintiff fails to plausibly establish an unconstitutional widespread practice or custom of the City.**

Because Plaintiff does not identify or allege facts demonstrating an unconstitutional official written policy or rule of the City, to survive a 12(b)(6) motion, he must plead specific facts demonstrating an unconstitutional widespread custom or practice of the City that, although not

---

[2] *See, e.g., Prosper v. Harris County, et al.*, No. 25-20362, at *5-6 (5th Cir. March 27, 2026)(unpublished)citing *Brown*, 520 U.S. at 411 ("Nothing in Prosper's complaint suggests that either the City of Houston or Harris County were deliberately indifferent to the risk that a particular constitutional violation would result from their policy of consulting a prosecutor before effectuating a warrantless arrest.").

authorized by officially adopted and promulgated policy, is so common and well settled as to constitute a custom that fairly represents municipal policy. The Fifth Circuit has previously emphasized that to be pervasive enough to subject the municipality to liability, there must be a significant number of other instances, placed in context of the size of the police department and criminal incidents investigated. *See e.g.*, *Davidson v. City of Stafford*, 848 F.3d 384, 396–97 (5th Cir. 2017) (finding three arrests over three and a half years did not establish a pattern of constitutional violations); *Carnaby v. City of Houston*, 636 F.3d 183, 189–90 (5th Cir. 2011) (holding two reports of violations of a policy in four years in Houston did not amount to pattern); *Peterson v. City of Fort Worth, Tex.*, 588 F.3d 838, 851–52 (5th Cir. 2009) (holding 27 complaints of excessive force over a period of three years in department with more than 1,500 officers did not constitute a pattern); *Pineda v. City of Houston*, 291 F.3d 325, 329 (5th Cir. 2002) (holding eleven incidents cannot support a pattern of illegality in one of the Nation's largest cities and police forces).

Plaintiff claims that:

> "The City of Houston (via the Houston Police Department) engaged in a widespread practices related to the preparation of false probable cause affidavits and effecting illegal arrests by officers in the Houston Police Department that were so common and well-settled as to constitute a custom that fairly represents municipal policy."

Doc. #1 at 48, 50, ¶¶506, 526. However, the complaint is devoid of any instance of a similar violation to support a widespread custom or practice to "support a pattern of illegality in one of the Nation's largest cities and police forces." *Pineda v. City of Hous.*, 291 F.3d 325, 329 (5th Cir. 2002).

Plaintiff identifies a single, dissimilar, criminal act by a single officer who made false statements in a search warrant affidavit in 2019, without either identifying a municipal decision that directly caused it or demonstrating City policymakers were subjectively aware of the particular risk. Doc. #1 at ¶¶440-442. In *Pineda*, eleven incidents spanning over a period of four years were not enough to "support a pattern of illegality in one of the Nation's largest cities and police

forces." *Pineda v. City of Hous.*, 291 F.3d 325, 329 (5th Cir. 2002).

Moreover, attempts to use this 2019 instance to sue the City have consistently failed in the Southern District. *Jeffrey v. City of Houston*, No. 4:23-cv-00069, 2024 WL 1313897 (S. D. Tex. March 27, 2024), dismissed a complaint relying on the 2019 falsified warrant affidavit by Gerald Goines as concerning the conduct of "just one officer in one squad in a department of thousands of officers." *Ybarra v. City of Houston, et al.*, dismissed a complaint against City that relied on the 2019 falsified warrant affidavit by Gerald Goines and false testimony by Goines that allegedly "resulted in the convictions of innocent people from at least 2008 to 2019," noting the "plaintiffs do not allege with any specificity when or how HPD became aware of Goines's actions, and whether any formal reports were made and subsequently ignored by HPD leadership. Nor do they allege the identities of any other HPD officers who may have been involved in Goines's illegal acts." S. D. Tex. Case No. 4:24-cv-00584, Doc. #26 at 13-14 (Memorandum Op. and Order, Jan. 5, 2025). *See also Tuttle, et al., v. City of Houston, et al.*, S. D. Tex. Case 4:21-cv-00270, Doc. 438-1 at 5-13 (Memorandum Op. and Order, March 31, 2025) (dismissing claims against the City stemming from the reference 2019 warrant execution).

