IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

ERIC SIM,
    *Plaintiff.*

v.

CITY OF HOUSTON, KATELYN
HOWTON, KIRSTEN KORYCIAK,
SOO YOUN CHO, ALEJANDRA
ESPITIA, MIA MOREY, AND
MADELYNN CAMPBELL,
    *Defendant.*

Civil Action No. 4:26-cv-01563

# SOO YOUN CHO'S COUNTERCLAIM

Defendant Soo Youn Cho files this counterclaim against Plaintiff Eric Sim.

## I.    PARTIES

1.    Defendant and counterclaimant Soo Youn Cho is an individual resident of Harris County, Texas.

2.    Plaintiff and counterdefendant Eric Sim is an individual resident of Harris County, Texas.

## II.    JURISDICTION AND VENUE

3.    This Court has personal jurisdiction over Sim because he is a citizen of Texas and because he has subjected himself to this Court's jurisdiction by filing this suit.

4.    This Court has supplemental jurisdiction under 28 U.S.C. § 1367(a) because Cho's counterclaims share a factual nexus with Sim's claims, including his federal claims.

1

## III.  FACTS

5.    In 2021, Sim forced Cho to have sexual intercourse with him without her consent on more than one occasion.

6.    At the time this occurred, Cho was under doctor's orders to refrain from sexual activity because she was recovering from a surgical procedure

7.    As part of this conduct, Sim tied up and physically restrained Cho.

8.    Also in 2021, Sim surreptitiously recorded explicit video footage of sexual intercourse between himself and Cho without her knowledge or consent and kept the footage.

9.    On information and belief, Sim has disclosed this footage to others.

## IV.  CAUSES OF ACTION

### A. ASSAULT AND BATTERY

10.    Sim intentionally, knowingly, or recklessly caused harmful and offensive contact, including sexual contact, with Cho without her consent.

11.    This contact caused both physical and emotional injury to Cho.

12.    Sim acted maliciously.

13.    Sim is, accordingly, liable to Cho for actual damages, including both for bodily injury and mental anguish, and exemplary damages.

14.    Because Sim's conduct constituted sexual assault under TEX. PEN. CODE § 22.011, there is no statutory limitation on exemplary daamges. TEX. CIV. PRAC. & REM. CODE § 41.008.

### B. FALSE IMPRISONMENT

15.    Sim willfully detained Cho without her consent and without legal authority or justification.

2

16.    Sim acted maliciously.

17.    Sim is, accordingly, liable to Cho for actual damages, including mental anguish.

### C. INVASION OF PRIVACY

18.    Sim intentionally invaded Cho's privacy by secretly and without her consent recording her in sexual intercourse.

19.    Cho suffered injury to her privacy rights and mental anguish as a result.

20.    Sim acted fraudulently and maliciously.

21.    Sim is liable to Cho for actual and exemplary damages.

### D. INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

22.    Sim's intentional and reckless conduct in assaulting Cho, restraining her, and recording her was extreme and outrageous.

23.    Cho suffered severe emotional distress as a result.

24.    Sim acted maliciously.

25.    Sim is liable to Cho for actual and exemplary damages.

### E. UNLAWFUL DISCLOSURE OF INTIMATE VISUAL MATERIALS (15 U.S.C. § 6851(B); TEX. CIV. PRAC. & REM. CODE § 98B.002)

26.    Sim recorded intimate videos and photos of Cho without her consent.

27.    On information and belief, Sim disclosed these to others.

28.    Cho suffered injury to her privacy rights and mental anguish as a result.

29.    Sim acted maliciously.

30.    Sim's disclosure, which utilized his smartphone and cloud storage, occurred in interstate commerce.

31.    Sim is liable to Cho for actual damages, attorney's fees.

32.    Additionally or alternatively, Sim is liable to Cho for liquidated damages of $150,000 under 15 U.S.C. § 6851(b)(3)(A)(i).

33.    Additionally, Sim is liable for attorney's fees under 15 U.S.C. § 6851(b)(3)(A)(i) and TEX. CIV. PRAC. & REM. CODE § 98B.003(a)(3).

## V.    DAMAGES

34.    Sim is liable to Cho for actual damages, including, but not limited, for:

   a. Physical pain.

   b. Mental anguish.

   c. Injury to privacy rights.

   d. Injury to reputation.

   e. Injury to freedom of movement.

35.    Additionally, Sim is liable to Cho for exemplary damages. Those damages are unlimited because he engaged in conduct constituting sexual assault under TEX. PEN. CODE § 22.011. TEX. CIV. PRAC. & REM. CODE § 41.008.

36.    Additionally, Sim is liable for exemplary damages for his malicious and fraudulent conduct, as well as under TEX. CIV. PRAC. & REM. CODE § 98B.003(b).

37.    Additionally, Sim is liable for $150,000 in liquidated damages under 15 U.S.C. § 6851(b)(3)(A)(i).

38.    Additionally, Sim is liable for attorney's fees under 15 U.S.C. § 6851(b)(3)(A)(i) and TEX. CIV. PRAC. & REM. CODE § 98B.003(a)(3).

## VI.    ANTICIPATORY REBUTTAL TO STATUTE OF LIMITATIONS

39.    To the extent any cause of action asserted in this counterclaim was barred by limitations, it has been revived under TEX. CIV. PRAC. &

REM. CODE § 16.069 because it arises out of the same transaction or occurrence that is the basis of Sim's suit and this counterclaim is filed on or before the 30th day after the date on which Cho's answer was required.

## VII.  REQUEST FOR RELIEF

40.    For the reasons explained above, Defendant Soo Youn Cho respectfully requests judgment against Plaintiff Eric Sim for actual damages, exemplary damages, statutory damages, and attorney's fees.

DATED:    April 27, 2026

Respectfully Submitted,

## HUMPHREY LAW PLLC

/s/ Brian Humphrey
**Brian Humphrey**
State Bar No. 24074456
800 Rockmead, Suite 121
Kingwood, Texas 77339
brian@humphreylawpllc.com
Telephone: 713-364-2616
Facsimile: 832-827-3299
*Attorney for Defendant Soo Youn Cho*

## CERTIFICATE OF SERVICE

I hereby certify that this document was served on all attorneys of record by CM/ECF on April 27, 2026.

/s/ Brian S. Humphrey II

Brian S. Humphrey II

5