**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | |
|---|---|
| **ERIC SIM,** | |
| **Plaintiff,** | |
| **v.** | Civil Action No.: 4:26-cv-01563 |
| **CITY OF HOUSTON, KATELYN HOWTON, in her individual capacity, KIRSTEN KORYCIAK, in her individual capacity, SOOYOUN CHO, ALEJANDRA ESPITIA, MIA MOREY, and MADELYNN CAMPBELL,** | |
| **Defendants.** | |

**PLAINTIFF/COUNTER-DEFENDANT ERIC SIM'S MOTION
TO DISMISS SOO YOUN CHO'S COUNTERCLAIM**

## I.     INTRODUCTION

In just five short paragraphs spanning one sentence each, Defendant Soo Youn Cho asserts serious allegations against Plaintiff Eric Sim in her counterclaim filed on April 27, 2026. Cho's counterclaim was filed more than two months after Sim's Complaint and five years after Cho alleges the interaction(s) at issue took place. Cho's threadbare recitals of what allegedly took place "in 2021" with Sim cannot satisfy Rule 8. Nor can they be cured by amendment. The absence of basic facts in Cho's counterclaim confirms that the claim rests on insinuation and conclusions rather than a plausible factual basis.

Cho pleads five factual paragraphs. She alleges, in general terms, that "[i]n 2021" Sim forced her to have sexual intercourse "on more than one occasion," that he tied her up and restrained her, that he secretly recorded explicit footage, and that, "[o]n information and belief," he disclosed the footage "to others." ECF No. 31 ¶¶ 5-9. She then asserts claims for assault and

1

battery, false imprisonment, invasion of privacy, intentional infliction of emotional distress, and unlawful disclosure of intimate visual materials. *Id.* ¶¶ 10-33.

The problem is not that Cho has failed to prove her allegations. She need not do so at this stage. The problem is that she has not pleaded facts making any claim plausible. She does not allege when the alleged incidents occurred, where they occurred, how many incidents occurred, what Sim allegedly said or did, what force or threat was used, how long any alleged restraint lasted, how the alleged restraint was separate from the alleged sexual contact, what footage allegedly was disclosed, when it was disclosed, to whom it was disclosed, how it was disclosed, whether it revealed Cho's identity, or what facts show an intent to harm.

Those omissions are not technical pleading defects. They go to the core of every claim Cho asserts. Cho waited years to bring these allegations and filed her counterclaim only after Sim sued her. If Cho had facts supporting these serious accusations, they should have appeared in the counterclaim. Their absence confirms that the counterclaim rests on labels, conclusions, and insinuation rather than pleaded facts. Because amendment would be futile, the counterclaim should be dismissed with prejudice.

## II.    Legal Standard

Rule 8 requires "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). To survive Rule 12(b)(6), a pleading must contain enough factual matter to state a claim that is "plausible on its face." *Eckhardt v. Qualitest Pharm., Inc.,* 751 F.3d 674, 677 (5th Cir. 2014) (citing *Bell At. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is plausible only when the pleaded facts allow the Court to draw a reasonable inference that the defendant is liable for the misconduct alleged. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

The Court accepts well-pleaded facts as true, but it need not accept legal conclusions. *Id.* "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* Nor does a formulaic recitation of the elements. *Twombly*, 550 U.S. at 555. If the pleading fails to allege facts supporting a required element, dismissal is appropriate. See *Rios v. City of Del Rio*, 444 F.3d 417, 421 (5th Cir. 2006).

### III.     Argument

#### A.  Cho's assault-and-battery claim is pleaded in conclusory terms.

Texas civil assault and battery claims look to the Texas Penal Code's assault definition. *See Waffle House, Inc. v. Williams*, 313 S.W.3d 796, 801 n.4 (Tex. 2010); *City of Watauga v. Gordon*, 434 S.W.3d 586, 589-90 (Tex. 2014). A plaintiff must plead facts showing that the defendant intentionally, knowingly, or recklessly caused bodily injury; intentionally or knowingly threatened imminent bodily injury; or intentionally or knowingly caused physical contact when the defendant knew or reasonably should have believed the plaintiff would regard the contact as offensive or provocative. *See* Tex. Penal Code § 22.01(a).

