UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| ERIC SIM,<br><br>       **Plaintiff,**<br><br>v.<br><br>CITY OF HOUSTON, KATELYN HOWTON, in her individual capacity, KIRSTEN KORYCIAK, in her individual capacity, SOOYOUN CHO, ALEJANDRA ESPITIA, MIA MOREY, and MADELYNN CAMPBELL,<br><br>       **Defendants.** | Civil Action No.: 4:26-cv-01563 |

**PLAINTIFF ERIC SIM'S RESPONSE IN OPPOSITION TO
DEFENDANT SOO YOUN CHO'S MOTION TO DISMISS AND TO STRIKE**

Plaintiff Eric Sim files this Response in Opposition to Defendant Soo Youn Cho's Motion to Dismiss and to Strike and respectfully shows as follows:

**I.     INTRODUCTION**

Sim alleges that Cho helped set in motion a malicious prosecution by making false accusations about a consensual relationship after that relationship ended in a way she did not want. The Complaint does not rest on labels or conclusions. It alleges a lengthy consensual dating and sexual relationship between Sim and Cho, Cho's continued romantic communications with Sim after the encounter she later described as assault, Cho's participation in a coordinated effort to secure criminal charges against Sim, and Cho's later false statements to law enforcement. Compl. ¶¶ 34–96, 214–228, 230–252, 544–560.

Cho's motion largely ignores those allegations. She asks the Court to apply Rule 9(b) to a claim that does not sound in fraud, treat later prosecutorial and grand-jury actions as categorically

breaking the causal chain, and draw inferences in her favor rather than Sim's. But at this stage, the Complaint's well-pleaded allegations must be accepted as true. Those allegations plausibly show that Cho knowingly supplied false information that helped procure Sim's prosecution, that she lacked probable cause, that she acted with malice, and that she participated in a conspiracy to bring about that prosecution.

Cho's motion to strike fares no better. The allegations she seeks to remove are not immaterial or scandalous within the meaning of Rule 12(f). They explain why Cho knew her accusations were false, why she had a motive to make them, and how her conduct fit within the broader effort to obtain criminal charges against Sim. Because those allegations are directly related to Sim's claims, and because motions to strike are disfavored, the challenged allegations should remain.

Cho's Motion to Dismiss and to Strike should be denied.

## II.     BACKGROUND

This Background assumes the truth of the Complaint's allegations, as required at the Rule 12(b)(6) stage. Sim met Cho online in June 2021 while Cho was in South Korea. Before they met in person, Cho sent Sim romantic messages, told him that she loved him, expressed sexual interest in him, and sent him photographs of herself in revealing attire. Compl. ¶¶ 34–42. After Cho returned to the United States, she and Sim met in person on August 6, 2021, and began a consensual dating relationship. *Id.* ¶¶ 43–50.

During that relationship, Cho and Sim repeatedly engaged in consensual sexual intercourse. *Id.* ¶¶ 51–67, 79–86. Cho thanked Sim for their encounters, told him she loved him, attended his hockey games, invited him to ballet performances, cooked for him, gave him rides to the airport, and continued sending romantic and flirtatious messages. *Id.* ¶¶ 53–62, 76–81, 87–90. On February

2

16, 2022, after telling Sim that she was dating someone else, Cho went to Sim's home and engaged in consensual sexual intercourse that was photographed and video recorded with her consent. *Id*. ¶¶ 82–86. The photographs allegedly show Cho actively posing and smiling, and the video allegedly shows her as a vocal, active, and willing participant. *Id*. ¶¶ 85–86.

The relationship deteriorated shortly thereafter. After Cho insulted Sim's appearance, Sim stopped responding to her messages and ended the relationship. *Id*. ¶¶ 91–96. Cho then sent a series of one-sided messages in an attempt to preserve or rekindle the relationship. *Id*. ¶¶ 93–96. The Complaint alleges that Cho later joined a group effort with Campbell, Espitia, and Morey to secure false criminal charges against Sim. *Id*. ¶¶ 214–228. As part of that effort, Campbell added Cho to a group chat, Campbell and Cho discussed their experiences dating Sim, and they developed a plan to make false reports to police asserting that Sim sexually assaulted them and that physical proof existed regarding Cho. *Id*. ¶¶ 215–220.

