IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| ERIC SIM, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | |
| | § | CIVIL ACTION NO. 4:26-cv-01563 |
| CITY OF HOUSTON, KATELYN | § | |
| HOWTON, in her individual capacity, | § | |
| KIRSTEN KORYCIAK, in her individual | § | |
| capacity, SOOYOUN CHO, ALEJANDRA | § | |
| ESPITIA, MIA MOREY, and MADELYNN | § | |
| CAMPBELL, | § | |
| | § | |
| Defendants. | § | |

**DEFENDANTS' PARTIALLY UNOPPOSED MOTION TO ABATE THE SCHEDULING
ORDER AND STAY DISCOVERY, DISCLOSURES, AND ENTRY OF AN AMENDED
SCHEDULING ORDER**

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

Defendants City of Houston, Officers Katelyn Howton and Kirsten Kassieas (named as

Kirsten Koryciak) (referred to collectively as "City Defendants"), joined by Defendants Sooyoun

Cho, Alejandra Espitia, Mia Morey, and Madelyn Campbell, file this Joint Motion to abate the

Scheduling Order and stay discovery, disclosures, and the entry of an amended scheduling order

pending the Court's consideration of the City Defendants' motions to dismiss Plaintiff's complaint

pursuant to Rule 12, Fed. R. Civ. P., invoking qualified and absolute immunity of Defendant-

Officers Howton and Kassieas (Docs. #19 and #32), as well as the motions to dismiss by Plaintiff

and all other Defendants, respectfully showing the following:

**NATURE AND STAGE OF PROCEEDING**

Plaintiff brought this action against the City of Houston, two officers, and several private

individuals, asserting claims under 42 U.S.C. § 1983 for alleged Fourth and Fourteenth

Amendment violations stemming from his arrest pursuant to a warrant and seven criminal charges of sexual assault brought against him by the Harris County District Attorney for which he was indicted by a grand jury (Doc. #1).

Defendant-Officers Howton and Kassieas have invoked qualified and absolute immunity (Docs. #19 and #32). Motions to dismiss under Rule 12(b)(6) have been filed by Defendants City of Houston and Officer Howton (Doc. #19), Officer Kassieas (Doc. #32), Madelynn Campbell (Doc. #16), and Sooyoun Cho (Doc. #17), who also asserts a counterclaim against Plaintiff (Doc. #31). Plaintiff has filed a motion to dismiss Defendant Cho's counterclaim (Doc. #45).

A scheduling order was entered including, in part, the following deadlines:

| | |
|---|---|
| 11/19/2026 | Pleadings amendments and addition of new parties. |
| 05/19/2027 | Plaintiff's Experts. |
| 06/21/2027 | Defendants' Experts. |
| 08/19/2027 | Discovery. |
| 10/04/2027 | Motions Deadline. |
| 12/30/2027 | Joint Pretrial Order. |
| 01/28/2028 | Docket Call. |
| 01/31/2028 | Trial. |

(Doc. #52.)

The parties conferred and Plaintiff agreed to a stay of initial disclosures and discovery as to the City Defendants until 30 days after the Court rules on the City Defendants' motions to dismiss, qualified immunity and/or absolute immunity, or, in the event of an interlocutory appeal, within 30 days after mandate issues, whichever is later (Doc. #43 at ¶9). Plaintiff opposes a complete stay of discovery, or a stay of depositions as to all parties, however. *Id.*

2

All Defendants join in this motion seeking abatement of the Scheduling Order and a stay of discovery, disclosures, and the entry of an amended scheduling order, pending resolution of all motions to dismiss and immunity issues.

