IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

ERIC SIM,
  *Plaintiff.*

v.

CITY OF HOUSTON, KATELYN
HOWTON, KIRSTEN KORYCIAK,
SOO YOUN CHO, ALEJANDRA
ESPITIA, MIA MOREY, AND
MADELYNN CAMPBELL,
  *Defendant.*

Civil Action No. 4:26-cv-01563

# RESPONSE TO MOTION TO DISMISS COUNTERCLAIM

Defendant and counterclaimant Soo Youn Cho responds to Plaintiff's Motion to Dismiss her counterclaim, Doc. 45.

## I.   SUMMARY

The allegations in Cho's counterclaim are straightforward and state sufficient facts to show plausible claims for relief under the standards of *Twombly* and *Iqbal*. Cho's claims are not complicated, and her allegations are "short and plain" as required by Rule 8(a)(2).

Rule 8(a)(2) does "not require heightened fact pleading of specifics, but only enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Cho's counterclaim accomplishes this, and so dismissal under Rule 12(b)(6) would be improper.

1

## II.   BACKGROUND

Plaintiff Eric Sim was indicted by a Harris County grand jury for the sexual assault of Cho and several other women. The prosecution was later voluntarily dismissed "subject to refiling" by the district attorney. A year later, Sim filed this instant suit for malicious prosecution against Cho, several other of his victims, two detectives, and the City of Houston.

One of several problems with his malicious prosecution claim is that he is, in fact, guilty of the crime for which he was prosecuted. As Cho alleges in her counterclaim, Doc. 31, Sim forced Cho to have sexual intercourse without her consent, tied up and physically restrained her, and surreptitiously recorded explicit sexual footage of Cho without her knowledge or consent. Accordingly, Cho filed her counterclaims against Sim for assault and battery, false imprisonment, invasion of privacy, and intentional infliction of emotional distress, as well as state and federal statutory claims for unlawful disclosure of intimate visual materials.

Sim moved to dismiss the counterclaim under Rule 12(b)(6). Doc. 45.

## III.   ARGUMENT

Sim complains that the fact section of Cho's counterclaim is only five paragraphs long, but that is exactly what the rules require: "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). The facts and elements of Cho's claims are straightforward and her allegations are direct: Sim sexually assaulted her, restrained her, made sexual recordings of her without her consent, and disclosed them to others. Cho's allegations are sufficient and require no embellishment.

### A. 12(B)(6) STANDARD.

In ruling on a Rule 12(b)(6) motion to dismiss, a court must "accept all well-pleaded facts as true and construe the complaint in the light most favorable to the plaintiff." *Heinze v. Tesco Corp.*, 971 F.3d 475, 479 (5th Cir. 2020). "To withstand a motion to dismiss, a complaint must allege 'more than labels and conclusions,' as 'a formulaic recitation of the elements of a cause of action will not do.'" *Allstate Indem. Co. v. Bhagat*, 164 F.4th 426, 431–32 (5th Cir. 2026) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "It must state a 'plausible claim for relief,' rather than facts 'merely consistent with' liability." *Id.* (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678–79 (2009)).

"A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, at 663. A "complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations…" *Twombly*, 550 U.S. at 545.

Throughout his motion to dismiss, Sim's complaint is that Cho's allegations are too short and insufficiently detailed. But Cho's claims are simple and straightforward, and she alleges the *Twombly* standard does "not require heightened fact pleading of specifics, but only enough facts to state a claim to relief that is plausible on its face." *Twombly*, at 570. Cho's counterclaim meets that standard.

### B. ASSAULT AND BATTERY.

Under Texas law, proof of criminal assault support a civil cause of action for assault. *Sanchez v. Striever*, 614 S.W.3d 233, 239 (Tex. App.—Houston [14th Dist.] 2020, no pet.). A "person commits criminal assault under the Texas Penal Code if the person intentionally or knowingly causes physical contact with

another when the person knows or should reasonably believe that the other will regard the contact as offensive or provocative." *Id.*

Cho plainly alleged that here: "In 2021, Sim forced Cho to have sexual intercourse with him without her consent on more than one occasion." Doc. 31, at ¶5. Those facts establish a plausible claim for assault and battery.

Sim's complaint that it lacks particularity as to when, where, why, and how is an attempt to import a Rule 9(b) like "heightened fact pleading of specifics" standard to a claim to which it does not apply. *Twombly*, at 570.

Cho has sufficiently pled her claim for civil assault and battery.

## C. FALSE IMPRISONMENT.

"The essential elements of false imprisonment are: (1) willful detention; (2) without consent; and (3) without authority of law." *Sears, Roebuck & Co. v. Castillo*, 693 S.W.2d 374, 375 (Tex.1985).

Cho's counterclaim alleges facts establishing these elements: "As part of [his nonconsensual sexual intercourse with Cho], Sim tied up and physically restrained Cho." Doc. 31, at ¶7. This establishes Sim's willful detention of Cho without her consent. Sim's lack of legal authority is obvious from the circumstances. *See Iqbal*, at 663 (a claim is plausible when the court may "draw the reasonable inference" of liability from the facts pled).

