IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS

| | | |
|---|---|---|
| ERIC SIM, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | Civil Action No. 4:26-cv-01563 |
| CITY OF HOUSTON, *et al.*, | : | |
| | : | |
| Defendants. | : | |

**PLAINTIFF ERIC SIM'S REPLY IN SUPPORT OF HIS MOTION
TO DISMISS DEFENDANT SOO YOUN CHO'S COUNTERCLAIM**

Cho's response confirms the central pleading defect. Cho repeatedly recasts Sim's Rule 8 arguments as demands for Rule 9(b)-style particularity. That is not Sim's motion. Except for Cho's fraud allegations, Sim invokes ordinary Rule 8, which requires factual matters making each claim plausible. Cho still has not supplied it.

**I.     Cho's Assault-and-Battery Claim Rests on the Conclusion That Sim "Forced" Sex.**

Cho's assault-and-battery response attacks an argument Sim did not make. Sim did not contend that Rule 9(b) governs assault and battery or that Cho must plead evidence. He argued that Rule 8 requires factual content, and Cho's allegation that Sim "forced" intercourse "on more than one occasion" during 2021 states the ultimate conclusion rather than the facts that make the claim plausible. Mot. at 3-4.

Rule 8 does not require Cho to plead evidence. But sexual-assault cases that survive dismissal typically plead the concrete conduct, circumstances, and lack of consent that make the claim plausible. *See, e.g., Doe v. Jackson*, No. 23-CV-04910 (ALC), 2025 WL 753949, at *1 (S.D.N.Y. Mar. 10, 2025) (denying dismissal of assault-and-battery claim where plaintiff alleged that defendant lured her to a hotel room, ripped off her clothes, climbed on top of her, she shouted "No," and defendant overpowered and penetrated her without consent); *Doe v. Pasadena Hosp.*

1

*Ass'n, Ltd.*, No. 218CV08710ODWMAAX, 2020 WL 1244357, at *6 (C.D. Cal. Mar. 16, 2020) (denying dismissal of sexual-assault and sexual-battery claims where plaintiffs alleged specific offensive contact, including sexual touching of legs, unexpected vaginal exams, unnecessary breast exams, and excessive vaginal fingering, and alleged that any consent to medical examinations did not extend to inappropriate and medically unnecessary conduct).

Cho pleads far less. She alleges only that, "in 2021," Sim "forced" intercourse "on more than one occasion." ECF No. 31 ¶ 5. She omits dates, locations, the number of incidents, words, conduct, threats, or circumstances showing how any encounter was forced or nonconsensual. The assault-and-battery claim should be dismissed with prejudice.

## II.    Cho's False-Imprisonment Claim Requires Speculation.

Cho's false-imprisonment claim is equally thin. Her allegation that Sim "tied up and physically restrained [her]" does not say when or where the restraint occurred, how long it lasted, whether Cho was confined or prevented from leaving, whether the restraint was separate from the alleged sexual contact, or what facts show lack of consent and lack of legal authority. Opp. at 4.

Cho asks the Court to infer those missing facts from the word "restrained." Opp. at 4. But that is speculation, not plausibility. *Cf. Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 545, 570 (2007) (holding "[f]actual allegations must be enough to raise a right to relief above the speculative level," and a claim must be "plausible," not merely "conceivable"). In short, because Cho has "not nudged [her false-imprisonment] claim[] across the line from conceivable to plausible," this Court should dismiss the false-imprisonment claim with prejudice. *Id.* at 570.

## III.    Cho Has Not Pleaded a Plausible Intrusion-upon-Seclusion Theory.

Sim's motion explained that Cho's invasion-of-privacy claim fails under all three privacy theories Texas recognizes. Mot. at 5-6. Cho now relies only on the allegation that "[i]n 2021, Sim

surreptitiously recorded explicit video footage of sexual intercourse between himself and Cho without her knowledge or consent and kept the footage." Opp. at 4-5.

That single sentence does not plead a plausible intrusion-upon-seclusion claim. Cho does not allege where the recording occurred, when it occurred, what device was used, how Sim allegedly concealed the recording, what facts show that the recording was made without her knowledge or consent, what facts show that the alleged recording intruded upon her solitude, seclusion, or private affairs, or why the alleged intrusion would be highly offensive to a reasonable person.

As an initial matter, Cho's allegations do not even allege that Sim's conduct, assuming that it is true, would be highly offensive to a reasonable person—one of the required elements of an intrusion upon seclusion claim. Without pleading this element, Cho's intrusion upon seclusion claim must be dismissed. *Cf. Allen v. Quicken Loans Inc.*, No. 17-12352 (ES) (MAH), 2018 WL 5874088, at *12 n. 4 (D.N.J. Nov. 9, 2018) (dismissing intrusion-upon-seclusion claim where plaintiff's allegation that defendants' conduct was "highly offensive to a reasonable person" was "entirely conclusory" and therefore properly disregarded at the motion-to-dismiss stage).

Moreover, Cho's single-sentence allegation in support of her intrusion-upon-seclusion claim is conclusory, requiring dismissal on this basis as well. *See Chhim v. Univ. of Tex. at Austin*, 836 F.3d 467, 469–71 (5th Cir. 2016) (explaining that courts do not credit conclusory allegations or allegations that merely restate the legal elements of a claim, and affirming dismissal where the plaintiff failed to plead facts making liability plausible).

