IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| ERIC SIM, | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | |
| | § | |
| CITY OF HOUSTON, KATELYN | § | CIVIL ACTION NO. 4:26-cv-01563 |
| HOWTON, in her individual capacity, | § | |
| KIRSTEN KORYCIAK, in her individual | § | |
| capacity, SOOYOUN CHO, ALEJANDRA | § | |
| ESPITIA, MIA MOREY, and MADELYNN | § | |
| CAMPBELL, | § | |
| Defendants. | § | |

**DEFENDANTS CITY OF HOUSTON, KATELYN HOWTON, AND KIRSTEN
KASSIEAS'S COMBINED REPLY IN SUPPORT OF THEIR MOTIONS TO DISMISS**

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

Defendants City of Houston, Officers Katelyn Howton and Kirsten Kassieas (named in complaint as Kirsten Koryciak), (collectively "City Defendants), file this combined reply to Plaintiff Eric Sim's Responses (Docs. #58 and #59) to the Rule 12(b)(6) Motions to Dismiss by the City of Houston and Officer Howton (Doc. #19) and Officer Kassieas (Doc. #32).

**I.      Plaintiff's failure to address the Defendants' arguments and inability to overcome the presumptions of probable cause for seven different crimes disposes of all claims.**

Plaintiff mistakenly argues he can state a claim by alleging the defendant "tainted" the deliberations of the intermediary. Doc. #58 at 9. Even assuming arguendo that Plaintiff might avoid dismissal by alleging Defendants tainted the intermediary's deliberations, the complaint contains no such allegations. Plaintiff has not alleged that the City, Officer Howton, or Officer Kassieas were involved in any grand jury deliberations or post-arrest judicial probable cause findings for the seven different crimes. Doc. #1.

Plaintiff was arrested pursuant to multiple arrest warrants; his claims fall squarely under

*Franks v. Delaware*, 438 U.S. 154 (1978)).  *See Tinoco v. City of Hidalgo*, No. 23-40543, 2025 U.S. App. LEXIS 4726, at *9 (5th Cir. 2025) ("Because Tinoco's arrest was carried out  pursuant to an arrest warrant that a magistrate judge authorized, there was presumptively probable cause for his arrest, and the officers who relied on the warrant are shielded from liability by the independent-intermediary doctrine.") (citing *Terwilliger v. Reyna*, 4 F.4th 270, 285 n.10 (5th Cir. 2021); *Malley v. Briggs*, 475 U.S. 335, 346 n.9 (1986)).   It is not enough to argue as Plaintiff does[1] that ***"any reasonable officer*** would conclude there was ***no probable cause"*** that the complaining witnesses were sexually assaulted, because those conclusions were reached by a judge and grand jury, creating a presumption of probable cause and shielding the officers as a matter of law.  *Ibid.*  Nor can Plaintiff avoid dismissal by arguing (without plausible facts) only the arrests or warrants stemming from complaining witness statements by Cho and Espitia alone when there were five other crimes and complaining witnesses. See Doc. #58 at 3 (relying only on these interviews); Doc. #19-2.   Plaintiff faces a presumption of probable cause for seven different crimes as found by a judge both before and after his arrest, and by a grand jury that returned seven indictments against him.  Doc. #19-1; #19-2; #19-3.

In this case, the *Franks* analysis begins and ends with Plaintiff's failure to point to specific intentional or reckless falsehoods or omissions of conclusively established material fact in each of the warrant affidavits without which the judge would not have found even arguable probable cause for seven crimes or for any offense. *See Franks v. Delaware*, 438 U.S. 154, 171 (1978) ("There must be allegations of deliberate falsehood or of reckless disregard for the truth, and those allegations must be accompanied by an offer of proof. They should point out specifically the portion of the warrant affidavit that is claimed to be false; and they should be accompanied by a

---

[1] Doc. #58 at 2.

statement of supporting reasons."); *Terwilliger*, 4 F.4th at 277.  Defendants' motions supplied the judicially noticeable warrant affidavits and indictments.   Docs. #19-2, #19-3. Neither the complaint nor Plaintiff's response claim, let alone plausibly establish, an intentional or knowing misstatement or omission of material fact in any of the warrant affidavits.  *See* Doc. #1 at ¶¶292-393; Doc. #58 at 2; Doc. #59 at 2-4.

