United States Courts
Southern District of Texas
FILED
JUL 2 8 2026
Nathan Ochsner, Clerk of Court

In the United States District Court
for the Southern District of Texas,
Houston Division

ERIC SIM,
*Plaintiff.*

v.

CITY OF HOUSTON, KATELYN HOWTON, KIRSTEN KORYCIAK, SOO YOUN CHO, ALEJANDRA ESPITIA, MIA MOREY, AND MADELYNN CAMPBELL,
*Defendant.*

Civil Action No. 4:26-cv-01563

# ALEJANDRA ESPITIA RULE 12(B)(6) MOTION TO DISMISS AND TO STRIKE

Defendant Alejandra Espitia ("Espitia") moves to dismiss Plaintiff Eric Sim's claims against her under Rule 12(b)(6) for failure to state a claim. Espitia also moves under Rule 12(f) to strike portions of Sim's complaint because they are immaterial to his claims, scandalous, and designed to embarrass Espitia.

## I. SUMMARY

1. Espitia moves to dismiss Plaintiff Eric Sim's malicious prosecution and civil conspiracy claims against her pursuant to Rule 12(b)(6) because the claims are both time-barred and substantively deficient.

2. Sim has also failed to state a claim against Espitia for malicious prosecution under Texas law because he has failed to allege with the particularity required by Rule 9(b) any statement or act constituting procurement of a criminal prosecution by Espitia.

3. Sim has also failed to state a claim against Espitia for malicious

complaint does not state with any particularity that Espitia filed any complaint with law enforcement or took any action to procure the prosecution other than submitting to an interview by a Houston Police Department detective, after several other women had done so.

11. Espitia was served with the complaint March 30, 2026. This is her first filing in response to the complaint.

## III. ARGUMENTS AND AUTHORITIES

12. Sim's claims against Espitia should be dismissed for failure to state a claim for several reasons. First, Sim fails to allege with particularity any act by Espitia that constitutes "procurement" of his prosecution under Texas law and, in fact, his allegations and the public record negate this element. Second, Sim fails to allege facts negating probable cause or establishing an improper purpose. Finally, Sim fails to sufficiently allege a civil conspiracy.

### A. 12(B)(6) STANDARD.

*13.* Under FED. R. CIV. 8(a)(2), "a pleading must contain a short and plain statement of the claim showing that the pleader is entitled to relief." *Cevallos v. Silva*, 541 Fed. Appx. 390, 392 (5th Cir. 2013). "To survive a Rule 12(b)(6) motion to dismiss, the factual allegations must be sufficient to state a claim for relief that is plausible on its face and to raise a right to relief above the speculative level." *Id.* (citing *Bell A. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). "The mere possibility of misconduct is not sufficient." *Id.*

*14.* Further, to survive a motion under FED. R. CIV. P. 12(b)(6), "the complaint must contain either direct allegations on every material point necessary to sustain recovery or contain allegations from which an inference may be fairly drawn that evidence will be introduced at trial" *Id.* (citing *Twombly*, at 555). To subject a complaint to dismissal, it is unnecessary for the Court to conclude that the allegations are "unrealistic." "nonsensical," or "fanciful." *Iqbal*, 556 U.S. at 681. Rather, "bare assertions" that are

**B.** SIM HAS FAILED TO ALLEGE WITH PARTICULARITY FACTS ESTABLISHING ESPITIA'S PROCUREMENT OF THE PROSECUTION.

19. Sim's claims against Espitia and the other victims rest on his allegation that they procured his prosecution through false statements to the police. He fails to plead with the particularity required under Rule 9(b) that Espitia made any such statements to procure his prosecution.

*1. Texas law regarding the "initiation or procurement" element.*

20. The elements of malicious prosecution under Texas law are:

> (1) a criminal prosecution was commenced against [the plaintiff];
>
> (2) [the defendant] initiated or procured that prosecution;
>
> (3) the prosecution terminated in [the plaintiff's] favor;
>
> (4) [the plaintiff] was innocent of the charges;
>
> (5) [the defendant] lacked probable cause to initiate the prosecution;
>
> (6) [the defendant] acted with malice; and
>
> (7) [the plaintiff] suffered damages."

