**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

United States Courts
Southern District of Texas
FILED
SEP 01 2026
Nathan Ochsner, Clerk of Court

| | | |
|---|---|---|
| ERIC SIM, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 4:26-cv-01563 |
| | § | |
| CITY OF HOUSTON, et al., | § | |
| | § | |
| Defendants. | | |

## DEFENDANT MIA MOREY'S RULE 12(B)(6) MOTION TO DISMISS

Defendant Mia Morey, appearing pro se, moves to dismiss the two Texas-law claims asserted against her - malicious prosecution and civil conspiracy - under Federal Rule of Civil Procedure 12(b)(6). For purposes of this motion only, Defendant addresses the sufficiency of the Complaint's allegations and does not ask the Court to resolve disputed facts.

### I. RULE 12(b)(6) STANDARD

To survive Rule 12(b)(6), a complaint must plead enough factual matter, accepted as true, to state a claim for relief that is plausible on its face. Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007); Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). Courts accept well-pleaded factual allegations as true, but need not accept legal conclusions or a formulaic recitation of the elements. Iqbal, 556 U.S. at 678.

### II. CLAIMS AGAINST MOREY

The Complaint asserts federal constitutional claims against the City of Houston and law-enforcement defendants. As to Morey, however, the pleaded causes of action are Texas malicious prosecution (Seventh Cause of Action) and civil conspiracy (Eighth Cause of Action). Compl. ¶¶ 539-570.

The malicious-prosecution count alleges, in substance, that Morey provided false information to HPD and thereby procured Plaintiff's prosecution. Compl. ¶¶ 552-555. The conspiracy count alleges that Morey and other private defendants acted together to procure a malicious prosecution and made false statements to law enforcement. Compl. ¶¶ 564-570. Elsewhere, the Complaint alleges that Morey communicated with Cho and Espitia and states, in conclusory terms, that they 'developed a plan' to make false police reports. Compl. ¶¶ 221-227.

### III. THE MALICIOUS-PROSECUTION CLAIM DOES NOT PLAUSIBLY PLEAD PROCUREMENT

Texas malicious prosecution requires: (1) commencement of a criminal prosecution; (2) initiation or procurement of that prosecution by the defendant; (3) favorable termination; (4) innocence; (5) lack of probable cause; (6) malice; and (7) damages. Kroger Tex. Ltd. P'ship v. Suberu, 216 S.W.3d 788, 792 n.3 (Tex. 2006); Richey v. Brookshire Grocery Co., 952 S.W.2d 515, 517 (Tex. 1997).

The procurement element requires causation. A person procures a prosecution when the person's actions are sufficient to cause the prosecution and the prosecution would not have occurred but for those actions. Browning-Ferris Indus., Inc. v. Lieck, 881 S.W.2d 288, 292 (Tex. 1994). Lieck also recognizes that knowingly false information can overcome the ordinary effect of an independent charging decision. Id. But knowingly false information is not, by itself, sufficient to establish procurement: the plaintiff still must show that the decision to prosecute would not have been made but for the false information. King v. Graham, 126 S.W.3d 75, 78 (Tex. 2003).

Here, paragraphs 552-555 largely state the conclusion that Morey 'procured' the prosecution by providing allegedly false information. The Complaint does not plead particular nonconclusory facts showing that Morey's alleged statement was the necessary cause of the prosecutorial decision - i.e., that the prosecution would not have occurred but for Morey's conduct. Instead, the Complaint itself describes intervening investigative and charging decisions by HPD officers and prosecutors and alleges that law-enforcement defendants prepared probable-cause affidavits and secured criminal charges. See, e.g., Compl. ¶¶ 307-318, 391-396.

The Court must accept the Complaint's factual allegations at this stage, but it need not accept the legal conclusion that those allegations amount to 'procurement.' Twombly, 550 U.S. at 555; Iqbal, 556 U.S. at 678. Because the Complaint does not plausibly connect Morey's alleged conduct to the ultimate charging decision with the but-for causation Texas law requires, the malicious-prosecution claim against Morey should be dismissed.

**IV. THE CONSPIRACY CLAIM IS DERIVATIVE AND DOES NOT PLAUSIBLY PLEAD A MEETING OF THE MINDS**

Under Texas law, civil conspiracy is a derivative theory of liability rather than an independent tort. Agar Corp., Inc. v. Electro Circuits Int'l, LLC, 580 S.W.3d 136, 140-41 (Tex. 2019). It therefore depends on an actionable underlying tort. Id.

The conspiracy allegations against Morey are also conclusory as to agreement. The Complaint alleges that Morey communicated with Cho and Espitia and then asserts that they 'developed a plan' to make false police reports. Compl. ¶¶ 221-227. The conspiracy count similarly alleges a 'common purpose' and false statements. Compl. ¶¶ 564-566. But labels such as 'plan,' 'common purpose,' and 'conspiracy' do not themselves supply facts showing an actual meeting of the minds to commit an unlawful act. See Twombly, 550 U.S. at 556-57 (parallel conduct and conclusory allegations of agreement do not alone plausibly plead conspiracy).

Because the Complaint does not plausibly plead the underlying malicious-prosecution claim against Morey, the derivative conspiracy theory should likewise be dismissed. Independently, the Complaint's conclusory assertions of a plan do not plead sufficient factual content to make an unlawful agreement involving Morey plausible.

## V. CONCLUSION AND PRAYER

Defendant respectfully requests that the Court dismiss the Seventh Cause of Action for malicious prosecution and the Eighth Cause of Action for civil conspiracy as asserted against Mia Morey under Rule 12(b)(6), and grant such other relief as the Court deems appropriate.

Respectfully submitted,

**/s/ Mia Morey**
Mia Morey, Pro Se
1738 Pecan Ln
Stafford, TX 77477
713-805-9751
miafemorey@gmail.com

## CERTIFICATE OF CONFERENCE

I certify that on August 30, 2026, I conferred by email with Plaintiff's counsel, Nelson S. Ebaugh, regarding dismissal of the claims against me under Rule 12(b)(6). Plaintiff's counsel responded that Plaintiff does not take a position on the requested relief.

/s/ Mia Morey
Mia Morey

## CERTIFICATE OF SERVICE

I certify that on September 1, 2026, a true and correct copy of this motion was served on Plaintiff's counsel, Nelson S. Ebaugh, by email at nebaugh@ebaughlaw.com and by first-class U.S. mail at 3730 Kirby Drive, Suite 1200, Houston, Texas 77098.

/s/ Mia Morey
Mia Morey