Next, the complaint disingenuously relies on a vaguely described "Deficiency Study" to conclude a pattern of false "sexual assault charges" without identifying: (1) the purported municipal decision that was being carried out or the obvious risk of a particular constitutional violation that would result from it, or (2) specific facts about these false sexual charges or their similarity to the alleged violations in this case.

The Deficiency Study allegedly concerned the lack of uniformity in standard operating procedures and classification of investigations in certain divisions of the police department attributed to an outdated Records Management System (RMS) and the alleged inadequate training of ranking

supervisors when transferred to new positions.   Doc. #1 at 41-42 ¶¶447-454.   Based only on these vague allegations, Plaintiff leaps to the conclusion that "*based on the findings in the Deficiency Report, the City of Houston was aware of structural deficiencies within the Houston Police Department that would lead to constitutional violations for at least eight years.*"  *Id.* at ¶451.  No details are provided about these alleged structural deficiencies or how they caused an alleged violation of Plaintiff's constitutional rights.  The complaint alleges that many false sexual assault charges resulted from these deficiencies but identifies none.

Moreover, it is common public knowledge that the Deficiency Report investigated the ***suspension of criminal complaints and cases*** due to lack of personnel, not any structural deficiencies concerning cases that were investigated.[3]   The Deficiency Report concerned the resulting ***failure to investigate sexual assault cases and file criminal charges***, not a pattern of false sexual assault charges.

Finally, Plaintiff repeatedly claims the City was "deliberately indifferent," but does not identify any specific training or supervision failure.  The vague and conclusory allegations of supervision and training failure based on the Deficiency Study fail for the reasons discussed above, and because Plaintiff does not identify a specific and relevant training or supervision failure or sufficiently numerous and specific instances of constitutional violations resulting from that alleged training or supervision deficiency and demonstrating that the official policymaker was aware of it.

## II.     **Plaintiff fails to plausibly establish a constitutional violation to support a Section 1983 claim.**

---

[3] An independent panel and internal investigations found that HPD improperly suspended over 260,000 incident reports, including 4,000+ sexual assaults, since 2016 due to a "lack of personnel" code. This records management failure, largely involving property and assault crimes, was driven by staffing shortages and lack of oversight, with reviews showing many cases had actionable leads.  *See* Mayor Whitmire's HPD panel finds failures in records system led to suspended cases, Lucio Vasquez, Houston Public Media  (May 16, 2024); *see also* Sarah Grunau, Houston Police Department suspended 264,000 cases since 2016 due to 'lack of personnel,' chief says, Houston Public Media (February 27, 2024).

To state a claim under 42 U.S.C.S. § 1983, a plaintiff must demonstrate first, a violation of the U.S. Constitution or of federal law; and second, that the violation was committed by someone acting under color of state law. *O'Dwyer v. Nelson*, 310 F. App'x 741, 742 (5th Cir. 2009). Because there is no underlying constitutional violation, Plaintiff cannot state a section 1983 claim against the City or Howton. *City of Los Angeles v. Heller*, 475 U.S. 796, 799 (1986).

**A.      Plaintiff's False Arrest and Malicious prosecution claims are barred by the independent intermediary doctrine.**

The Fourth Amendment guarantees "[t]he right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures."   U.S. Const. amend. IV. "Where an arrest is made under authority of a properly issued warrant, the arrest is simply ***not*** a false arrest." *Johnson v. Norcross*, 565 F. App'x 287, 289 (5th Cir. 2014) (quoting *Smith v. Gonzales*, 670 F.2d 522, 526 (5th Cir. 1982)) (emphasis added).