Cho's assault-and-battery count does little more than recite that standard. She alleges that Sim "intentionally, knowingly, or recklessly caused harmful and offensive contact, including sexual contact, with Cho without her consent." ECF No. 31 ¶ 10. But the counterclaim does not allege the factual basis for that conclusion.

Cho alleges only that, "[i]n 2021," Sim "forced Cho to have sexual intercourse with him without her consent on more than one occasion." *Id*. ¶ 5. She does not identify the dates, locations, number of alleged incidents, specific conduct, statements, threats, force, or circumstances that made each alleged encounter forced or nonconsensual. She also does not explain whether the

3

alleged restraint occurred during one alleged encounter, all alleged encounters, or some other event. *Id*. ¶ 7.

Rule 8 does not require Cho to plead evidence. But it requires more than the conclusion that Sim "forced" nonconsensual intercourse "on more than one occasion." Without factual content explaining what allegedly occurred, Sim cannot fairly respond to the claim, and the Court cannot determine whether the pleaded facts plausibly state assault or battery.

The assault-and-battery claim should be dismissed with prejudice.

**B.  Cho's false-imprisonment claim merely recites the elements.**

Texas false imprisonment requires: "(1) willful detention; (2) without consent; and (3) without authority of law." *Sears, Roebuck & Co. v. Castillo*, 693 S.W.2d 374, 375 (Tex. 1985).

Cho's false-imprisonment claim is a bare legal conclusion. She alleges: "Sim willfully detained Cho without her consent and without legal authority or justification." ECF No. 31 ¶ 15. That is a formulaic recitation of the elements.

Cho's factual section does not cure the defect. It alleges that "Sim tied up and physically restrained Cho." *Id*. ¶ 7. But it does not allege when that happened, where it happened, how long it lasted, whether Cho was confined to a bounded area, whether she was prevented from leaving, whether the alleged detention was separate from the alleged sexual contact, or what facts show lack of consent and lack of legal authority.

False imprisonment is not pleaded by simply using the word "detained." Because Cho pleads no facts showing a willful detention, the false-imprisonment claim should be dismissed with prejudice.

**C. Cho's invasion-of-privacy claim fails under each privacy theory Texas recognizes.**

Texas does not recognize a generic, free-floating claim for "invasion of privacy." Rather, "Texas recognizes three separate types of invasion of privacy: (1) intrusion upon seclusion or solitude or into one's private affairs; (2) public disclosure of embarrassing private facts; and (3) wrongful appropriation of one's name or likeness." *Doggett v. Travis L. Firm, P.C.*, 555 S.W.3d 127, 130 (Tex. App.—Houston [1st Dist.] 2018, pet. denied) (citing *Cain v. Hearst Corp.*, 878 S.W.2d 577, 578 (Tex. 1994)). Texas has expressly declined to recognize false-light invasion of privacy. *Cain*, 878 S.W.2d at 578.

Cho does not identify which recognized privacy tort she is asserting. But that omission does not save the claim. Her invasion-of-privacy claim fails under all three privacy theories Texas recognizes.

First, Cho fails to plead intrusion upon seclusion. To establish intrusion upon seclusion, Cho must plead facts showing "(1) an intentional intrusion, physically or otherwise, upon another's solitude, seclusion, or private affairs or concerns, which (2) would be highly offensive to a reasonable person." *Moore v. Bushman*, 559 S.W.3d 645, 649 (Tex. App.—Houston [14th Dist.] 2018, no pet.); *Valenzuela v. Aquino*, 853 S.W.2d 512, 513 (Tex. 1993). Cho alleges only that Sim "intentionally invaded Cho's privacy by secretly and without her consent recording her in sexual intercourse." ECF No. 31 ¶ 18. She does not allege where the recording occurred, when it occurred, what device was used, how Sim allegedly concealed the recording, what facts show that the recording was made without her knowledge or consent, what facts show that the alleged recording intruded upon her solitude, seclusion, or private affairs, or why the alleged intrusion would be highly offensive to a reasonable person. Those omissions defeat any intrusion-upon-seclusion theory.