On February 28, 2024, Detective Howton interviewed Cho. *Id*. ¶ 229. Cho stated at the outset that she could not speak English well, but Howton proceeded without a translator. *Id*. ¶¶ 230–231. Cho also stated that she had joined a group chat with other women who had dated Sim and that the group chat was the impetus for speaking with police. *Id*. ¶¶ 232–233. During the interview, Cho repeatedly stated that she did not remember, or used qualifiers such as "maybe," "I guess," "I think," or "I believe," when asked about important details. *Id*. ¶¶ 234–238. Nevertheless, Cho falsely told Howton that Sim sexually assaulted her, that she resisted, and that he recorded the encounter without her consent. *Id*. ¶¶ 239–240.

The Complaint alleges that Cho's false statements helped set the prosecution in motion. Howton used Cho's accusations to prepare a probable-cause affidavit, even though the affidavit included an unquestionably false date and ignored Cho's inability to remember or commit to

critical details. *Id.* ¶¶ 275–285. An invalid arrest warrant was issued based on Howton's untrue affidavits, and Sim was arrested on February 29, 2024. *Id.* ¶¶ 290–291. After the arrest, police seized Sim's electronic devices, which allegedly contained proof that Cho and others were lying, but the exculpatory evidence was not disclosed to prosecutors before charges were filed. *Id.* ¶¶ 364–383. The prosecution ultimately terminated in Sim's favor when all charges were dismissed on February 25, 2025. *Id.* ¶ 556.

## III. LEGAL STANDARD

A Rule 12(b)(6) motion to dismiss is "viewed with disfavor and is rarely granted," *Turner v. Pleasant*, 663 F.3d 770, 775 (5th Cir. 2011) (citation omitted), because a plaintiff need only plead "enough facts to state a claim to relief that is plausible on its face," *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007) (citation omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Austin v. City of Pasadena*, 74 F.4th 312, 321 (5th Cir. 2023) (citation omitted). In considering a motion to dismiss, courts accept "all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff." *Katrina Canal*, 495 F.3d at 205 (citations omitted).

## IV. ARGUMENT

### A. Response to Motion to Dismiss

#### 1. Cho's attack on the procurement element fails because the complaint plausibly alleges that her false accusations helped procure the prosecution.

Cho argues that Sim has not adequately pleaded the procurement element of malicious prosecution. *See* Cho's Motion, pp. 3-9. First, she contends that Sim must plead procurement with the heightened particularity demanded by Rule 9(b). *See* Cho's Motion, pp. 3-5. Second, she argues that the Complaint fails under ordinary Rule 12(b)(6) standards because it does not sufficiently

4

and plausibly allege that Cho procured the prosecution. *See* Cho's Motion, pp. 5-8. Third, she asserts that facts subject to judicial notice, together with Sim's own allegations, defeat procurement altogether. *See* Cho's Motion, pp. 8-9. Each argument fails because it either applies the wrong pleading rule, ignores what the Complaint alleges, or asks the Court to draw inferences in Cho's favor at the motion-to-dismiss stage.

To begin, Rule 9(b) does not apply here. Rule 9(b) applies when a claim sounds in fraud, and the Fifth Circuit has framed the inquiry that way. *See Pace v. Cirrus Design Corp.*, 93 F.4th 879, 889 (5th Cir. 2024) ("Rule 9(b)'s heightened pleading requirements apply when a plaintiff's misrepresentation claim sounds in fraud." (cleaned up)).

Sim's malicious prosecution claim against Cho does not sound in fraud. He does not allege that Cho made statements to deceive him, that he relied on them, or that his claim depends on any fraud-type theory of inducement or reliance. Instead, he alleges that Cho knowingly made false accusations to police to procure criminal charges against him. That distinction matters. In a similar case involving a malicious prosecution claim and multiple § 1983 claims, the district court declined to apply Rule 9(b), reasoning that the claims did not sound in fraud because the alleged false statements were made to third parties rather than the plaintiffs, who did not and could not allege reliance on them. *See Del Col v. Rice*, No. 11-CV-5138 (MKB), 2013 WL 4052867, at *8 (E.D.N.Y. Aug. 12, 2013). The same reasoning applies here. Sim alleges a malicious-prosecution claim, not a fraud claim, and Cho identifies no authority holding that the procurement element of malicious prosecution must be pleaded under Rule 9(b).