**ARGUMENT AND AUTHORITIES**

**A.    Discovery should be stayed pending the Court's consideration of qualified and absolute immunity.**

While a motion to dismiss based on qualified immunity is pending, a plaintiff "is not entitled to discovery, cabined or otherwise." *Ashcroft v. Iqbal*, 556 U.S. 662, 685-86 (2009) (recognizing "serious and legitimate reasons" for the basic thrust of qualified immunity—to free government officials from the concerns of litigation, including disruptive discovery, and noting that permitting discovery to proceed as to other defendants would prejudice defendants who have asserted qualified immunity); *Siegert v. Gilley*, 500 U.S. 226, 232 (1991) (quoting *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982), for the proposition that discovery should not be allowed until the threshold question of qualified immunity is resolved); *Morris v. Cross*, 476 F. App'x 783, 785 (5th Cir. 2012) ("Because the defendants raised qualified immunity, [plaintiff] was not entitled to proceed with discovery."); *Hinojosa v. Johnson*, 277 Fed. App'x 370, 374 (5th Cir. 2008) ("The qualified immunity doctrine 'affords government officials not just immunity from liability, but immunity from suit,' including the burdens of discovery.") (quoting *Vander Zee v. Reno*, 73 F.3d 1365, 1368 (5th Cir. 1996)); *Thayer v. Adams*, 364 Fed. App'x. 883, 891-892 (5th Cir. 2010) ("a defendant who invokes qualified immunity 'is entitled to dismissal before the commencement of discovery' if the plaintiff's assertions fail to 'state a claim of violation of clearly established law.'") (citations omitted); *see also Chavis v. Borden*, 621 Fed. App'x 283, 289-90 (5th Cir. 2015) ("even limited discovery on the issue of qualified immunity must not proceed until the district court ***first*** finds that the plaintiff's pleadings assert facts which, if true, would overcome the defense of

qualified immunity") (emphasis in original, citation omitted).  The immunity defense should be resolved at the earliest stages.  *Schultea v. Wood,* 47 F.3d 1427, 1430 (5th Cir.1995).

Consistent with Supreme Court decisions, the Fifth Circuit has clarified that a district court must rule on a defendant's qualified immunity assertion raised by a motion to dismiss ***before*** proceeding with discovery or requiring the defendant to file an answer.  *Carswell v. Camp*, 54 F.4th 307 (5th Cir. 2022).

In *Carswell v. Camp* the Fifth Circuit held that the district court abused its discretion by entering a standard scheduling order and requiring the defendants to assert their qualified immunity defenses by way of an answer to the plaintiff's allegations.  The Court emphasized:

> Thus, *Iqbal* squarely prohibits interpreting our "careful procedure" as allowing tailored discovery before a district court rules on an official's motion to dismiss.  When defendants assert qualified immunity in a motion to dismiss, the district court may not defer ruling on that assertion. It may not permit discovery—"cabined or otherwise"—against immunity-asserting defendants before it has determined plaintiffs have pleaded facts sufficient to overcome the defense.  *Ibid.*  The rule is that "a defendant's entitlement to qualified immunity should be determined at the earliest possible stage of the litigation"—full stop.  *Ramirez*, 3 F.4th at 133 (citing *Mitchell*, 472 U.S. at 526-27).

*Carswell*, 54 F.4th at 312.  Overruling prior decisions permitting limited or "narrowly tailored" discovery pursuant to a "careful procedure," the Fifth Circuit now has made clear "the rule admits of no exceptions."0F[1]

In short, *Carswell* held that the benefits of qualified immunity, which include not having to file an answer or engage in pretrial discovery,1F[2] must be preserved while qualified immunity is adjudicated at the earliest possible opportunity:

---

[1] *Id.* (discussing *Ashcroft v. Iqbal*, 556 U.S. 662, 665 (2009) ("And the Court made a point of emphasizing that its 'rejection of the careful-case-management approach is especially important in suits where Government-official defendants are entitled to assert the defense of qualified immunity.' *Id.* at 685.  It concluded the respondent was 'not entitled to discovery, cabined or otherwise.' *Id.* at 686.")).

[2] "Qualified immunity means more than just immunity from liability.  It includes immunity from the burdens of defending a suit and the burdens of pretrial discovery." *Wicks v. Miss. State Emp't Servs.*, 41 F.3d at 993.

All this gives short shrift to the requirement that qualified immunity must be adjudicated at the earliest possible opportunity. *See Ramirez*, 3 F.4th at 133. "Unless the plaintiff's allegations state a claim of violation of clearly established law, a defendant pleading qualified immunity is entitled to dismissal ***before the commencement of discovery.***" *Mitchell*, 472 U.S. at 526 (emphasis added). The Supreme Court has repeatedly made clear that "the driving force" behind qualified immunity is "a desire to ensure that insubstantial claims against government officials will be resolved prior to discovery," and it has "stressed the importance of resolving immunity questions at ***the earliest possible stage*** in litigation." *Pearson*, 555 U.S. at 231-32 (emphasis added).