Cho has sufficiently pled her claim for false imprisonment.

## D. INVASION OF PRIVACY

The elements of invasion of privacy by intrusion into seclusion are: "(1) an intentional intrusion, physically or otherwise, upon another's solitude, seclusion, or private affairs or concerns, which (2) would be highly offensive to a reasonable person." *Valenzuela v. Aquino*, 853 S.W.2d 512, 513 (Tex. 1993).

4

Cho's counterclaim alleges facts establishing these elements: "Also in 2021, Sim surreptitiously recorded explicit video footage of sexual intercourse between himself and Cho without her knowledge or consent and kept the footage." Doc. 31, at ¶7. Such a nonconsensual recording is plainly a highly offensive intrusion upon another's private affairs. Texas courts have held similar conduct to constitute the tort of invasion of privacy. *See Patel v. Hussain*, 485 S.W.3d 153, 177 (Tex. App.—Houston [14th Dist.] 2016, no pet.) (holding the "gravamen" of a plaintiff's claims in a "revenge porn" case were encompassed by claims for intrusion on seclusion and public disclosure of private facts).

Sim again complains about the lack of further factual detail, but again, this is unnecessary. A "complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations…" *Twombly*, 550 U.S. at 545.

Cho has sufficiently pled her claim for invasion of privacy.

### E. INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

Cho concedes that if she can recover under invasion of privacy for her injury caused by Sim's recording, then intentional infliction of emotional distress is unnecessary as a "gap filler." But Sim contends that she has no cause of action for such conduct. Accordingly, Cho submits it is premature to dismiss her intentional infliction of emotional distress claim at this stage.

"The Texas Supreme Court has recognized the "gap-filler" argument does not mean a plaintiff could not establish a prima facie case; only that the claim would otherwise be precluded in view of duplicate remedies offered by other claims." *Spencer v. Overpeck*, No. 04-16-00565-CV, 2017 WL 993093, at *5 (Tex. App.—San Antonio Mar. 15, 2017, pet. denied). Accordingly, the state court of appeals held in that case that dismissal of an IIED

claim under the Texas Citizens' Participation Act based on the "gap filler" argument was "premature." *Id.*

Likewise, here, Cho's pleadings establish a prima facie case for intentional infliction of emotional distress. It is, plainly, "extreme and outrageous" to surreptitiously record intimate sexual video footage of a woman without her knowledge or consent. Cho has alleged Sim did so intentionally and that it caused her severe emotional distress. Doc. 31, ¶23–25; *see Kroger Tex. Ltd. P'ship v. Suberu*, 216 S.W.3d 788, 796 (Tex. 2006) (elements of IIED).

### F. STATUTORY "REVENGE PORN" CLAIMS.

Sim's complaint as to Cho's claims under 15 U.S.C. § 6851(b)(3)(A)(i) and TEX. CIV. PRAC. & REM. CODE § 98B.003(a)(3) are that Cho has failed to adequately plead that the recordings were disclosed.

Cho alleges, in addition to his pleadings regarding Sim's recording of her: "On information and belief, Sim has disclosed this footage to others." Doc. 31, at ¶9. Sim complains that this allegation lacks further detail, but requiring the "who, what, when, where, and how" is the Rule 9(b) standard, which is not applicable here. *Exergen Corp. v. Wal-Mart Stores, Inc.*, 575 F.3d 1312, 1327 (Fed. Cir. 2009); *see Twombly*, at 570 (Rule 8(a)(2) does not require "heightened fact pleading of specifics").

### G. MALICE

Sim finally contends Cho failed to adequately allege fraud or malice to support exemplary damages.

"Malice, intent, knowledge, and other conditions of a person's mind may be alleged generally." FED. R. CIV. P. 9(b). Sim contends Cho has failed to allege sufficient facts to show malice, but that contention is meritless as shown above. Cho has sufficiently alleged that Sim sexually assaulted her, tied her up

6

without her consent, and made surreptitious sexual recordings of her. Those are more than enough facts from which the Court may infer malice.

## IV.   CONCLUSION AND PRAYER

As shown above, Cho has sufficiently pled facts to state claims on which relief can be granted under the applicable Rule 8(a)(2) standard. Cho respectfully requests Plaintiff's motion to dismiss her counterclaims be denied.

DATED:     June 19, 2026

Respectfully Submitted,

## HUMPHREY LAW PLLC

*/s/ Brian Humphrey*
**Brian Humphrey**
State Bar No. 24074456
800 Rockmead, Suite 121
Kingwood, Texas 77339
brian@humphreylawpllc.com
Telephone: 713-364-2616
Facsimile: 832-827-3299
***Attorney for Defendant Soon Youn Cho***

## CERTIFICATE OF SERVICE

I hereby certify that this document was served on all attorneys of record by CM/ECF on June 19, 2026.

*/s/ Brian S. Humphrey II*

Brian S. Humphrey II

7