## IV. Cho's IIED Claim Is Duplicative of Her Other Theories.

Cho effectively concedes Sim's gap-filler argument, acknowledging that "if she can recover under invasion of privacy for her injury caused by Sim's recording, then intentional

infliction of emotional distress is unnecessary as a 'gap filler.'" Opp. at 5. The same point applies if any of Cho's other tort or statutory claims survives. Her IIED claim rests on the same alleged assault, restraint, and recording. If those allegations are actionable at all, other recognized theories cover them, leaving "no gap" for IIED to fill.

Accordingly, to the extent any of Cho's other claims survives, her IIED claim should be dismissed with prejudice as duplicative. *Cf. Stelly v. Duriso,* 982 F.3d 403, 408–09 (5th Cir. 2020) (vacating default judgment on IIED claim because the alleged sexually harassing conduct was covered by available statutory remedies, leaving no gap for IIED to fill).

**V.      Cho's Statutory Disclosure Claims Lack a Factual Basis.**

Cho's statutory claims under Texas Civil Practice and Remedies Code § 98B.002 and 15 U.S.C. § 6851 rise or fall on disclosure. Cho repeats her allegation that, "[o]n information and belief, Sim . . . disclosed this footage to others," and again says Sim demands Rule 9(b) particularity. Opp. at 6. But information-and-belief pleading still requires a factual basis.

"A plaintiff may plead upon information and belief when the facts alleged are peculiarly in the possession of an opposing party, provided that the plaintiff has exercised reasonable due diligence and provided some factual basis for his allegations that would raise a reasonable expectation that discovery will reveal evidence that defendants engaged in unlawful conduct." *Flores v. Amazing Grace Primary Home Care, L.L.C.*, No. 24-40434, 2025 WL 832795, at *5 (5th Cir. Mar. 17, 2025) (cleaned up).

Cho pleads neither diligence nor a factual basis for believing Sim disclosed anything. She does not identify what was disclosed, when, to whom, how, whether the materials identified her, or what facts support intent to harm. Both statutory claims should be dismissed with prejudice.

4

**VI.    Cho's Fraud and Malice Allegations Should Be Dismissed or Struck.**

Sim challenged Cho's allegation that he acted "fraudulently" because Rule 9(b) applies and Cho pleaded no fraud theory with particularity. Mot. at 10-11. Cho ignores that argument. Thus, the Court should dismiss or strike Cho's fraud-based exemplary-damages allegations with prejudice. *See Black v. N. Panola Sch. Dist.*, 461 F.3d 584, 588 n.1 (5th Cir. 2006) (holding that plaintiff abandoned claim by failing to defend it in response to motion to dismiss).

Cho's malice allegations fare no better. Cho responds that malice may be inferred from Sim's alleged sexual assault and surreptitious recordings. Opp. at 6-7. But an inference of malice must rest on pleaded facts, not speculation or conclusory allegations. Because Cho pleads no facts making malice plausible, the Court should dismiss or strike her malice-based exemplary-damages allegations with prejudice. *See Chhim,* 836 F.3d at 470–71 (affirming dismissal where plaintiff's claim rested on bald allegations and speculation rather than pleaded facts making liability plausible).

**Conclusion and Prayer**

For these reasons, Sim respectfully requests that the Court grant his motion and dismiss Cho's counterclaim with prejudice pursuant to Federal Rule of Civil Procedure 12(b)(6).

Dated: June 26, 2026                                      Respectfully submitted,

**NELSON S. EBAUGH, P.C.**                    **OFFIT KURMAN, P.A.**

/s/ Nelson S. Ebaugh                             /s/ Kimberly C. Lau (w/ permission by NSE)
Nelson S. Ebaugh, Esq.                           Kimberly C. Lau, Esq. (*pro hac vice*)
Texas Bar No. 24007139                           Attorney-in-Charge
SDTX Bar No. 24270                               James E. Figliozzi, Esq. (pro hac vice)
3730 Kirby Drive, Suite 1200                     90 Madison Avenue, 6th Floor
Houston, TX 77098                                New York, NY 10022
Tel: (713) 752-0700                              Tel: (212) 545-1900
Fax: (713) 739-0500                              Fax: (212) 454-1656
nebaugh@ebaughlaw.com                            kimberly.lau@offitkurman.com
                                                 james.figliozzi@offitkurman.com

5

**CERTIFICATE OF SERVICE**

I hereby certify that, on June 26, 2026, a true and correct copy of the foregoing was served on all counsel of record through the Court's CM/ECF system.

I further certify that, on June 26, 2026, a true and correct copy of the foregoing was served by first-class United States mail, postage prepaid, on the following pro se defendants at their last known addresses:

Mia Morey
1738 Pecan Lane
Stafford, Texas 77477

Alejandra Espitia
2345 Bering Dr, Apt 451
Houston, TX 77057

I further certify that a courtesy copy was sent by electronic mail to Defendant Mia Morey at miafemorey@gmail.com and to Defendant Alejandra Espitia at alejandra.ipromua@gmail.com.

/s/ Nelson S. Ebaugh
Nelson S. Ebaugh

4899-4948-8562, v. 3