A cursory review of the probable cause affidavits demonstrates that Plaintiff cannot satisfy Franks because Officer Howton almost exclusively relayed what the complaining witnesses stated to him, which Plaintiff does not dispute.   For instance:

> On, March 15, 2024, Affiant interviewed K.A., herein referred to as the Complainant in regard to an allegation of a Sexual Assault.  Complainant stated to Affiant she met Eric Sim, herein known as the Defendant on Hinge Dating app.  Complainant stated to Affiant they had 2 or 3 prior dates and she went to the Defendant house at 3123 Leeland St Houston TX 77003. **Complainant stated to Affiant** they were downstairs watching TV and hanging out, and she drank one drink.  **Complainant stated to Affiant** there was a NASA event that night on TV and so they went up to the Defendants [sic] bedroom to watch the event. Complainant stated to Affiant she was sitting on the edge of the bed while the Defendant was pulling up the event on the large computer screen. **Complainant stated** to Affiant the Defendant did not put on the NASA event but instead put on music.  **Complainant stated to Affiant** the Defendant turned around and came towards her and pushed her down on the bed and started to take off her pants.  **Complainant stated to Affiant** the Defendant was pulling her pants down and she was pulling them up, telling the Defendant no multiple times.  **Complainant stated to Affian**t the Defendant got her pants off and she grabbed a pillow to cover herself.  **Complainant stated to Affiant** the Defendant grabbed her feet and started sucking on her toes and the Defendant penetrated her Vagina (Female Sexual Organ) with his Penis (Male Sexual Organ).   **Complainant stated** the Defendant did not wear a condom. **Complainant stated** when the Defendant was finished he offered to take a shower together and the Complainant shook her head no.  **Complainant stated** to Affiant when the Defendant got into the shower she grabbed her clothes, got dressed and left while he was in the shower.   **Complainant stated** she could not find her socks when she left so they got left there.

Doc. #19-02 at 6.

Other than the fact of the interviews and the process of identification of Sim by the

complainants, the affidavit exclusively relayed what the "Complainant stated" to Officer Howton. Officer Howton swore to warrant affidavits in four other cases;  each similarly relayed what the "**Complainant stated**" to Officer Howton.  Doc. #19 at 10, 14, 18, 22.

The distinction is significant because a  Plaintiff cannot satisfy *Franks* by "obfuscating the distinction between what the affidavit directly says occurred and what the affidavit says [the witness] told the officers occurred."  *Tinoco v. City of Hidalgo*, No. 23-40543, 2025 U.S. App. LEXIS 4726, at *13-14 (5th Cir. 2025) (unpublished).  Plaintiff neither claims nor plausibly shows that the Complainants did not make these statements, that Officer Howton either did not believe or fabricated the statements. *Terwilliger*, 4 F.4th at 283 n.8 (quoting *Franks*, 438 U.S. at 165) ("every statement in a warrant affidavit need not be 'truthful' in an absolute sense," but should instead "be 'truthful' in the sense that the information put forth is believed or appropriately accepted by the affiant as true.").