*Kroger Tex. Ltd. P'ship v. Suberu*, 216 S.W.3d 788, 793 (Tex. 2006)

21. Texas law "does not subject a person to liability for merely aiding or cooperating in causing a criminal prosecution." *Browning- Ferris Indus., Inc. v. Lieck*, 881 S.W.2d 288, 292 (Tex. 1994). "Were it otherwise, persons only incidentally involved in a criminal investigation might find themselves facing allegations in a civil suit," which "poses too great a disincentive for people to cooperate freely with law enforcement officials." *Id.* Accordingly, "a person's actions must be the cause in fact of a criminal prosecution before he can be liable for malicious prosecution." *Id.*

22. The "general idea of causation" is not sufficient for liability—"initiation or procurement" must be shown. *Id.* at 293. "A person initiates a

27. Sim does not allege, nor could he allege, that Espitia even approached law enforcement. Instead, the only specific allegations against Espitia are that Detective Howton interviewed Espitia on February 22, 2024 (Dkt. 1 at Par. 253), more than two years after she claimed to be assaulted by Sim after she blacked out and that she later came to believe he perhaps had drugged her. (Dkt. 1, ¶¶259-264). Sim even admits Espitia qualified her statements with the words 'did not remember,' 'I don't remember' and 'maybe' when recounting specific facts about her sexual encounter with Sim. Dkt. 1, at ¶¶260, 264, 267. Sim also asserts Espitia failed to remember key details and faults Detective Howton for "ignor[ing] these glaring issues" and obtaining an arrest warrant. Dkt. 1, at ¶¶276-277.

28. Sim does not allege Espitia *knew* any allegedly false statement to be false, nor can her knowledge be fairly inferred in light of Sim's repeated allegations of Espitia's poor memory. In short, Sim alleges no knowing false statements by Espitia.

29. Moreover, Espitia's knowledge also cannot be fairly inferred from Sim's allegations because even a defendant's *unreasonable* belief in the truth of the information she provided negates this element. *Keenan v. Robin*, 709 S.W.3d 595, 604 (Tex. 2024). This exception "requires actual knowledge that the information provided is false; constructive knowledge or proof that the defendant should have known the information to be false are insufficient." *Id.* Sim does not allege Espitia knowingly made any false statements. Because Sim has failed to sufficiently and plausibly allege facts showing Espitia initiated or procured the prosecution, the claims against her should be dismissed.

3. *Facts within judicial notice and Sim's own allegations negate procurement.*

30. In addition to the allegations in the complaint, the Court may also rely on matters of public record of which it may take judicial notice. *Hall v. Hodgkins*, 305 Fed. Appx. 224, 227 (5th Cir. 2008). It is a matter of public record that a Harris County grand jury found probable cause to believe Sim sexually assaulted Espitia and the other victims and indicted him for it. Ex. 1.

31. Under the independent-intermediary doctrine applicable to federal constitutional claims based on malicious prosecution or false arrest,

prosecution under Texas law because the facts of which this Court may take judicial notice establish that the cause of his prosecution was the grand jury's decision to indict him.

4. Plaintiff has failed to state a claim against Espitia for malicious prosecution under Texas law because he has failed to plausibly allege facts negating probable cause or establishing an improper purpose.

5. Plaintiff has failed to state a claim for conspiracy because he has failed to sufficiently allege an underlying tort and has failed to allege with particularity a conspiracy or Espitia's overt act in furtherance of it.

6. Plaintiff's complaint includes numerous allegations of sexual activity and related matters that are impertinent, immaterial to Plaintiff's claims, and scandalous. They are designed to embarrass Plaintiff's victims, and Espitia should not be required to respond to them. Those portions should be struck under Rule 12(f).

## II. Nature and Stage of Proceedings

7. Plaintiff Eric Sim was indicted in 2024 by a Harris County grand jury for the sexual assault of seven women, including Alejandra Espitia.[1] Espitia's only involvement in this prosecution was that she was interviewed by a Houston Police Department detective about Sim's assault and answered truthfully to the best of her abilities.

8. On February 25, 2025, a few weeks after a new district attorney took office, the district attorney's office filed a motion to dismiss, stating as the reason: "Cannot prove beyond a reasonable doubt at this time. Subject to refile."[2]

9. Just over one year later, on February 25, 2026, Sim filed the instant complaint. Sim asserts federal claims under section 1983 against the City of Houston and two detectives. Against Espitia and other victims, Sim asserts only state-law claims for malicious prosecution and civil conspiracy.