"It is well settled that if facts supporting an arrest are placed before an independent intermediary such as a magistrate or grand jury, the intermediary's decision breaks the chain of causation for false arrest, insulating the initiating party." *Deville v. Marcantel,* 567 F.3d 156, 170 (5th Cir. 2009). *See also Taylor v. Gregg*, 36 F.3d 453, 456 (5th Cir. 1994) (overruled on other grounds).   And, so, "a properly secured arrest warrant or grand jury indictment will shield a defendant who has committed or initiated a false arrest." *Wilson v. Stroman,* 33 F.4th 202, 208 (5th Cir. 2023) (citing *Buehler v. City of Austin/Austin Police Dep't,* 824 F.3d 548, 553-54 (5th Cir. 2016)). "This is true even if the independent intermediary's action occurred after the arrest or if the arrestee was never convicted of a crime." *Id.*  This doctrine applies equally to Fourth Amendment violations grounded on theories of malicious prosecution and unreasonable search and seizure. *See Bledsoe v. Willis,* No. 23-30238, 2023 WL 8184814, at *4 (5th Cir. Nov. 27, 2023) (per curiam) (applying the doctrine in the context of malicious prosecution); *see also Crocker v. Garcia,* Civ. A.

No. H-10-4604, 2010 WL 4955401, at *3 (S.D. Tex. Nov. 30, 2010) (applying the doctrine to claims arising from an arrest based on allegedly false charges). This is so even if it is determined the officer acted with malice. *See Hand v. Gary*, 838 F.2d 1420, 1427 (5th Cir. 1988).

Plaintiff's arrest made under authority of a warrant properly issued by a judge was lawful as a matter of law. *Wilson v. Stroman*, 33 F.4th 202, 205 (5th Cir. 2022); *see also Johnson v. Norcross*, 565 F. App'x 287, 289 (5th Cir. 2014). Doc. #1 at ¶462. To avoid dismissal, Plaintiff must first show (1) the affiant, in support of the warrant, includes 'a false statement knowingly and intentionally, or with reckless disregard for the truth' and (2) 'the allegedly false statement is necessary to the finding of probable cause.' *Winfrey v. Rogers*, 901 F.3d 483, 494 (5th Cir. 2018) (quoting *Franks v. Delaware*, 438 U.S. 154, 155-56 (1978)).

This narrow *Franks* exception, "of course, requires more than bare assertions of falsehood." *Terwilliger v. Reyna*, 4 F.4th 270, 283 (5th Cir. 2021). Moreover, the Fifth Circuit has explained that "every statement in a warrant affidavit need not be 'truthful' in an absolute sense," but should instead "be 'truthful' in the sense that the information put forth is believed or appropriately accepted by the affiant as true." *Id.* at 283 n.8 (quoting *Franks*, 438 U.S. at 165). "*Franks* requires [courts] to" either "delete[ ] false statements and material omissions" or "insert the omitted facts," and then "ask whether the reconstructed affidavit would still support a finding of probable cause." *Winfrey*, 901 F.3d at 494-95; *Kohler v. Englade*, 470 F.3d 1104, 1113 (5th Cir. 2006).

Probable cause for a warrant can be found based on hearsay, information from informants, or circumstantial evidence if the affiant believes or appropriately accepts the information as true. *Jordan v. Brumfield*, 687 F. App'x 408, 413 (5th Cir. 2017) (citing *Bennett v. City of Grand Prairi*e, 883 F.2d 400, 405-06 (5th Cir. 1989); *Shadley v. Grimes*, 405 F. App'x 813, 815 (5th Cir. 2010) (per curiam) (stating that an officer had probable cause when "nothing in [the witness's] demeanor,

appearance, or account caused [the officer] to believe or suspect that [the witness] was wrong or lying").