Second, Cho fails to plead public disclosure of embarrassing private facts. Public disclosure of embarrassing private facts has three elements: "(1) publicity was given to matters concerning one's personal life, (2) publication would be highly offensive to a reasonable person of ordinary sensibilities, and (3) the matter publicized is not of legitimate public concern." *Star-Telegram, Inc. v. Doe*, 915 S.W.2d 471, 474 (Tex. 1995) (citation omitted). Cho's invasion-of-privacy count is based on alleged recording, not publication. ECF No. 31 ¶ 18. And even if the Court considers Cho's separate allegation that Sim disclosed footage "to others," ECF No. 31 ¶ 9, that allegation does not plead "publicity." Cho does not allege disclosure to the public at large or to so many people that the matter was substantially certain to become public. Disclosure to unidentified "others" is not enough.

Third, Cho fails to plead appropriation of name or likeness. A misappropriation theory requires allegations that "(1) the defendant appropriated the plaintiff's name or likeness for the value associated with it; (2) the plaintiff can be identified from the publication; and (3) there was some advantage or benefit to the defendant." *Doggett*, 555 S.W.3d at 130 (citation omitted). Cho pleads none of those elements. She does not allege that Sim used her name, likeness, identity, or image for commercial advantage or any other cognizable benefit. Her allegations concern alleged recording and alleged disclosure, not appropriation.

Finally, to the extent Cho intended to assert false light, that theory is unavailable as a matter of law. Texas does not recognize false-light invasion of privacy. *Cain*, 878 S.W.2d at 578.

Because Cho's invasion-of-privacy claim fails under each theory Texas recognizes, and because Texas does not recognize false light, the claim should be dismissed with prejudice.

**D. Cho's intentional-infliction claim is barred because it duplicates her other tort theories.**

Cho alleges that Sim's "intentional and reckless conduct in assaulting Cho, restraining her, and recording her was extreme and outrageous." ECF No. 31 ¶ 22. That is the same conduct underlying her assault-and-battery, false-imprisonment, invasion-of-privacy, and statutory intimate-visual-materials claims.

Under Texas law, intentional infliction of emotional distress is a "gap-filler" tort. *Hoffmann-La Roche Inc. v. Zeltwanger*, 144 S.W.3d 438, 447 (Tex. 2004). It is not available when the gravamen of the complaint is covered by another recognized tort. *Id.* A plaintiff cannot maintain an IIED claim simply by recasting the same facts supporting other tort claims as "extreme and outrageous." *Id.*

That is what Cho has done. Her IIED claim does not identify any independent conduct. It is based entirely on the alleged assault, restraint, and recording. ECF No. 31 ¶ 22. Because those allegations are covered, if at all, by other recognized causes of action, the IIED claim should be dismissed with prejudice.

**E. Cho fails to plead a plausible claim for unlawful disclosure of intimate visual materials.**

Cho combines two statutory theories in one count: 15 U.S.C. § 6851 and Texas Civil Practice and Remedies Code § 98B.002. ECF No. 31 ¶¶ 26-33. But she does not plead facts satisfying either statute.

**1. Cho does not plead the elements of Texas Civil Practice and Remedies Code § 98B.002.**

Section 98B.002 imposes liability only if the defendant disclosed intimate visual material without effective consent and with intent to harm; the material was obtained or created under

circumstances giving rise to a reasonable expectation of privacy; the disclosure caused harm; and the disclosure revealed the depicted person's identity. Tex. Civ. Prac. & Rem. Code § 98B.002(a).

Cho pleads none of the elements of Section 98B.002  with supporting facts. She alleges that Sim recorded intimate videos and photos without her consent. ECF No. 31 ¶ 26. But § 98B.002 concerns disclosure, not merely recording. Cho's disclosure allegation is only this: "On information and belief, Sim disclosed these to others." Id. ¶ 27.