Even under ordinary Rule 8 standards, moreover, Sim has pleaded procurement more than adequately. The Supreme Court has rejected judge-made heightened pleading requirements beyond those contained in the Rules. *See Leatherman v. Tarrant Cnty. Narcotics Intel. &*

5

*Coordination Unit*, 507 U.S. 163, 168–69 (1993) (rejecting a heightened pleading standard more demanding than Rule 8(a) for § 1983 municipal-liability claims and noting that Rule 9(b) applies only to the actions it specifically enumerates). And the Complaint here supplies ample detail. It alleges that Campbell added Cho to a group chat whose purpose was to secure false criminal charges against Sim; that Cho discussed her experience with Campbell and others; that Cho agreed to a plan to make false reports to police; that Cho then gave false statements to Detective Howton on February 28, 2024; and that those statements were used to prepare false probable-cause affidavits and to help set the prosecution in motion. Compl. ¶¶ 214–252, 275–291, 544–547. That is not vague or conclusory. It identifies the actor, time frame, mechanism, alleged false statements, and their causal role.

Cho's causation argument fares no better. Texas law does not insulate a complainant merely because a prosecutor or grand jury later became involved. To the contrary, a person may still be said to have procured a prosecution when she knowingly provides false information that causes it. *See King v. Graham*, 126 S.W.3d 75, 76–78 (Tex. 2003) (holding that a person may procure a prosecution by knowingly supplying false information, notwithstanding the later exercise of prosecutorial or grand-jury discretion); *see also Kjellvander v. Citicorp*, 156 F.R.D. 138, 144 (S.D. Tex. 1994) ("a private citizen may be held liable for malicious prosecution when he relays information known to him to be false and the official's decision to commence the prosecution was based upon this false information" (citing *Browning-Ferris Indus., Inc. v. Lieck*, 881 S.W.2d 288, 293–94 (Tex. 1994)).

The same basic causation principle appears in the Fifth Circuit's independent-intermediary cases. Although *Trevino* addressed officer liability under § 1983, it reinforces that later prosecutorial or grand-jury action does not automatically break causation where the charging

process is plausibly alleged to have been infected by knowing falsehoods or material omissions. *See Trevino v. Iden*, 79 F.4th 524, 532–35 (5th Cir. 2023). Most importantly, *Trevino* explains that at "the motion-to-dismiss stage, mere allegations of taint may be adequate where the complaint alleges other facts supporting the inference." *Id.* at 532 (cleaned up). That reasoning is instructive here. Sim alleges not only that Cho knowingly made false accusations, but also that those accusations were used in false probable-cause affidavits and that exculpatory digital evidence was withheld from prosecutors even though police possessed it. Compl. ¶¶ 275–291, 365–367, 381– 410. Accepting those allegations as true, the Complaint plausibly alleges that Cho's knowing falsehoods were a but-for cause of the prosecution notwithstanding the later involvement of prosecutors or the grand jury.

Finally, Cho is wrong that judicially noticeable facts and Sim's own allegations negate procurement. That argument depends on treating later prosecutorial and grand-jury actions as dispositive while ignoring the Complaint's central allegation that those later actions were themselves infected by Cho's false accusations and the police's false affidavits and omissions. At this stage, the Court must accept Sim's factual allegations as true and draw reasonable inferences in his favor, not Cho's. *Marks v. Hudson*, 933 F.3d 481, 485 (5th Cir. 2019) (on a motion to dismiss, accepting the complaint's well-pleaded facts as true and drawing all reasonable inferences in the plaintiff's favor (citation omitted)). Accepting those allegations as true, the Complaint plausibly alleges that Cho's knowing falsehoods were a but-for and proximate cause of the prosecution. That is enough.

**2. The Complaint plausibly alleges lack of probable cause and malice.**

Cho argues that Sim fails to plausibly allege the absence of probable cause or an improper purpose. *See* Cho's Motion, pp. 9-10. But that argument ignores both the governing standard and the Complaint's detailed factual allegations.

"The probable cause element asks whether a reasonable person would believe that a crime had been committed given the facts as the complainant honestly and reasonably believed them to be before the criminal proceedings were instituted." *Kroger Texas Ltd. P'ship v. Suberu*, 216 S.W.3d 788, 793 (Tex. 2006) (cleaned up). Although *Kroger* explains that a plaintiff must ultimately "produce evidence" rebutting the presumption of probable cause, that is a summary-judgment or trial burden—not a pleading requirement. *Id*. At the pleading stage, Sim need only allege facts that, if true, would show that the motives, grounds, beliefs, or other information upon which Cho acted did not constitute probable cause—and he has done so.