*Carswell, 54 F.4th at 312-313 (emphases in original) (citing Ramirez v. Guadarram*a, 3 F.4th 129, 133 (5th Cir. 2021) (per curiam), *Mitchell v. Forsyt*h, 472 U.S. 511, 526-27 (1985), *Pearson v. Callahan*, 555 U.S. 223, 237 (2009)).

**B.       The prohibition extends to discovery regarding related claims against a municipality.**

Moreover, the Court extended its rulings to discovery regarding related claims against a ***municipality*** that is not entitled to the qualified immunity defense, such as the City of Houston in this case. *Id.* at 313. In so doing, the Court emphasized that the Supreme Court has ruled out "even minimally intrusive discovery" against official defendants before ruling that plaintiff had met her burden to overcome the qualified immunity defense at the pleading stage. *Id.* (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 685-86 (2009).

*Carswell* rejected arguments for permitting *Monell* discovery to proceed while purportedly staying discovery as to defendants entitled to qualified immunity, emphasizing that proceeding with *Monell* discovery on related claims effectively allowed discovery against the individual defendants and denied them the benefits of immunity by subjecting them to depositions and discovery while complicating their ability to participate and defend themselves. Allowing discovery against the municipal defendant would subject the individual defendant to additional undue burdens of litigation and potentially require them to sit for a deposition twice in the same case. Finally, the Court emphasized the complications and undue costs to all the defendants

associated with bifurcating discovery or trial or having separate scheduling orders in these cases.

Carswell next defends the scheduling order because it stayed discovery *as to qualified immunity*. Specifically, the court stayed "all party discovery . . . as to any defendant who asserts qualified immunity," but not "as to a defendant asserting qualified immunity as to that person's capacity as a witness to the extent that there is any other defendant not asserting qualified immunity." So the district court would have allowed Carswell to proceed with discovery on her *Monell* claim, including by noticing depositions for all eight of the individual defendants asserting qualified immunity.

*Iqbal* squarely forecloses that, too. Responding to concerns about the burdens litigation imposes on public officials, the Court explained:

> It is no answer to these concerns to say that discovery for petitioners can be deferred while pretrial proceedings continue for other defendants. It is quite likely that, when discovery as to the other parties proceeds, it would prove necessary for petitioners and their counsel to participate in the process to ensure the case does not develop in a misleading or slanted way that causes prejudice to their position. Even if petitioners are not yet themselves subject to discovery orders, then, they would not be free from the burdens of discovery.

*Iqbal*, 556 U.S. at 685-86. In other words, the Court ruled out even "minimally intrusive discovery" against official defendants before a ruling that plaintiff had met his burden to overcome the qualified immunity defense at the pleading stage. *Id.* at 686.

Carswell responds that "*Monell* discovery presents no undue burden to the Individual Defendants because they would be required to participate as witnesses in discovery even if they had not been named as defendants." Red Br. at 30. We disagree for three reasons.

First, there are significant differences between naming an individual defendant and then deposing him in two capacities (one personal and the other *Monell*/official) and not suing the individual and deposing him only in his *Monell*/official capacity. The former puts the individual's own money on the line. And the dual-capacity defendant must be particularly careful in a deposition about how his answers can be used against him in not one but two ways. So the stakes differ substantially. Carswell cannot elide these differences by saying the defendant would have to testify either way.

Second, it's no answer to say the defendant can be deposed twice—once on *Monell* issues (before the district court adjudicates the immunity defense) and once on personal-capacity issues (afterwards). It only exacerbates the burdens of litigation to make a defendant sit for two depositions instead of one. And it

turns qualified immunity on its head by doubling the "heavy costs" of litigation. *Iqbal*, 556 U.S. at 685.

Third, Carswell conceded at oral argument that bifurcation of discovery would radically complicate the case. Carswell suggested that a special master could be appointed to police the *Monell*/official-capacity depositions so that no party could cross the line into personal-capacity questions before the district court adjudicated the immunity defense. But the very fact that Carswell can foresee the need for a special master proves that bifurcated discovery imposes unreasonable burdens on the defendants.

*Carswell,* 54 F.4th at 313-14 (emphases original).