Neither the complaint nor Plaintiff's response demonstrate any knowing or intentional material falsehood ***sworn to*** in any of them, nor address the post-arrest probable cause findings by a judge and grand jury indictments for seven crimes.  Instead, Plaintiff disputes the ***legal conclusion of probable caus***e that was not made by the City Defendants and cannot satisfy *Franks* and offers immaterial statements that do not conclusively establish any exonerating facts or even undermine witness credibility.[2]

First, Plaintiff falsely claims that Howton "successfully obtained a warrant for Sim's arrest **by falsely asserting there was probable cause** to believe Sim sexually assaulted Cho and Espitia"

---

[2] See Plaintiff's Response, Doc. #58 at 1-2, arguing that Officer Howton "interviewed the Complaining Witnesses while investigating claims of sexual assault against Sim. *Id*. at ‖‖ 229-363. During their interviews with Howton, the Complaining Witnesses made inconsistent, unbelievable, unsupported, and (in some cases) exonerating statements that would lead any reasonable police officer to conclude that there was no probable cause that they were sexually assaulted. *Id*. at ‖‖ 229-363, 464, 482."

4

Doc. #1 at ¶279.    Notably absent from Officer Howton's affidavits is any statement that "there was probable cause" to believe anything.    Doc. #19 at 6.    And a *Franks* claim requires "omitted or misrepresented **facts**, not **legal conclusions**."    *Wilson v. Stroman*, 33 F.4th 202, 208, 213 n.8. (5th Cir. 2022).    *See also United States v. Barnes*, 126 F. Supp. 3d 735, 740-41 (E.D. La. 2015) (declining to extend "*Franks* to misstatements of law" because "no other court has" done so and "the relevant inquiry is whether the warrant affidavit contains false statements of fact." (citations and emphasis omitted); *Decina v. Horry Cty. Police Dep't*, 557 F. Supp. 3d 716, 722 (D.S.C. 2021) ("[Plaintiff's] false arrest claim [under *Franks*] is predicated on the information available to the County Magistrate when the warrant was issued not whether, in hindsight, [the officer] misapplied State law or if [plaintiff] was guilty of [the offense]."), *aff'd*, 2023 U.S. App. LEXIS 3981, 2023 WL 2136376 (4th Cir. Feb. 21, 2023); *United States v. Tabares*, No. 1:15-CR-00277-SCJ-JFK, 2016 WL 11258758, at *19 (N.D. Ga. June 3, 2016) ("*Franks* addresses material factual misrepresentations not legal conclusions contained in an affidavit."), *R. & R. adopted by* 2017 U.S. Dist. LEXIS 71090, 2017 WL 1944199 (N.D. Ga. May 10, 2017); *Folks v. Sainato*, No. 23-643, 2024 U.S. Dist. LEXIS 89888, at *23-24 (E.D. La. 2024) ("Folks does not allege a false statement. Rather, he alleges a false conclusion, namely that Sainato did not have probable cause to arrest Folks for that offense.").

Second, Plaintiff argues that select immaterial phrases or words used by the complaining witnesses, without their context, "would lead  any reasonable police officer to conclude that there was no probable cause."    Doc. #58 at 2 citing Doc. #1 at ¶¶ 229-363.    Plaintiff is plain wrong. *See, e.g.,* Doc. #1 at ¶¶229-300  (alleging that "Cho repeatedly used the words "I don't remember," "maybe," "I guess," "I think," or "I believe" when asked to recount specific facts about her relationship with Sim and the sexual encounter."); *id.* at ¶¶237 ¶(Cho did not remember how she

got into Sim's bed, what she was wearing or whether a condom was used); *id.* at ¶238 (alleging Cho said Sim tied her up but could not remember how he tied her up); *id.* at ¶¶234-234 (alleging Cho said her memory had already erased the encounter or could not remember due to the passage of time); *id.* at ¶¶248-252 (placing emphasis on Cho laughing); *id.* at ¶¶ 254-272 (similar immaterial and vague allegations regarding Espitia without context).  None of these are material to the warrant affidavits or probable cause.  Furthermore, these same paragraphs specify that Cho and Espitia lied to Officer Howton without any facts to support the accusation or Officer Howton's awareness of any lie.   Subjective opinions and speculative theories do not require an officer's wholesale dismissal of all statements by the seven complaining witnesses.  *See* Doc. #19 at PDF pages 13-20.  The purely subjective opinion that the complaining witnesses were unworthy of being credited is not only conclusory, it also is legally deficient.  *Melancon*, LEXIS at * 9.