10. The 57-page complaint delves in lurid detail into Sim's alleged sexual relationship with Espitia and with other alleged victims. However, the

[1] Exhibit 1, Indictments.
[2] Exhibit 2, Prosecution's Motion to Dismiss.

the information available to the complainant before criminal proceedings began. *Richey v. Brookshire Grocery Co.*, 952 S.W.2d 515, 519 (Tex. 1997); *Forbes v. Lanzl*, 9 S.W.3d 895, 902 (Tex. App.—Austin 2000, pet. denied) (holding that where one reports a physical altercation, which they personally experienced, that individual had probable cause to believe she had been a victim of assault). Failure to fully disclose all relevant facts to the officer or knowingly providing false information to the officer has no bearing on the probable cause element. *See Richey*, 952 S.W.2d at 519 (explaining that failing to fully and fairly disclose all material information and knowingly providing false information to the prosecutor have no bearing on probable cause). It is frequently said that actions for malicious prosecution are not favored in the law, because they tend to discourage the reporting of crimes. *Lieck*, 881 S.W.2d at 291.

36. The presumption of probable cause and good faith is even stronger here, where Sim was indicted by a grand jury. *See* REST. 2D (TORTS) § 664(2) ("The indictment of the accused by a grand jury is evidence that the person who initiated the proceedings had probable cause for initiating them."). As explained above, Sim makes no allegation rebutting the presumption Espitia acted with probable cause, because he alleges no knowingly false statements by Espitia. See Forbes, 9 S.W.3d at 902 (explaining that it is nearly impossible after the physical altercation for plaintiff to overcome the presumption that defendant had probable cause to believe she had been a victim of assault, and finding that, in a malicious prosecution claim, defendant was presumed to have probable cause). Espitia spoke of her own personal experiences with the police and could have more than reasonably believed that a crime had been committed. See id; see also Richey, 952 S.W.2d at 519 (finding that defendant had probable cause to initiate criminal proceedings based on what defendant's employee saw).

37. Further, Sim fails to plausibly allege any improper motive on the part of Espitia. Sim's allegation in this regard is laughable: Espitia and the other victims—all grown women—conspired to frame Sim because "Sim was uninterested in having a monogamous relationship." Dkt. 1, at 8.

38. As Sim states, Espitia contends there was only a single sexual

"conclusory" and "amount to nothing more than a 'formulaic recitation of the elements'" of a claim are "not entitled to be assumed true" and cannot support a claim for relief. *Id.*

*15.* "[O]nly a complaint that states a plausible claim for relief survives a motion to dismiss." *Iqbal*, at 679. "Determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* "But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" *Id.* (quoting FED. R. CIV. P. 8(a)(2)).

*16.* "In alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake." FED. R. CIV. P. 9(b). "Rule 9(b) is an exception to Rule 8(a)'s simplified pleading[.]" *United States ex rel. Grubbs v. Kanneganti*, 565 F.3f 180, 185 (5th Cir. 2009). "In cases of fraud, Rule 9(b) has long played [a] screening function, standing as a gatekeeper to discovery, a tool to weed out meritless fraud claims sooner than later." *Id.* "We apply Rule 9(b) to fraud complaints with 'bite' and 'without apology,' but also aware that Rule 9(b) supplements but does not supplant Rule 8(a)'s notice pleading." *Id.* at 185–86.

*17.* "The frequently stated, judicially-created standard for a sufficient fraud complaint . . . instructs a plaintiff to plead "the time, place, and contents of the false representation [], as well as the identity of the person making the misrepresentation and what that person obtained thereby. *Id.* at 186. "Directly put, the who, what, when, and where must be laid out before access to the discoveyr process is granted." *Williams v. WMX Technologies, Inc.*, 112 F.3d 175, 178 (5th Cir. 1997).

18. "In addition to facts alleged in the pleadings, however, the district court 'may also consider matters of which [it] may take judicial notice.'" *Hall v. Hodgkins*, 305 Fed. Appx. 224, 227 (5th Cir. 2008). "And 'it is clearly proper in deciding a 12(b)(6) motion to take judicial notice of matters of public record.'" *Id.*

44. Because Sim has failed to sufficiently allege any underlying tort, and because Sim has failed to allege the conspiracy or Espitia's overt acts in furtherance of it, Sim's conspiracy claim should be dismissed.

## IV. Motion to Strike

45. "The court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." FED. R. CIV. P. 12(f).

46. Pages 5 through 18 of the complaint are largely immaterial to Sim's claims and are, frankly, shameful and disgusting. He recounts his sexual relationships with seven different women— each of whom he was later indicted by a Harris County grand jury for sexually assaulting. He brags about how much each of the women allegedly desired a relationship with him.

47. These allegations serve no legitimate purpose in this case other than to satisfy Sim's narcissism, boast of his sexual conquests, and humiliate his victims all over again.

48. Espitia's interactions with Sim ended more than four years ago. She is now engaged and is a mother. She should not be required to respond to these salacious allegations in an answer.