Even if he satisfies the *Franks* exception, Plaintiff's claims are barred by judicial determinations of probable cause and grand jury indictments in seven other cases. The judicially noticeable records reflect seven separate felony sexual assault charges brought against the Plaintiff involving different victims. Probable cause findings were made by a judge either before or after Plaintiff's arrest in each of the seven cases. Grand jury indictments were returned in all seven cases. The charges were ultimately dismissed **subject to refiling** due to insufficient evidence to prove guilt beyond a reasonable doubt at the time. *See* **Exhibit 1** (Docket sheets for all seven cases highlighting arrest warrants and probable cause for further detention findings by various independent intermediaries); **Exhibit 2** (criminal charges or warrant affidavits); **Exhibit 3** (seven indictments); **Exhibit 4** (dismissal of charges subject to refiling due to insufficient evidence to prove guilt beyond a reasonable doubt at this time).

**Plaintiff fails to demonstrate a knowing or intentional false statement in the warrant affidavit material to probable cause.**

Plaintiff's complaint omits the probable cause statements and does not identify any knowing or intentional false statement sworn to by the affiant. Repeatedly claiming that Officer Howton lacked probable cause because she relied on the false statements of two witnesses to obtain an arrest warrant comes nowhere close to satisfying *Franks*. The criminal complaints show that the officer never swore to the truth of another witness's statement; the witness statements were relayed as the witness's statements. Exhibit 2. It is undisputed that the witnesses made the statements the affiant relied upon.

The complaint alleges that multiple women conspired to have Plaintiff falsely charged with multiple sexual assaults but does not actually show that the victims made false reports to police or a

lack of probable cause for any of the charges. Instead, more than 30 pages of the complaint detail:

- that the complaining witnesses had consensually dated and/or engaged in consensual sexual intercourse or intimacy with the Plaintiff either before or after the alleged sexual assault and therefore, Plaintiff believes, could never be alleged victims of rape by him;

- that the complainants liked him, were eager and/or expressed strong romantic interest in the Plaintiff, and he has videos or text messages to prove it, and therefore, Plaintiff believes, could never be alleged victims of rape by him;

- that the Plaintiff had rejected or stopped communicating with one or more of the complainants because he had no interest in them, and has text messages or other evidence to prove it; and therefore, Plaintiff believes, these complainants could never be alleged victims of rape by him,

- that one of the victims told officers she woke up with no memory of the evening of the alleged sexual assault but noticed semen in her vagina and believed she had been drugged and raped; because she had no memory of it, she could never have been raped by the Plaintiff;

- that Plaintiff had many female admirers and a choice of many, many, sexual partners; therefore, these complainants could never be victims of alleged rape by him and he can never reasonably be accused of sexual assault.

- That *after* Plaintiff's arrest, one complaining witness admitted that Plaintiff did not sexual assault her but "falsely" claimed that he had tried to do so; and the complainant's request that Plaintiff wear a condom somehow proves the intercourse was consensual and she could not have been raped by him.

Doc. #1 at 18-35 ¶¶201-386.

These uncertain facts immaterial to the offense of sexual assault neither satisfy *Franks* nor defeat probable cause. A "plaintiff must do more than simply show that the circumstances surrounding the arrest 'were subject to different interpretations' or that the officer represented 'one version of the disputed facts' to the intermediary. Rather, the plaintiff must demonstrate that the intermediary's finding of probable cause was tainted by the officer's 'knowing misstatements or omissions.'" *Anderson v. City of McComb, Miss.*, 539 F. App'x 385, 387 (5th Cir. 2013).

Neither Plaintiff's nor Campbell's opinions about what constituted an offense matter. "As the Fifth Circuit has recognized, if a party "wish[es] to establish the taint exception to the independent intermediary doctrine, they must point to omitted or misrepresented facts, not legal conclusions." *Wilson v. Stroman*, 33 F.4th 202, 213, n.8 (5th Cir. 2022). It matters not whether the warrant issuing judge's legal interpretation of the law may have later proved correct. *Cf. Heien v. North Carolina*, 574 U.S. 54, 57, 61-63 (2014) (holding that "a mistake of law can nonetheless give rise to the reasonable suspicion necessary to uphold the seizure under the Fourth Amendment," and reviewing authority concluding "that reasonable mistakes of law, like those of fact, would justify certificates of probable cause").