That allegation does not identify what was disclosed, when it was disclosed, to whom it was disclosed, how it was disclosed, whether Cho's identity was revealed, or what facts show that Sim acted with intent to harm. Nor does the counterclaim plead facts showing that the alleged disclosure, as opposed to the alleged recording, caused the harm claimed.

Cho's bare allegation that Sim acted "maliciously" does not substitute for the statute's required facts. *Id.* ¶ 29. And the allegation that Sim used "his smartphone and cloud storage" does not plead the Texas statute's distinct elements. *Id.* ¶ 30.

The § 98B.002 claim should be dismissed with prejudice.

### 2.  Cho does not plead a plausible claim under 15 U.S.C. § 6851.

Cho's federal claim is similarly deficient. Section 6851 allows an individual to bring a civil action when that individual's "intimate visual depiction is disclosed, in or affecting interstate or foreign commerce or using any means or facility of interstate or foreign commerce," without consent and with the required culpable mental state. 15 U.S.C. § 6851(b)(1)(A). But the statute does not impose liability for merely creating or possessing intimate material. It applies only when an intimate visual depiction is "disclose[d]," meaning "transfer[red], publish[ed], distribute[d], or ma[de] accessible" across state lines. 15 U.S.C. § 6851(a)(4).

Cho does not plead facts showing any statutory disclosure. She alleges only, "[o]n information and belief," that Sim "disclosed these to others." ECF No. 31 ¶ 27. That conclusory allegation does not identify what was allegedly disclosed, when it was disclosed, to whom it was disclosed, how it was disclosed, or whether anything was transferred, published, distributed, or made accessible. She does not allege that Sim sent a file, uploaded a file, texted a file, emailed a file, posted a file, showed a file to another person, gave anyone access to cloud storage, or otherwise made any intimate visual depiction accessible to anyone else. Without factual allegations showing a "disclosure" as the statute defines that term, Cho has not pleaded a plausible § 6851 claim.

Cho also fails to plead that the alleged material depicted an identifiable individual within the meaning of the statute. Section 6851 defines a "depicted individual" as an individual whose body appears in whole or in part in an intimate visual depiction and who is identifiable from the person's face, likeness, or other distinguishing characteristic, or from information displayed in connection with the depiction. 15 U.S.C. § 6851(a)(3). Cho alleges only that Sim recorded "intimate videos and photos" and disclosed "these" to unidentified "others." ECF No. 31 ¶¶ 26-27. She does not allege what the supposed materials showed, whether her face or likeness appeared, whether any distinguishing characteristic appeared, or whether any information displayed with the materials identified her. The counterclaim therefore does not plead facts showing that the alleged materials were intimate visual depictions of a statutorily identifiable person.

Nor does Cho plead facts showing that any alleged disclosure falls outside the statute's exceptions. Section 6851 does not authorize a claim for certain good-faith disclosures, including disclosures to law enforcement, disclosures made as part of a legal proceeding, disclosures made for medical purposes, or disclosures made while reporting or investigating unlawful content. 15

U.S.C. § 6851(b)(4). Because Cho does not identify the recipient, timing, manner, or context of any alleged disclosure, Sim and the Court are left to guess whether the alleged "disclosure" refers to a private publication, a report to law enforcement, a production in a legal proceeding, an investigative use, or something else entirely. Rule 8 does not permit a plaintiff to invoke § 6851 merely by alleging, on information and belief, that materials were disclosed "to others" while omitting the facts necessary to determine whether the statute applies at all.

Cho's § 6851 claim also fails because she does not allege when the supposed disclosure occurred. Section 6851 does not apply retroactively to disclosures before its October 1, 2022 effective date. *See Doe v. Stevenson*, No. 1:24-CV-02778, 2025 WL 1165660, at *2 (N.D. Ill. Apr. 3, 2025) ("[T]he Violence Against Women Act Reauthorization Act expressly states that, excepting certain specifically identified provisions—of which § 6851 is not one—the provisions of the Act do not take effect until October 1, 2022. Congress plainly knew how to make § 6851 retroactive, but declined to do so."). Cho alleges that the alleged recording occurred in 2021, but she alleges only "on information and belief" that Sim later disclosed unidentified materials to unidentified "others." ECF No. 31 ¶¶ 8-9, 27. Without a factual allegation that a disclosure occurred on or after October 1, 2022, Cho has not pleaded a plausible claim under § 6851.