Sim plausibly alleges the absence of probable cause because he alleges that Cho knew her accusation was false. The Complaint details a consensual relationship between Sim and Cho, including repeated consensual encounters before and after the incident she later reported as sexual assault. Compl. ¶¶ 34–96. It further alleges that Cho nevertheless falsely told police that she resisted and did not consent, and that Cho knew those statements were false. Compl. ¶¶ 239–240, 544–547. Taking those allegations as true, Cho could not have honestly and reasonably believed that Sim committed the offense she reported. This is not a case where Sim merely alleges his innocence; he alleges that Cho knew her accusation was false when she made it. At this stage, that is enough. *See Marks v. Hudson*, 933 F.3d 481, 485 (5th Cir. 2019) (on a motion to dismiss, accepting the complaint's well-pleaded facts as true and drawing all reasonable inferences in the plaintiff's favor).

Sim also plausibly alleges improper purpose. The Complaint alleges that Cho became upset when Sim declined an exclusive relationship, joined a group effort to secure false criminal charges against him, and then acted on that plan by making accusations she knew were false. Compl. ¶¶ 5–10, 214–228, 544–560. Those allegations readily support a plausible inference of malice, including that Cho acted with an improper retaliatory motive. *See Hayter v. City of Mount Vernon*, 154 F.3d 269, 275 (5th Cir. 1998) ("Under Texas law, malice may be inferred from the lack of probable cause or from a finding that the defendant acted in reckless disregard of the other person's rights.").

### 3. The Complaint plausibly alleges civil conspiracy.

Cho contends that Sim fails to plausibly allege that she participated in a conspiracy. *See* Cho's Motion, pp. 10-11. But that argument applies the wrong pleading standard, the wrong legal framework, and ignores the Complaint's detailed factual allegations.

To the extent Cho suggests that conspiracy must be pleaded with particularity, that argument fails for the same reasons discussed above. Rule 9(b) applies only when a claim sounds in fraud, and Sim's claims do not. *Leatherman*, 507 U.S. at 168–69.

Turning to the legal framework, the elements of civil conspiracy are: "(1) two or more persons; (2) an object to be accomplished; (3) a meeting of minds on the object or course of action; (4) one or more unlawful, overt acts; and (5) damages as the proximate result." *Massey v. Armco Steel Co.*, 652 S.W.2d 932, 934 (Tex. 1983) (citing 15A C.J.S. Conspiracy § 1(2) (1967)). Cho appears to challenge only the fourth element, but even that argument misstates the law. Sim need not allege that Cho herself committed an unlawful act; it is enough that any member of the conspiracy did so in furtherance of the agreement. *See Carroll v. Timmers Chevrolet, Inc.*, 592 S.W.2d 922, 925–26 (Tex. 1979). Indeed, Texas law recognizes that conspiracy liability extends

beyond the active wrongdoer to those who "planned, assisted, or encouraged" the wrongful conduct. *Id.* (quoting W. Prosser, Handbook of the Law of Torts § 46, at 293 (1971)).

The Complaint easily meets this standard. It alleges that Campbell created a group chat to secure false criminal charges against Sim; that Cho joined that group, discussed her experience, and agreed to a plan to make false reports; and that members of the group—including Cho—acted on that plan by providing false information to law enforcement. These allegations identify the participants, the shared objective, and overt acts in furtherance of the conspiracy.

At the Rule 12 stage, the Court must accept those allegations as true and draw reasonable inferences in Sim's favor, not Cho's. *See Marks v. Hudson*, 933 F.3d 481, 485 (5th Cir. 2019). Accepting those allegations as true, Sim has plausibly alleged that Cho participated in a coordinated conspiracy to falsely accuse him and procure the prosecution.