Here, allowing discovery against the City effectively subjects the individual Defendants-Officers to discovery, depositions, and potentially trial, all of which deprive them of the benefits of immunity. Requiring separate schedules or duplicative discovery and depositions imposes an undue burden on both the City and the individual defendant, the Court, and dramatically increases the costs of defense for public officials, and results in waste of taxpayer resources as the City of Houston is a local governmental entity. A bifurcated trial or scheduling order would complicate and increase the costs of litigation drastically, especially if any interlocutory appeals of immunity are involved.

**C.      A complete stay is necessary to preserve immunity and avoid unreasonable burdens and costs of litigation on all parties.**

Although a blanket stay is by no means automatic, in this case, proceeding with discovery against any of the defendants will necessarily deprive the City Defendants of the benefits of immunity, prejudice the private defendants, and impose unnecessary and duplicative litigation costs on all parties.

Without a complete stay, the City Defendants will be forced to participate in written discovery and depositions of the private defendants as well as the Plaintiff, effectively depriving them of the benefits of immunity. Alternatively, they will lose the opportunity to object and participate in that discovery. A partial stay may lead to the parties having to conduct two sets of

7

depositions and two trials.    Proceeding to depositions without written discovery from the City

Defendants (presuming waiver of the law enforcement and prosecutorial privileges by the police

department and District Attorney's Office given the charges against Plaintiff were dismissed

subject to refiling) is inefficient and will deprive the parties a fair opportunity to prepare for and

present their defenses.  A severance is neither sought by the Plaintiff nor appropriate; without a

complete stay, the parties may find themselves unable to properly conduct discovery within the

scheduling order deadlines.  Thus, Defendants request a stay of discovery and disclosures and

abatement of the scheduling order pending the Court's rulings on all motions to dismiss.

**CONCLUSION AND PRAYER**

Defendants respectfully pray that the Honorable Court grant this Motion and abate the

Scheduling Order, stay discovery, disclosures, and entry of an amended scheduling order, pending

resolution of all motions to dismiss, and grant all further relief to which they may be justly entitled.

Respectfully submitted,

**ARTURO G. MICHEL**
**City Attorney**

CHRISTY MARTIN
Chief, Torts/Civil Rights Section

Date:   June 12, 2026.                    By:      /s/ Melissa Azadeh
                                                   MELISSA AZADEH
                                                   Senior Assistant City Attorney
                                                   *Attorney in Charge*
                                                   Texas Bar No. 24064851
                                                   Federal ID No. 1090186
                                                   Tel. (832) 393-6270
                                                   Melissa.Azadeh@houstontx.gov
                                                   CITY OF HOUSTON LEGAL DEPARTMENT
                                                   P.O. Box 368
                                                   Houston, Texas 77001-0368
                                                   **ATTORNEYS FOR DEFENDANTS**
                                                   **CITY OF HOUSTON, KAETLYN**
                                                   **HOWTON AND KIRSTEN KASSIEAS**

## CERTIFICATE OF SERVICE

I hereby certify that on this 12th day of June 2026, a true and correct copy of the foregoing document, and any attachments, were delivered to all parties and opposing counsel(s) of record by electronic filing of same in accordance with the District's ECF service rules, and alternatively via e-mail and/or facsimile transmission.

                                        */s/ Melissa Azadeh*
                                        Melissa Azadeh

## CERTIFICATE OF CONFERENCE

The parties, including the undersigned counsel for Defendants City of Houston,  Katelyn Howton, and Kirsten Kassieas; Nelson Ebaugh for the Plaintiff Eric Sim; Brian Humphrey for Defendant Sooyoun Cho; Momin Muskan for Defendant Madelyn Campbell; Defendant Alejandra Espitia, *pro se*; and Defendant Mia Morey, *pro se*; conferred by video conference on May 7, 2026, in advance of the initial conference.  The parties continued to confer thereafter by email.

Plaintiff **agreed** to a stay of all discovery and disclosures as to Defendants City of Houston, Howton, and Kassieas.  Doc. #43 at ¶9.  Plaintiff **opposed** a stay of discovery applicable to all parties and defendants and opposed a stay of all depositions in the alternative.

The undersigned conferred with Momin Muskan for Defendant Campbell, Brian Humphrey for Defendant Cho, Defendant Morey personally, by email on June 10-11, 2026, and with Defendant Espitia personally by telephone on June 12, 2026.   Each Defendant stated that they join in this motion for a stay of discovery, disclosures, and abatement of the scheduling order.

                                        */s/ Melissa Azadeh*
                                        Melissa Azadeh

9