**II.    Failure to meaningfully address Officer Kassieas' s arguments for dismissal or establish her personal involvement in any alleged constitutional violation warrants dismissal.**

Rather than address Officer Kassieas' s arguments for dismissal, Plaintiff's response tries to lump Officer Kassieas together with Officer Howton and relies on wholly speculative arguments that the Officers "aligned themselves" with the two complaining witnesses  Doc. #59 at 1-3.

It is well settled that Officer Kassieas, who is not alleged to have had anything to do with the warrant affidavits, cannot be liable in this case.   "Liability under *Malley* only attaches to the "affiant and person who actually prepared, or was fully responsible for the preparation of, the warrant application." *See Melton v. Phillips*, 875 F.3d 256, 264 (5th Cir. 2017) (quoting *Michalik v. Hermann*, 422 F.3d 252, 261 (5th Cir. 2005)).  Thus, *Malley* does not apply here.  Separately, *Franks* liability extends to those who deliberately or recklessly provide false information for use in an affidavit.  *Id.* at 264.  Plaintiff has not alleged a single intentional or knowing misstatement or omission of material fact in the warrant affidavit that was sworn or attributable to Officer

6

Kassieas.  The affidavits relied almost exclusively on complaining witness statements made to Officer Howton; therefore, *Franks* liability cannot apply either.  *Id.* at 258  (Because he had not assisted in preparing, presented, or signed the complaint on the basis of which the capias warrant issued, the deputy could not be held liable under *Franks*).

It is also well settled that the conclusory argument of an "alignment" by Officers  with the victims and decision not to investigate further in search of hypothetical evidence of Plaintiff's innocence (which has yet to be articulated) fail to state a plausible claim.  "[P]robable cause does not require officers to rule out a suspect's innocent explanation for suspicious facts."  *District of Columbia v. Wesby*, 138 S. Ct. 577, 588 (2018).  Claims that officers could have taken additional steps to confirm or dispel facts or learned of exonerating facts are routinely dismissed:

> Miller failed to provide the panel with any authority showing that an otherwise proper warrant application is objectively unreasonable if officers could have taken additional, pre-warrant steps to confirm or dispel the facts underlying the application. Indeed, an officer can generally take additional steps to confirm or deny facts underlying a warrant application, but, as the Supreme Court has recognized, time can pass between the facts described in an affidavit supporting probable cause and the issuance of a warrant. *See United States v. Grubbs*, 547 U.S. 90, 95 n.2, 126 S. Ct. 1494, 164 L. Ed. 2d 195 (2006) (citing *United States v. Wagner*, 989 F.2d 69, 75 (2d Cir. 1993)).  This bolsters the proposition that police officers do not need to exhaust all possible fact-finding to confirm or dispel their suspicions before seeking a warrant.
> …
> At the time of writing the warrant application, the officers did not have access to any exculpatory evidence, i.e., evidence that itself would obviate any criminal liability, and therefore, the officers could not have omitted any such evidence from the application.

*Miller v. Salvaggio*, No. 23-50894, 2024 U.S. App. LEXIS 31833, at *13-14 (5th Cir. 2024) (unpublished) (footnotes omitted).    A facially valid warrant is not undone by evidence discovered later, though Plaintiff has not identified any here.  *See, e.g., Melancon v. Walsh*, No. 23-7394, 2024 U.S. Dist. LEXIS 59186, at *9 (E.D. La. 2024) ("Facially valid, the warrant is also not undone by Mr. Melancon's later-in-time allegation of Sergeant Walsh's withholding of a supplemental

report.").