49. Paragraphs 32 through 137 detailing Sim's interactions with Espitia should be struck. Indeed, paragraphs 32 through 96 and 138 through 213, detailing his interactions with the other women should also be struck.

50. To the extent Sim feels that any of these matters are essential to his claims, he should be admonished to show appropriate discretion in any repleading.

## V. Prayer

For the reasons explained above, Defendant Alejandra Espitia respectfully requests that Plaintiff Eric Sim's claims against her be dismissed for failure to state a claim. Additionally and in the alternative, Espitia respectfully requests that paragraphs 32 through 213 of Sim's complaint—or at least paragraphs 97 through 137 involving Espitia—be struck.

criminal prosecution if he makes a formal charge to law enforcement authorities." *Id.* at 292. There is no allegation that Espitia made any formal charge here. Accordingly, Sim must allege sufficient facts to show that Espitia procured the prosecution.

*23.* "A person procures a criminal prosecution if his actions are enough to cause the prosecution, and but for his actions the prosecution would not have occurred." *Lieck*, at 292. "In other words, procurement requires that a person's actions be both a necessary and a sufficient cause of the criminal prosecution." *Id.* "Thus, a person cannot procure a criminal prosecution when the decision whether to prosecute is left to the discretion of another person, a law enforcement official or the grand jury." *Id.*

*24.* Where law enforcement, a public prosecutor, or a grand jury exercises its discretion in initiating the prosecution, "procurement" only occurs when "the information furnished by him upon which the official acted was known to be false." *Id.* at 294 (quoting RESTATEMENT (SECOND) OF TORTS § 653, cmt. g.). A person who provides information they believe to be true but is in fact false is not liable for malicious prosecution. *Id.* at 292.

*25.* Moreover, "proof that a complainant has knowingly furnished false information is *necessary* for liability when the decision to prosecute is within another's discretion," but "such proof is not *sufficient*." *King v. Graham*, 126 S.W.3d 75, 76 (Tex. 2003). There "must be proof that the prosecutor acted based on the false information and that but for such false information the decision would not have been made." *Id.*

2. *Sim has failed to sufficiently allege that Espitia procured the prosecution.*

26. Sim does not allege, nor could Sim plausibly allege, that Espitia initiated the prosecution or that Espitia made the decision to prosecute Sim. The Houston Police Department exercised its discretion to seek a warrant for Sim's arrest—indeed, the crux of Sim's federal claims is that the detectives abused that discretion. The Harris County District Attorney's office exercised its discretion in initiating the prosecution and presenting the charges to the grand jury. The grand jury exercised its discretion in deciding to indict Sim. Ex. 1. Sim does not allege that Espitia played any role in any of these decisions.

# CERTIFICATE OF SERVICE

I hereby certify that this document was served on all attorneys of record by US Mail on 07-28-2026.

/s/ Alejandra Espitia

Alejandra Espitia

"'if facts supporting an arrest are placed before an independent intermediary such as a magistrate or grand jury, the intermediary's decision breaks the chain of causation ... insulating the initiating party.'" *Trevino v. Iden*, 79 F.4th 524, 531 (5th Cir. 2023). That is precisely what occurred here—the facts underlying Sim's prosecution were submitted to the grand jury, which returned an indictment. That broke any chain of causation between Espitia's statements to the police and Sim's prosecution.

32. Additionally, Sim emphatically and at length alleges Espitia's statements in her interview with Howton were not convincing and did not supply Howton with probable cause to make an arrest. Dkt. 1, at pp. 23–24. If that is true, then it is implausible Howton, the district attorney, and the grand jury actually acted on her statements. *King v. Graham*, 126 S.W.3d at 76.

### C. SIM FAILS TO PLAUSIBLY ALLEGE SUFFICIENT FACTS NEGATING PROBABLE CAUSE OR ESTABLISHING AN IMPROPER PURPOSE.

33. In a malicious prosecution case, "[c]ourts must presume that the defendant acted reasonably and had probable cause to initiate criminal proceedings." *Kroger Tex. Ltd. P'ship v. Suberu*, 216 S.W.3d at 793. "To rebut this presumption, the plaintiff must produce evidence that the motives, grounds, beliefs, or other information upon which the defendant acted did not constitute probable cause." *Id.*

34. "Common-law malicious prosecution requires showing, in part, that a defendant instigated a criminal proceeding with improper purpose *and* without probable cause." *McDonough v. Smith*, 588 U.S. 109, 116 (2019) (emphasis added) (citing REST. 2D (TORTS § 653). "Both" of these elements "must be proved. Proof of one alone is not sufficient." REST. 2D (TORTS) § 662, cmt. b. The probable cause element element asks whether a reasonable person would believe that a crime had been committed given the facts as the complainant honestly and reasonably believed them to be before the criminal proceedings were instituted. *Kroger Tex. Ltd. P'ship v. Subaru*, 216 S.W.3d 788, 792 (Tex. 2006).