Allegations that further investigation would have proved Plaintiff's innocence are not enough. The complaint claims police and prosecutors had "access" to but did not review Plaintiff's electronic devices with purported evidence of his innocence. Once an officer has probable cause to arrest, he may effectuate the arrest and need not investigate further." *Asuelime v. City of Dall. Police Dep't,* Civil Action No. 3:23-CV-1125-X-BT, 2025 U.S. Dist. LEXIS 7687, at *2 (N.D. Tex. 2025) (quotation and citation omitted) (also noting "[t]hat necessarily means that the officer has no obligation to speak to the suspect to get her side of the story."); *see also Danna v. Purgerson,* 760 F.

App'x 275, 279 (5th Cir. 2019) ("based on the evidence available to the defendants at the time of Danna's arrest, they had probable cause (and reasonable cause) to believe she stole $153 from Smith's wallet. The alternative explanations for the missing money do not change that result."). The complaint does not actually describe truly exculpatory evidence or address the elements of the offense under Texas law. Indeed, Plaintiff alleges the devices were tampered with and the supposedly exculpatory evidence does not exist and was not on the electronic devices when returned to the Plaintiff. Claims that are "substantially accurate" or are "merely different interpretations of events on which there was plainly room to disagree" do not taint the resulting probable cause finding. *Buehler v. Dear*, 27 F.4th 969, 991-92 (5th Cir. 2022) (alterations and quotation marks omitted). *See also Anderson v. City of McComb*, 539 F. App'x 385, 387 (5th Cir. 2013) (holding that a police officer "cannot be responsible for representing one version of the disputed facts to" an intermediary).

Finally, Plaintiff's subjective conclusions that the complaining witnesses were incredible, conspired, or were compelled to make statements, do not suffice to question the probable cause determination of the warrant issuing judge, who: "already is equipped to conduct a fairly vigorous inquiry into the accuracy of the factual affidavit supporting a warrant application. He may question the affiant, or summon other persons to give testimony at the warrant proceeding. The incremental gain from a post-[arrest] adversary proceeding, it is said, would not be great." *Franks*, 438 U.S. 154, 165-167.

**The complaint makes no attempt to overcome the probable cause findings of multiple independent intermediaries for seven separate offenses.**

Even assuming *arguendo* that Howton relied on the false statements of two specific witnesses and lacked probable cause for any single crime, there were seven separate charges involving different alleged victims. There were seven indictments and at least five judicial findings of probable cause for further detention that Howton is not alleged to have tainted. There were seven separate felony

16

indictments returned by a grand jury, all after Plaintiff had been charged and was represented by counsel. See Exhibit 1.

"In considering the actions of multiple independent intermediaries, the Court need only consider whether one act was sufficient to break the casual chain and immunize [the defendant]." *Poullard v. Gateway Buick GMC LLC*, 2021 U.S. Dist. LEXIS 177005, at *6 (N.D. Tex. Sept. 17, 2021) (citing *Buehler v. City of Austin/Austin Police Dep't,* No. A-13-CV-1100-ML, 2015 U.S. Dist. LEXIS 20878, at *13 n.5 (W.D. Tex. Feb. 20, 2015) ("In light of the grand jury's independent role in finding probable cause, the Court ... declines to address Defendants' contention that the magistrate's warrants insulate the Officers by breaking the chain of causation. Similarly, the Court declines to address Buehler's contention that the arrest warrants did not insulate the Officers because the Officers lied or omitted material facts in the warrant affidavits."), *aff'd*, 824 F.3d 548 (5th Cir. 2016)).