For all of these reasons, Cho's § 6851 claim should be dismissed with prejudice.

### F. Cho's fraud-based and exemplary-damages allegations should be dismissed or struck.

Cho repeatedly alleges that Sim acted maliciously. ECF No. 31 ¶¶ 12, 16, 20, 24, 29. She also alleges that he acted "fraudulently." *Id.* ¶ 20. And she seeks exemplary damages for "malicious and fraudulent conduct." *Id.* ¶ 36.

To the extent Cho seeks exemplary damages based on fraud, Rule 9(b) applies. Fraud must be pleaded with particularity. Fed. R. Civ. P. 9(b). Cho does not identify any fraudulent statement,

omission, concealment, speaker, time, place, reliance, or causal connection. She simply uses the word "fraudulently." ECF No. 31 ¶ 20. That is not enough.

Cho's malice allegations also are conclusory. Although malice may be alleged generally, the pleading still must contain facts making the allegation plausible. Cho pleads no facts supporting malice beyond the same conclusory allegations underlying her claims.

The Court should dismiss or strike Cho's fraud-based exemplary-damages allegations with prejudice.

## IV. Conclusion

Cho's counterclaim rests on serious allegations, but it does not plead the facts necessary to make any claim plausible under Rule 8. The counterclaim does not identify the most basic information needed to support any of the five causes of action she has asserted, namely, when the alleged events occurred, where they occurred, how many incidents occurred, what conduct constituted force or restraint, what material was allegedly disclosed, when it was disclosed, to whom it was disclosed, how it was disclosed, whether Cho was identifiable from any alleged depiction, or what facts support malice, fraud, or an intent to harm. Those omissions prevent Sim from fairly responding and prevent the Court from determining whether Cho has pleaded viable claims.

These omissions are not curable pleading technicalities. They show that Cho lacks the facts necessary to support the claims she has asserted. Because amendment would be futile, Sim respectfully requests that the Court grant this motion and dismiss Cho's counterclaim with prejudice. Sim further requests that the Court dismiss or strike Cho's fraud-based and conclusory exemplary-damages allegations with prejudice.

Sim also requests all other relief to which he is justly entitled.

11

Respectfully submitted,

**OFFIT KURMAN, P.A.**

*/s/ Kimberly C. Lau*
Kimberly C. Lau, attorney-in-charge
   (*Pro Hac Vice*)
   kimberly.lau@offitkurman.com
James E. Figliozzi
   (*Pro Hac Vice*)
   james.figliozzi@offitkurman.com
590 Madison Avenue, 6th Floor
New York, New York 10022
Tel: (212) 545-1900
Fax: (212) 545-1656


-and-



**NELSON S. EBAUGH, P.C.**

/s/ *Nelson S. Ebaugh*
Nelson S. Ebaugh
   Texas Bar No. 24007139
   SDTX No. 24270
3730 Kirby Drive, Suite 1200
Houston, TX 77098
Tel: (713) 752-0700
Fax: (713) 739-0500
nebaugh@ebaughlaw.com

12

**CERTIFICATE OF SERVICE**

I hereby certify that, on May 15, 2026, a true and correct copy of the foregoing was served on all counsel of record through the Court's CM/ECF system.

I further certify that, on May 15, 2026, a true and correct copy of the foregoing was served by first-class United States mail, postage prepaid, on the following pro se defendants at their last known addresses:

Mia Morey
1738 Pecan Lane
Stafford, Texas 77477

Alejandra Espitia
2345 Bering Dr, Apt 451
Houston, TX 77057

I further certify that a courtesy copy was sent by electronic mail to Defendant Mia Morey at miafemorey@gmail.com and to Defendant Alejandra Espitia at alejandra.ipromua@gmail.com.

/s/ Nelson S. Ebaugh
Nelson S. Ebaugh
4927-3222-0588, v. 1