## B. Response to Motion to Strike

### 1. Legal Standards

Motions to strike under Federal Rule of Civil Procedure 12(f) face a stringent standard requiring the moving party to demonstrate both that the challenged material has no possible relation to the controversy and that its presence will cause prejudicial harm. *Randall v. Bay Ins. Risk Retention Grp., Inc.,* No. CV 20-430-JWD-SDJ, 2021 WL 674017, at *2 (M.D. La. Feb. 22, 2021) (cleaned up). This dual requirement creates what courts have characterized as a "heavy burden" and a "high bar." *Id.* (cleaned up). The prejudice element ensures that motions to strike are not granted merely because allegations offend the sensibilities of the objecting party. *See Gilchrist v. Schlumberger Tech. Corp.*, 321 F.R.D. 300, 302 (W.D. Tex. 2017).

The Fifth Circuit treats motions to strike as disfavored remedies that should be granted sparingly. *See Kaiser Aluminum & Chem. Sales, Inc. v. Avondale Shipyards, Inc.*, 677 F.2d 1045,

1057 (5th Cir. 1982) ("motions to strike a defense are generally disfavored"). "Any doubt about whether the challenged material is redundant, immaterial, impertinent, or scandalous should be resolved in favor of the non-moving party." *Guidry v. Louisiana Lightning, LLC*, No. CV 15-6714, 2016 WL 3127256, at *6 (E.D. La. June 3, 2016) (citing 5C Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1382 (3d ed. 2004)).

Under these legal standards, Cho's motion to strike fails.

### 2. Discussion

In her motion to strike, Cho claims that pages 5 through 18 of the complaint are largely immaterial to Sim's claims and scandalous; thus, she should not be required to respond to them. *See* Cho's Motion, pp. 11-12. But the allegations in the complaint are material to Sim's claims because they supply the necessary factual context for Sim's malicious-prosecution and conspiracy claims, including Cho's motive, her knowledge of falsity, and her participation in a coordinated effort to procure criminal charges against him. Because Cho has not demonstrated that the challenged material has no possible relation to the controversy, her motion to strike should be denied on this basis alone.

Nor has Cho shown that the challenged allegations are scandalous within the meaning of Rule 12(f). Even if the complaint offends the sensibilities of Cho or her counsel, that is not enough. Allegations are not scandalous when they are directly relevant to the claims at issue. *See, e.g., United States v. Coney*, 689 F.3d 365, 379–80 (5th Cir. 2012) (explaining that although the disputed pleadings might offend the sensibilities of the defendant and her attorneys, they were not scandalous because they were directly relevant to the controversy and minimally supported in the record).

For these reasons, this Court should deny Cho's motion to strike.

## V.    CONCLUSION

As set forth above, Cho's Motion to Dismiss and to Strike is simply meritless and based upon a misunderstanding of the applicable law. Cho's Motion must be denied and she should be required to answer the Plaintiff's allegations raised against her.

WHEREFORE, Plaintiff requests that the Court deny Cho's Motion to Dismiss and to Strike, and grant Plaintiff such other relief to which he may be entitled.

Respectfully submitted,

**OFFIT KURMAN, P.A.**

*/s/ Kimberly C. Lau*
Kimberly C. Lau, attorney-in-charge
   (*Pro Hac Vice*)
   kimberly.lau@offitkurman.com
James E. Figliozzi
   (*Pro Hac Vice*)
   james.figliozzi@offitkurman.com
590 Madison Avenue, 6th Floor
New York, New York 10022
Tel: (212) 545-1900
Fax: (212) 545-1656

-and-

**NELSON S. EBAUGH, P.C.**

/s/ *Nelson S. Ebaugh*
Nelson S. Ebaugh
   Texas Bar No. 24007139
   SDTX No. 24270
3730 Kirby Drive, Suite 1200
Houston, TX 77098
Tel: (713) 752-0700
Fax: (713) 739-0500
nebaugh@ebaughlaw.com

**CERTIFICATE OF SERVICE**

I hereby certify that, on May 18, 2026, a true and correct copy of the foregoing was served on all counsel of record through the Court's CM/ECF system.

I further certify that, on May 18, 2026, a true and correct copy of the foregoing was served by first-class United States mail, postage prepaid, on the following pro se defendants at their last known addresses:

Mia Morey
1738 Pecan Lane
Stafford, Texas 77477

Alejandra Espitia
2345 Bering Dr, Apt 451
Houston, TX 77057

I further certify that a courtesy copy was sent by electronic mail to Defendant Mia Morey at miafemorey@gmail.com and to Defendant Alejandra Espitia at alejandra.ipromua@gmail.com.

/s/ Nelson S. Ebaugh
Nelson S. Ebaugh