### III.   Failure to meaningfully address Defendants' arguments for dismissal.

By failing to meaningfully address the arguments in the Defendants' motions including the applicable legal standards and underlying criminal case records, failing to meaningfully address the arguments by the City of Houston ad Officer Kassieas in particular, Plaintiff has effectively waived his claims.  S. D. Tex. L.R. 7.4.  *See, e.g., Chavez v. Alvarado*, 550 F. Supp. 3d 439, 447 (S.D. Tex. 2021) (Lee H. Rosenthal, C. J.) (dismissing claims because "plaintiffs did not respond to the argument, effectively abandoning their claims against the Houston Police Department."); citing *Black v. N. Panola Sch. Dist.*, 461 F.3d 584, 588 n.1 (5th Cir. 2006) (the plaintiff's "failure to pursue [a] claim beyond [the] complaint constitute[s] abandonment."); *Brackens v. Ocwen Loan Servicing, LLC*, No. 3:13-CV-3458, 2015 U.S. Dist. LEXIS 51846, 2015 WL 1808541, at *4 (N.D. Tex. Apr. 21, 2015) ("Because Plaintiff failed to address Defendant's arguments in a response, he has abandoned his wrongful foreclosure claim."); *Hunter v. City of Hous*., No. 4:19-cv-02521, 2021 WL 4481092, 2021 U.S. Dist. LEXIS 186585, at *9 (S.D. Tex. 2021) (Charles Eskridge, J.) (dismissing claims for failure to respond to specific arguments raised in motion).

### IV.   Failure to overcome qualified immunity.

Disputing the reasonableness of an officer's belief regarding probable cause cannot avoid dismissal in this case because the arrests were made pursuant to warrants, and multiple intermediaries determined probable cause before and after the arrests.   Plaintiff fails to defeat arguable probable cause for *any* offense based on the information known to the Officers at the time.   The complaint does not address the elements of the offense or many variations of sexual assault criminalized under Texas law.  *See* Doc. #19-2 at 6 (alleging that Sim (Defendant) did "unlawfully, intentionally and knowingly cause the sexual organ of K.A., […] to contact the sexual organ of the Defendant, without the consent of the Complainant, namely the Defendant compelled

8

the Complainant to submit and participate by the use of physical force, violence, and coercion."). Even assuming *arguendo* that challenging the officer's conclusion might suffice to state a claim, Plaintiff bears the burden to allege facts showing the lack of **arguable probable cause,** not only probable cause. "[L]aw enforcement officials who reasonably but *mistakenly* conclude that probable cause is present are entitled to immunity." *Johnson ex rel. A.N.E.R. v. City of San Antonio*, No. 22-50196, 2023 U.S. App. LEXIS 9448, at *1 (5th Cir. 2023) (emphasis original) (quoting *Mendenhall v. Riser*, 213 F.3d 226, 230 (5th Cir. 2000)).

## CONCLUSION

The City Defendants' Motions to Dismiss (Docs. #19 and #32) should be granted and Plaintiff's complaint dismissed with prejudice in its entirety.

Respectfully submitted,

**ARTURO G. MICHEL**
**City Attorney**

CHRISTY MARTIN
Chief, Torts/Civil Rights Section

Date: June 26, 2026.        By:    */s/ Melissa Azadeh*
MELISSA AZADEH
Senior Assistant City Attorney
*Attorney in Charge*
Texas Bar No. 24064851
Federal ID No. 1090186
Tel. (832) 393-6270
Melissa.Azadeh@houstontx.gov
CITY OF HOUSTON LEGAL DEPARTMENT
P.O. Box 368
Houston, Texas 77001-0368
**ATTORNEYS FOR DEFENDANTS CITY**
**OF HOUSTON, KAETLYN HOWTON,**
**AND KIRSTEN KASSIEAS**

9

**CERTIFICATE OF SERVICE**

I hereby certify that on this 26th day of June 2026, a true and correct copy of the foregoing document, and any attachments, were delivered to all parties and counsel of record by electronic filing of same in accordance with the District's ECF service rules, and alternatively via e-mail and/or facsimile transmission.

/s/ Melissa Azadeh
Melissa Azadeh