35. The probable cause inquiry asks only whether the complainant reasonably believed that the elements of a crime had been committed based on

# Exhibit 1

encounter between her and Sim. Dkt. 1, at ¶ 258. Sim would have the Court believe Espitia was so distraught at the end of their relationship she decided more than two years later to participate in a conspiracy to frame Sim. This is an allegation better suited to bad television, not a federal lawsuit. Plaintiff merely makes a conclusory statement that Defendants Ms. Cho, Ms. Espitia, and Ms. Morey acted out of malice. (See Dkt. 1). These bald statements are insufficient to plead a malicious criminal prosecution claim.

39. Sim's allegations of a lack of probable cause and improper purpose are insufficient and implausible, and for this reason as well his claims should be dismissed.

**D. SIM HAS FAILED TO ALLEGE A CONSPIRACY.**

40. "In order to adequately plead a claim for civil conspiracy, a plaintiff must adequately plead the underlying tort." *Homoki v. Conversion Services, Inc.*, 717 F.3d 388, 402 (5th Cir. 2013). As explained above, Sim has failed to adequately plead the only alleged tort underlying the alleged conspiracy among the claimed victims—state-law malicious prosecution.

41. Moreover, a "plaintiff alleging a conspiracy to commit fraud must 'plead with particularity the conspiracy as well as the overt acts ... taken in furtherance of the conspiracy.'" *U.S. ex rel Grubbs v. Kanneganti*, 565 F.3d 180, 193 (5th Cir. 2009). Sim has done neither here.

42. Sim has failed to allege with particularity the requisite elements of a malicious prosecution claim against Espitia, or any of the other women. Further, Sim has failed to allege with particularity any overt act taken by Espitia in furtherance of any conspiracy. Sim has not alleged with particularity that Espitia did anything other than answer a detective's questions or that any of her answers were anything other than what she believed to be the truth.

43. Moreover, Sim has failed to allege Espitia's engagement in a conspiracy itself. He alleges only that Espitia met Morey online, and makes the conclusory statement that they "developed a plan to make false reports to the police asserting that Sim sexually assaulted them." Dkt. 1, at ¶224, 226. This falls far short of "the 'who , what, when, where, and how' required by Rule 9(b). *Williams v. WMX Techs., Inc.*, 112 F.3d at 179.

B

THE STATE OF TEXAS
VS.
**ERIC SIM**

,

SPN: **03232179**
DOB: **A M 2/14/1987**
DATE PREPARED: **6/24/2024**

D.A. LOG NUMBER: **3025547**
CJIS TRACKING NO.: **927127430XA001**
BY: **MM** DA NO: **2533919**
AGENCY: **HPD**
O/R NO: **029661724**
ARREST DATE: **3/1/2024**

NCIC CODE: **111522**

RELATED CASES: **SD - 3025235**

FELONY CHARGE: **SEXUAL ASSAULT**

CAUSE NO: **1857996**
HARRIS COUNTY DISTRICT COURT NO: **488**
FIRST SETTING DATE:

COURT ORDERED BAIL:
PRIOR CAUSE NO:
CHARGE SEQ NUM: **1**

**IN THE NAME AND BY AUTHORITY OF THE STATE OF TEXAS:**

The duly organized Grand Jury of Harris County, Texas, presents in the District Court of Harris County, Texas, that in Harris County, Texas, **ERIC SIM,** hereafter styled the Defendant, heretofore on or about **August 1, 2021**, did then and there unlawfully, intentionally and knowingly cause the sexual organ of S.C., hereinafter called the Complainant, to contact the sexual organ of the Defendant, without the consent of the Complainant, namely the Defendant compelled the Complainant to submit and participate by the use of physical force, violence, and coercion.