Plaintiff must show that there was "not even arguably ... probable cause" for his arrest. *Brown v. Lyford*, 243 F.3d 185, 190 (5th Cir. 2001) (internal quotation marks and citation omitted). "This probable cause may be for *any* crime and is not limited to the crime that the officers subjectively considered at the time they perform an arrest." *Davidson v. City of Stafford, Tex.*, 848 F.3d 384, 392 (5th Cir. 2017) (citing *Club Retro, L.L.C v. Hilton*, 568 F.3d 181, 204 (5th Cir. 2009)) (emphasis added).

The complaint is silent regarding the judicial findings of probable cause and grand jury indictments and fails to demonstrate the lack of arguable probable cause for any offense. Plaintiff has not alleged any facts suggesting that the judge's or grand jury's probable cause determinations were tainted by the City or Officer Howton or that material information was withheld. *See John Doe v. City of Houston, et al.*, Case 4:25-cv-00427, Doc. #49 at *6-7 (Memorandum Opinion and Order, March 20, 2026), citing *Casanova v. City of Brookshire*, 119 F. Supp. 2d 639, 654 (S. D. Tex. 2000).

**B.      Plaintiff fails to state a Fourteenth Amendment deprivation.**

Plaintiff's claim cannot be asserted under the Fourteenth Amendment because it involves pretrial deprivations of liberty that must be analyzed under the Fourth Amendment. *Zimmerman v. Cutle*r, 657 F. App'x 340, 341 (5th Cir. 2016).   A person may have a Fourteenth Amendment due process claim based on manufactured evidence if "[1] police intentionally fabricate[d] evidence and successfully g[o]t someone falsely charged ... and [2] the Fourth Amendment is unavailing."[4]  If the alleged manufactured evidence leads only to an arrest and not a trial, the plaintiff must seek recovery under the Fourth Amendment because the Fourth Amendment provides protection for pre-adjudication rights and if "a particular Amendment 'provides an explicit textual source of constitutional protection' against a particular sort of government behavior, 'that Amendment, not the more generalized notion of 'substantive due process,' must be the guide for analyzing th[o]se claims.'" *Albright v. Oliver*, 510 U.S. 266, 273 (1994) (citation omitted).

Plaintiff was not subjected to a trial or convicted; he cannot show that the Fourth Amendment would be unavailing to authorize a duplicative Fourteenth Amendment claim; therefore, his claim is limited to the Fourth Amendment.  *See, e.g.*, *Guillory v. Dalbour*, No. 2:15-cv-02452, 2016 U.S. Dist. LEXIS 133267, at *14 (W.D. La. 2016).

Unsupported allegations that a defendant "fabricated probable cause affidavits" is not the same as a fabrication of evidence. The complaint specifies that false reports to police were made by private actors, not fabricated by the police, and charges were brought by the District Attorney. Plaintiff does not allege any intentional ***fabrication of evidence*** to secure false charges and cannot disguise a *Franks* claim as an intentional framing.

---

[4] *Cole v. Carson*, 802 F.3d 752, 773 (5th Cir. 2015).  The fabrication must be intentional and must be done by an official. *See Id.* at 767.

**C. Plaintiff fails to state a Malicious Prosecution claim**

To state a Fourth Amendment malicious prosecution claim, in addition to the threshold element of an unlawful Fourth Amendment seizure, Plaintiff must allege facts demonstrating (1) the commencement or continuance of an original criminal proceeding; (2) its legal causation by the present defendant against plaintiff who was defendant in the original proceeding; (3) its bona fide termination in favor of the present plaintiff; (4) the absence of probable cause for such proceeding; (5) malice; and (6) damages. *Armstrong v. Ashley*, 60 F.4th 262, 280 (5th Cir. 2023); *Thompson v. Clark*, 142 S. Ct. 1332, 1337 (2022).

This claim fails for the same reasons as Plaintiff's false arrest claims. Moreover, Plaintiff admits that charges were brought and continued by the District Attorney's Office, not the City or Howton.