Unofficial Copy Office of Marilyn Burgess District Clerk

FILED
Marilyn Burgess
District Clerk

JUN 25 2024

Time: 12:15
Harris County, Texas

By AC
Deputy

Foreman 185th

**AGAINST THE PEACE AND DIGNITY OF THE STATE.**

FOREMAN OF THE GRAND JURY

**INDICTMENT**

**RECORDER'S MEMORANDUM**
This instrument is of poor quality
at the time of imaging

DATED: July 28, 2026

Respectfully Submitted,

*Alejandra Espitia*

B

THE STATE OF TEXAS
VS.
**ERIC YOONJO SIM**
**3123 LEELAND**
**HOUSTON,TX 77003**

SPN: **03232179**
DOB: **A M 2/14/1987**
DATE PREPARED: **6/24/2024**

D.A. LOG NUMBER: **3046820**
CJIS TRACKING NO.:
BY: **MM** DA NO: **2533919**
AGENCY: **HPD**
O/R NO: **067208224**
ARREST DATE: **TO BE**

NCIC CODE: **111522**

RELATED CASES:

FELONY CHARGE: **SEXUAL ASSAULT**

CAUSE NO: **1870195**
HARRIS COUNTY DISTRICT COURT NO: **488**
FIRST SETTING DATE:

COURT ORDERED BAIL:
PRIOR CAUSE NO:
CHARGE SEQ NUM: **1**

---

**IN THE NAME AND BY AUTHORITY OF THE STATE OF TEXAS:**

The duly organized Grand Jury of Harris County, Texas, presents in the District Court of Harris County, Texas, that in Harris County, Texas, **ERIC YOONJO SIM,** hereafter styled the Defendant, heretofore on or about **April 20, 2023**, did then and there unlawfully, intentionally and knowingly cause the sexual organ of N.A., hereinafter called the Complainant, to contact the sexual organ of the Defendant, without the consent of the Complainant, namely the Defendant compelled the Complainant to submit and participate by the use of physical force, violence, and coercion.

Unofficial Copy Office of Marilyn Burgess District Clerk

FILED
Marilyn Burgess
District Clerk

JUN 25 2024

Time: 12:15
Harris County, Texas

By AC
Deputy

Foreman 185th

**AGAINST THE PEACE AND DIGNITY OF THE STATE.**

FOREMAN OF THE GRAND JURY

**INDICTMENT**

**RECORDER'S MEMORANDUM**
This instrument is of poor quality
at the time of imaging

B

THE STATE OF TEXAS
VS.
**ERIC YOONJO SIM**
**3123 LEELAND**
**HOUSTON,TX 77003**

SPN: **03232179**
DOB: **A M 2/14/1987**
DATE PREPARED: **6/24/2024**

D.A. LOG NUMBER: **3028932**
CJIS TRACKING NO.:
BY: **MM** DA NO: **2533919**
AGENCY: **HPD**
O/R NO: **027162924**
ARREST DATE: **TO BE**

NCIC CODE: **111522**

RELATED CASES: **SD - 3032619, 3028940 & 3028928**

FELONY CHARGE: **SEXUAL ASSAULT**

CAUSE NO: **1861450**
HARRIS COUNTY DISTRICT COURT NO: **488**
FIRST SETTING DATE:

COURT ORDERED BAIL:
PRIOR CAUSE NO:
CHARGE SEQ NUM: **1**

---

**IN THE NAME AND BY AUTHORITY OF THE STATE OF TEXAS:**

The duly organized Grand Jury of Harris County, Texas, presents in the District Court of Harris County, Texas, that in Harris County, Texas, **ERIC YOONJO SIM,** hereafter styled the Defendant, heretofore on or about **May 15, 2020**, did then and there unlawfully, intentionally and knowingly cause the sexual organ of T.C., hereinafter called the Complainant, to contact the sexual organ of the Defendant, without the consent of the Complainant, namely the Defendant compelled the Complainant to submit and participate by the use of physical force, violence, and coercion.

Unofficial Copy Office of Marilyn Burgess District Clerk

FILED
Marilyn Burgess
District Clerk

JUN 25 2024

Time: 12:15
Harris County, Texas

By AC
Deputy

Foreman 185th

**AGAINST THE PEACE AND DIGNITY OF THE STATE.**

FOREMAN OF THE GRAND JURY

**INDICTMENT**

**RECORDER'S MEMORANDUM**
This instrument is of poor quality
at the time of imaging

B

THE STATE OF TEXAS
VS.
**ERIC YOONJO SIM**
**3123 LEELAND**
**HOUSTON,TX 77003**

SPN: **03232179**
DOB: **A M 2/14/1987**
DATE PREPARED: **6/24/2024**

D.A. LOG NUMBER: **3028940**
CJIS TRACKING NO.:
BY: **MM** DA NO: **2533919**
AGENCY: **HPD**
O/R NO: **034426224**
ARREST DATE: **TO BE**