An alleged failure by the City or its officers to inform the District Attorney's office about the "existence of the exonerating evidence contained on Sim's electronic devices prior to" four of the seven sexual assault charges, after Sim was arrested, does not present any actionable claim. This is effectively a *Brady* claim in disguise. The Fifth Circuit has stated, "*Brady* is not a discovery rule, but a rule of fairness and minimum prosecutorial obligation." *United States v. Beasley*, 576 F.2d 626, 630 (5th Cir.1978) (citing *United States v. Agurs*, 427 U.S. 97, 107 (1976)). Therefore, *Brady* "is not a pretrial remedy." *See United States v. Garrett*, 238 F.3d 293, 303 (5th Cir.2000) (Fish, J., concurring) (quoting *United States v. Scott*, 524 F.2d 465, 467 (5th Cir.1975)). There is no constitutional right to prompt, early, on-demand, or pre-trial disclosure of *Brady* evidence whatsoever. Neither the City nor its officers had a duty to discover and inform the District Attorney of evidence Plaintiff claims was contained on devices they allegedly had access to.

## III. Plaintiff cannot overcome Officer Howton's Qualified Immunity.

The Supreme Court has repeatedly reemphasized that waiver of qualified immunity requires

the violation of a clearly established statutory or constitutional right of which a reasonable person would have concretely known. *City of Tahlequah v. Bond,* 595 U.S. 9 (2021), *Rivas-Villegas v. Contesluna*, 595 U.S. 1 (2021). "[F]or a right to be clearly established, existing precedent must have placed the statutory or constitutional question beyond debate." *Id.* at 5. An implied right is not enough; it must be explicitly explained and have similar enough facts that officers would be able to understand that the facts were identical. *Bond*, 595 U.S. at 11.

The law sets a very low bar for probable cause and even lower bar for *arguable* probable cause which justifies qualified immunity. *Perry v. Mendoza*, 83 F.4th 313, 315 (5th Cir. 2023). To succeed on his claims, Plaintiff must show that there was "not even arguably ... probable cause" for his arrest. *Brown v. Lyford*, 243 F.3d 185, 190 (5th Cir. 2001) (internal quotation marks and citation omitted). "This probable cause may be for *any* crime and is not limited to the crime that the officers subjectively considered at the time they perform an arrest." *Davidson v. City of Stafford, Tex.*, 848 F.3d 384, 392 (5th Cir. 2017) (citing *Club Retro, L.L.C v. Hilton*, 568 F.3d 181, 204 (5th Cir. 2009)) (emphasis added).

Plaintiff fails to establish Defendant Howton's' personal involvement in the violation of a clearly established right and cannot identify existing precedent that placed the specific constitutional issue concretely beyond debate. *McAllister v. Desoto Cty.*, 470 F. App'x 313, 314 (5th Cir. 2012).

## CONCLUSION AND PRAYER

Defendants City of Houston and Katelyn Howton respectfully pray that the Honorable Court grant this motion and dismiss all the Plaintiff's claims against them with prejudice and grant all other relief to which the Defendants may be justly entitled.

Respectfully submitted,

**ARTURO G. MICHEL**
**City Attorney**

CHRISTY MARTIN
Chief, Torts/Civil Rights Section

By:  */s/ Melissa Azadeh*
MELISSA AZADEH
Senior Assistant City Attorney
*Attorney in Charge*
TBN 24064851; FBN 1090186
Tel. (832) 393-6270
Melissa.Azadeh@houstontx.gov
City of Houston Legal Department
P.O. Box 368
Houston, Texas 77001-0368
**ATTORNEYS FOR DEFENDANTS CITY OF
HOUSTON AND KAETLYN HOWTON**

## CERTIFICATE OF SERVICE

I hereby certify that on this 31st day of March 2026, a true and correct copy of the foregoing document, and any attachments, were delivered to all opposing counsel(s) by electronic filing of same in accordance with the District's ECF service rules, and alternatively via e-mail and/or facsimile transmission.

*/s/ Melissa Azadeh*
Melissa Azadeh