NCIC CODE: **111522**

RELATED CASES: **SD - 3028928, 3028932 & 3032619**

FELONY CHARGE: **SEXUAL ASSAULT**

CAUSE NO: **1861448**
HARRIS COUNTY DISTRICT COURT NO: **488**
FIRST SETTING DATE:

COURT ORDERED BAIL:
PRIOR CAUSE NO:
CHARGE SEQ NUM: **1**

**IN THE NAME AND BY AUTHORITY OF THE STATE OF TEXAS:**

The duly organized Grand Jury of Harris County, Texas, presents in the District Court of Harris County, Texas, that in Harris County, Texas, **ERIC YOONJO SIM,** hereafter styled the Defendant, heretofore on or about **April 3, 2022**, did then and there unlawfully, intentionally and knowingly cause the sexual organ of M.M., hereinafter called the Complainant, to contact the sexual organ of the Defendant, without the consent of the Complainant, namely the Defendant compelled the Complainant to submit and participate by the use of physical force, violence, and coercion.

Unofficial Copy Office of Marilyn Burgess District Clerk

FILED
Marilyn Burgess
District Clerk

JUN 25 2024

Time: 12:15
Harris County, Texas

By AC
Deputy

Foreman 185th

**AGAINST THE PEACE AND DIGNITY OF THE STATE.**

FOREMAN OF THE GRAND JURY

**INDICTMENT**

**RECORDER'S MEMORANDUM**
This instrument is of poor quality
at the time of imaging

B

THE STATE OF TEXAS
VS.
**ERIC SIM**
**3123 LEELAND ST**
**HOUSTON,TX 77003**

SPN: **03232179**
DOB: **A M 2/14/1987**
DATE PREPARED: **6/24/2024**

D.A. LOG NUMBER: **3025235**
CJIS TRACKING NO.:
BY: **MM** DA NO: **2533919**
AGENCY: **HPD**
O/R NO: **026439424**
ARREST DATE: **TO BE**

NCIC CODE: **111522**

RELATED CASES: **SD - 3025547**

FELONY CHARGE: **SEXUAL ASSAULT**

CAUSE NO: **1857995**
HARRIS COUNTY DISTRICT COURT NO: **488**
FIRST SETTING DATE:

COURT ORDERED BAIL:
PRIOR CAUSE NO:
CHARGE SEQ NUM: **1**

---

**IN THE NAME AND BY AUTHORITY OF THE STATE OF TEXAS:**

The duly organized Grand Jury of Harris County, Texas, presents in the District Court of Harris County, Texas, that in Harris County, Texas, **ERIC SIM,** hereafter styled the Defendant, heretofore on or about **September 24, 2021,** did then and there unlawfully, intentionally and knowingly cause the sexual organ of A.E., hereinafter called the Complainant, to contact the sexual organ of Defendant, without the consent of the Complainant, namely the Complainant had not consented and the Defendant knew that the Complainant was unaware that the sexual assault was occurring.

Unofficial Copy Office of Marilyn Burgess District Clerk

FILED
Marilyn Burgess
District Clerk
JUN 25 2024
Time: 12:15
Harris County, Texas
By ________ Deputy

Foreman 185th

**AGAINST THE PEACE AND DIGNITY OF THE STATE.**

FOREMAN OF THE GRAND JURY

**INDICTMENT**

**RECORDER'S MEMORANDUM**
This instrument is of poor quality
at the time of imaging

B

THE STATE OF TEXAS
VS.
**ERIC YOONJO SIM**
**3123 LEELAND**
**HOUSTON,TX 77003**

SPN: **03232179**
DOB: **A M 2/14/1987**
DATE PREPARED: **6/24/2024**

D.A. LOG NUMBER: **3032619**
CJIS TRACKING NO.:
BY: **MM** DA NO: **2533919**
AGENCY: **HPD**
O/R NO: **038006224**
ARREST DATE: **TO BE**

NCIC CODE: **111522**
RELATED CASES: **SD - 3028928, 3028932 & 3028940**

FELONY CHARGE: **SEXUAL ASSAULT**

CAUSE NO: **1861447**
HARRIS COUNTY DISTRICT COURT NO: **488**
FIRST SETTING DATE:

COURT ORDERED BAIL:
PRIOR CAUSE NO:
CHARGE SEQ NUM: **1**

---

**IN THE NAME AND BY AUTHORITY OF THE STATE OF TEXAS:**

The duly organized Grand Jury of Harris County, Texas, presents in the District Court of Harris County, Texas, that in Harris County, Texas, **ERIC YOONJO SIM,** hereafter styled the Defendant, heretofore on or about **August 1, 201[illegible],** did then and there unlawfully, intentionally and knowingly cause the sexual organ of K.A., hereinafter called the Complainant, to contact the sexual organ of the Defendant, without the consent of the Complainant, namely the Defendant compelled the Complainant to submit and participate by the use of physical force, violence, and coercion.

Unofficial Copy Office of Marilyn Burgess District Clerk

FILED
Marilyn Burgess
District Clerk
JUN 25 2024 6-25-2024
Time: 12:15
Harris County, Texas
By AC
Deputy

Foreman 185th

**AGAINST THE PEACE AND DIGNITY OF THE STATE.**

FOREMAN OF THE GRAND JURY

**RECORDER'S MEMORANDUM**
This instrument is of poor quality at the time of imaging

**INDICTMENT**

# Exhibit 2

B

THE STATE OF TEXAS
VS.
**ERIC YOONJO SIM**
**3123 LEELAND**
**HOUSTON,TX 77003**

SPN: **03232179**
DOB: **A M 2/14/1987**
DATE PREPARED: **6/24/2024**

D.A. LOG NUMBER: **3028928**
CJIS TRACKING NO.:
BY: **MM** DA NO: **2533919**
AGENCY: **HPD**
O/R NO: **124741419**
ARREST DATE: **TO BE**

NCIC CODE: **111522**

RELATED CASES: **SD - 3028932, 3028940 & 3032619**

FELONY CHARGE: **SEXUAL ASSAULT**

CAUSE NO: **1861451**
HARRIS COUNTY DISTRICT COURT NO: **488**
FIRST SETTING DATE:

COURT ORDERED BAIL:
PRIOR CAUSE NO:
CHARGE SEQ NUM: **1**

---

**IN THE NAME AND BY AUTHORITY OF THE STATE OF TEXAS:**

The duly organized Grand Jury of Harris County, Texas, presents in the District Court of Harris County, Texas, that in Harris County, Texas, **ERIC YOONJO SIM,** hereafter styled the Defendant, heretofore on or about **September 2[illegible], 2019**, did then and there unlawfully, intentionally and knowingly cause the sexual organ of X.C., hereinafter called the Complainant, to contact the sexual organ of the Defendant, without the consent of the Complainant, namely the Defendant compelled the Complainant to submit and participate by the use of physical force, violence, and coercion.

Unofficial Copy Office of Marilyn Burgess District Clerk

FILED
Marilyn Burgess
District Clerk

JUN 25 2024

Time: 12:15
Harris County, Texas

By: AC
Deputy

Foreman 185th

**AGAINST THE PEACE AND DIGNITY OF THE STATE.**

FOREMAN OF THE GRAND JURY

**INDICTMENT**

**RECORDER'S MEMORANDUM**
This instrument is of poor quality at the time of imaging

Marilyn Burgess - District Clerk
Harris County

**CAUSE NO. 185799601010**

| | | | |
|---|---|---|---|
| **THE STATE OF TEXAS** | § | **IN THE 488TH DISTRICT COURT** | Pgs-1 |
| **VS.** | § | **OF** | |
| **SIM, ERIC** | § | **HARRIS COUNTY, TEXAS** | DIDISM (996) |

OFFENSE: SEXUAL ASSAULT

**MOTION TO DISMISS**

The State respectfully requests the Court to dismiss the above entitled and numbered criminal action for the following reason: **Cannot prove beyond a reasonable doubt at this time. Subject to refile.**

WHEREFORE, PREMISES CONSIDERED, it is requested that the above entitled and numbered cause be dismissed.

Respectfully submitted,

Assistant District Attorney
Harris County District Attorney's Office
TBC No.

**ORDER AND NOTICE**

The foregoing motion having been presented to me on February 25, 2025, and the same having been considered, it is, therefore, ORDERED, ADJUDGED and DECREED that the above-styled and numbered cause is hereby dismissed.

| | |
|---|---|
| NOTICE: | Pursuant to Article 38.50(d) of the Code of Criminal Procedure, the Court is notifying you that any toxicological evidence collected in your case pursuant to an investigation or prosecution of an offense under Chapter 49 of the Penal Code does not have to be retained or preserved and may be destroyed pursuant to the authority of Article 38.50(c)(3) and (e) if your indictment or information has been dismissed with prejudice. |

SIGNED AND ENTERED on February 25, 2025.

Judge Presiding
Harris County 488th District Court
Harris County, Texas

Unofficial Copy Office of Marilyn Burgess District Clerk