IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| ERIC SIM<br><br>Plaintiff.<br>v.<br><br>CITY OF HOUSTON, *et al.*<br><br>Defendants. | :<br>:<br>:<br>:<br>:<br>:<br>:<br>: | Civil Action No. 4:26-cv-01563 |

**PLAINTIFF ERIC SIM'S RESPONSE IN OPPOSITION TO DEFENDANT MIA MOREY'S RULE 12(b)(6) MOTION TO DISMISS**

Plaintiff Eric Sim files this Response in Opposition to Defendant Mia Morey's Rule 12(b)(6) Motion to Dismiss (ECF No. 77) and shows as follows:

## I. INTRODUCTION

Sim alleges that Morey helped set in motion a malicious prosecution by knowingly making false accusations about a consensual relationship with Sim because she wanted a serious commitment while Sim was seeking something casual. The Complaint details Morey's infatuation with Sim, sexually suggestive messages and photographs she sent to Sim, and the differing views of the relationship that led to its dissolution. The Complaint further explains that Morey secured Sim's indictment by falsely informing two Houston Police Department detectives that Sim sexually assaulted her and details the conspiracy that Morey entered into with several of Sim's other ex-lovers to secure his wrongful prosecution for sexual assault. Accordingly, the Complaint provides Morey with adequate notice of the claims pending against her, which is sufficient at the motion to dismiss stage. For the reasons set forth below, Morey's Motion to Dismiss should be denied.

## II. BACKGROUND

This Background assumes the truth of the Complaint's allegations, as required at the Rule 12(b)(6) stage. Sim and Morey began texting each other in March 2022 and went on their first date on April 1, 2022. Compl. ¶¶ 138-139. After their first date, Sim and Morey engaged in consensual kissing in Morey's car. *Id*. at ¶ 140. On April 3, 2022, Morey went to Sim's home at 1:00 a.m. and engaged in consensual sexual intercourse with him. *Id*. at ¶ 141. After leaving Sim's house following the encounter, Morey sent Sim a text message confirming that the encounter was consensual and stating "it was literally some of the best sex of my entire life." *Id*. at ¶¶ 142-43. In another text that same day, Morey thanked Sim "for an amazing night." *Id*. at ¶ 144. On April 16, 2022, Morey sent Sim a photo of her naked breasts and then went to his house to engage in consensual sexual intercourse. *Id*. at ¶¶ 145-46. The next day, Morey sent Sim multiple text messages declaring her satisfaction with Sim and the sexual encounter. *Id*. at ¶¶ 148-50. On April 27, 2022, Morey sent Sim another photo of her exposed breasts. *Id*. at ¶ 152. Three days later, Morey invited Sim to her family home, and they subsequently went on a dinner date. *Id*. at ¶ 153. On May 5, 2022, Morey sent Sim yet another photo of her exposed breasts. *Id*. at ¶ 154. Morey and Sim went on another date on May 13, 2022. *Id*. at ¶ 156.

During the course of their relationship, Morey made it clear to Sim that she wanted a serious relationship; however, Sim wanted something more casual. *Id*. at ¶ 157. These differing desires led to the end of Morey's relationship with Sim in May 2022. *Id*. at ¶ 158. After their relationship ended, Morey participated in a coordinated effort to secure false criminal charges against Sim. *Id*. at ¶¶ 214, 221-227. Morey commented on a TikTok video disparaging Sim that was posted by Defendant Madelyn Campbell, another of Sim's paramours. *Id*. at ¶ 214. Morey

also connected on social media with Defendants Sooyoun Cho and Alejandra Espitia, both of whom also dated Sim. *Id*. at ¶¶ 221, 224. Morey discussed her experience of dating Sim with Cho and Espitia. *Id*. at ¶¶ 222, 225. Morey also developed a plan with Cho and Espitia to make false reports to the police asserting that Sim sexually assaulted them. *Id*. at ¶¶ 223, 227. In furtherance of this plan, Morey, Cho, and Espitia, as well as Campbell, all made false reports to the police asserting that Sim sexually assaulted them. *Id*. at ¶ 227. On March 8, 2024, Morey informed Defendants Katelyn Howton and Kirsten Koryciak, both of whom were members of the Houston Police Department, that she wanted to press charges against Sim for sexual assault. *Id*. at ¶¶ 307, 316. Howton used her interview with Morey to prepare and present a probable cause affidavit. *Id*. at ¶ 317. On March 28, 2024, Sim was charged with sexually assaulting Morey. *Id*. at ¶ 391. The prosecution of Morey's false claim against Sim continued until the charges against him were dismissed on February 25, 2025. *Id*. at ¶ 406, 556.

## III. LEGAL STANDARD

A Rule 12(b)(6) motion to dismiss is "viewed with disfavor and is rarely granted," *Turner v. Pleasant*, 663 F.3d 770, 775 (5th Cir. 2011) (citation omitted), because a plaintiff need only plead "enough facts to state a claim to relief that is plausible on its face," *In re Katrina Canal Breaches Litig*., 495 F.3d 191, 205 (5th Cir. 2007) (citation omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Austin v. City of Pasadena*, 74 F.4th 312, 321 (5th Cir. 2023) (citation omitted). In considering a motion to dismiss, courts accept "all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff." *Katrina Canal*, 495 F.3d at 205 (citations omitted). A limitations defense may support dismissal only when the defense is

apparent from the face of the pleadings and the pleadings disclose no basis for avoiding it. *Jones v. Alcoa, Inc*., 339 F.3d 359, 366 (5th Cir. 2003).

## IV. ARGUMENT

### A. The Complaint Plausibly Alleges That Morey's Knowing Falsehoods Helped Procure The Prosecution.

#### 1. Morey's Assertion That Sim Is Required To Plead With Particularity Is Incorrect.

Morey incorrectly asserts that the Complaint should be dismissed for a lack of particularity. *See* ECF No. 77 at 2 (asserting "The Complaint does not plead particular nonconclusory facts showing that Morey's alleged statement was the necessary cause of the prosecutorial decision."). Thus, it appears that Morey is improperly attempting to hold Sim to the heightened pleading standard demanded by Rule 9(b). *Id*. However, Rule 9(b) applies when a claim sounds in fraud. *Pace v. Cirrus Design Corp*., 93 F.4th 879, 889 (5th Cir. 2024) ("Rule 9(b)'s heightened pleading requirements apply when a plaintiff's misrepresentation claim sounds in fraud." (cleaned up)). Sim's claims against Morey do not. He does not allege that Morey made statements to deceive him, that he relied on those statements, or that his claims depend on a fraud-type theory of inducement or reliance. He alleges that Morey knowingly made false accusations to police to procure criminal charges and joined an agreement to bring that prosecution about.

In a similar case involving malicious prosecution and Section 1983 claims, the court declined to apply Rule 9(b) because the alleged false statements were made to third parties, not to the plaintiffs, and the claims therefore did not sound in fraud. *Del Col v. Rice*, No. 11-CV-5138 (MKB), 2013 WL 4052867, at *8 (E.D.N.Y. Aug. 12, 2013). Morey does not identify authority holding that the procurement element of a Texas malicious-prosecution claim, or a conspiracy based on that tort, must satisfy Rule 9(b). That is because she could not possibly do so, as the

ordinary Rule 8 plausibility standard governs. *See Leatherman v. Tarrant Cnty. Narcotics Intel. & Coordination Unit*, 507 U.S. 163, 168–69 (1993) (rejecting a heightened pleading standard more demanding than Rule 8(a) for § 1983 municipal-liability claims and noting that Rule 9(b) applies only to the actions it specifically enumerates).

**2. The Later Involvement Of Law Enforcement, Prosecutors, And The Grand Jury Does Not Negate Procurement On The Pleadings.**

Morey argues that intervening investigative and charging decisions by Houston Police Department officers and the grand-jury indictments categorically broke the causal chain. Morey Motion at p. 2. Texas law says otherwise. Although a complainant is ordinarily not responsible when the decision to prosecute rests in another's discretion, a complainant may procure the prosecution by knowingly furnishing false, material information on which the decision to prosecute was based. *See King v. Graham*, 126 S.W.3d 75, 76–78 (Tex. 2003) (holding that a person may procure a prosecution by knowingly supplying false information, notwithstanding the later exercise of prosecutorial or grand-jury discretion); *see also Kjellvander v. Citicorp*, 156 F.R.D. 138, 144 (S.D. Tex. 1994) ("a private citizen may be held liable for malicious prosecution when he relays information known to him to be false and the official's decision to commence the prosecution was based upon this false information" (citing *Browning-Ferris Indus., Inc. v. Lieck*, 881 S.W.2d 288, 293–94 (Tex. 1994)). The Complaint alleges exactly that: Morey knowingly supplied false information, Howton relied on the false information Morey provided in her interview in preparing the warrant affidavit, and the false accusation was material to the charge that Sim sexually assaulted Morey. Compl. ¶¶ 316-17, 391 548–551. At Rule 12(b)(6), the Court must draw the inference that Morey's false statements were integral to securing Sim's indictment in Sim's favor, not Morey's. *See Marks v. Hudson*, 933 F.3d 481, 485 (5th Cir. 2019) (on a motion to dismiss, accepting the complaint's well-pleaded facts as true and drawing all reasonable

inferences in the plaintiff's favor (citation omitted)). Accordingly, Morey's Motion to Dismiss should be denied.

**3. The Complaint Adequately Identifies Morey's Allegedly False Statements, Her Knowledge, And Their Causal Role.**

The Complaint expressly alleges that Morey knew her sexual relationship with Sim was consensual but, nevertheless, falsely told Howton and Koryciak that Sim sexually assaulted her and that she wanted to press charges against him. Compl. ¶¶ 316, 548–551. As a result of Morey's false statements, Howton prepared a probable cause affidavit stating that there was "good reason to believe on or about April 3, 2022, Mia Morey's sexual organ was unlawfully caused to contact the sexual organ of Eric Sim without consent." *Id.* ¶ 317. This led to Sim being indicted for sexually assaulting Morey. *Id.* ¶ 391. Thus, it is clear that the Complaint alleges substantially more than general causation. Additionally, the allegations in the Complaint permit the reasonable inference that Morey's knowingly false accusation supplied the material basis for the charge concerning her and that the charge would not have been pursued without it. *Marks*, 933 F.3d at 485. Whether Morey's information actually influenced the charging decision, or whether the authorities possessed an independent basis for that charge, presents a factual issue that cannot be resolved against Sim on a motion to dismiss. *Id.*

Moreover, *Lieck* recognizes initiation and procurement as distinct alternatives. *Lieck*, 881 S.W.2d at 292–94. Under *Lieck*, as clarified by *King*, a complainant may procure a prosecution by knowingly furnishing false information on which law enforcement acts, provided that the information was material to—and a but-for cause of—the decision to prosecute. *King*, 126 S.W.3d at 76–78. Accordingly, as noted above, the fact that the Complaint notes that HPD officers and state prosecutors made intervening investigative and charging decisions based on the false information provided by Morey does not defeat Sim's procurement theory.

Based on the foregoing, Sim has adequately pleaded that Morey procured his prosecution, and Morey's Motion to Dismiss should be denied.

**B. The Complaint Plausibly Alleges Civil Conspiracy.**

The elements of civil conspiracy are: "(1) two or more persons; (2) an object to be accomplished; (3) a meeting of minds on the object or course of action; (4) one or more unlawful, overt acts; and (5) damages as the proximate result." *Massey v. Armco Steel Co.*, 652 S.W.2d 932, 934 (Tex. 1983) (citing 15A C.J.S. Conspiracy § 1(2) (1967)). Conspiracy liability extends beyond the active wrongdoer to persons who planned, assisted, or encouraged the wrongful conduct, and the overt act may be committed by any member of the conspiracy. *Carroll v. Timmers Chevrolet, Inc.*, 592 S.W.2d 922, 925–26 (Tex. 1979).

The Complaint alleges each element. It identifies the participants; alleges that Morey contacted Espitia and Cho and that the three women discussed their experiences with Sim; alleges that they agreed to make false police reports; alleges that Morey and the others carried out the plan by falsely accusing Sim; and alleges that those acts caused Sim's arrest, prosecution, and damages. Compl. ¶¶ 214–228, 564–570. It also plausibly alleges the underlying tort of malicious prosecution against Espitia, Cho, and Morey. *Id.* ¶¶ 539–563. Contrary to Morey's baseless position, Sim's conspiracy claim is not based on mere labels. Morey Motion at p. 2. Rather, the allegations in the Complaint identify the participants in the conspiracy, their shared objective, their agreement, their overt acts, and the resulting injury to Sim. All reasonable inferences flowing from these allegations must be construed in Sim's favor. *Marks*, 933 F.3d at 485. Thus, Sim's allegations regarding civil conspiracy are sufficient at the motion to dismiss stage, as Rule 8 requires no more. Accordingly, Morey's Motion to Dismiss should be denied.

## V. CONCLUSION

For the foregoing reasons, Plaintiff requests that the Court deny Defendant Mia Morey's Rule 12(b)(6) Motion to Dismiss. Alternatively, if the Court identifies any pleading deficiency, Plaintiff requests leave to amend before dismissal with prejudice.

Dated: September 22, 2026

Respectfully submitted,

**NELSON S. EBAUGH, P.C.**

/s/ Nelson S. Ebaugh
Nelson S. Ebaugh, Esq.
Texas Bar No. 24007139
SDTX Bar No. 24270
3730 Kirby Drive, Suite 1200
Houston, TX 77098
Tel: (713) 752-0700
Fax: (713) 739-0500
nebaugh@ebaughlaw.com

**OFFIT KURMAN, P.A.**

/s/ Kimberly C. Lau (w/ permission by NSE)
Kimberly C. Lau, Esq. (*pro hac vice*)
Attorney-in-Charge
James E. Figliozzi, Esq. (*pro hac vice*)
90 Madison Avenue, 6th Floor
New York, NY 10022
Tel: (212) 545-1900
Fax: (212) 454-1656
kimberly.lau@offitkurman.com
james.figliozzi@offitkurman.com

## CERTIFICATE OF SERVICE

I hereby certify that, on September 22, 2026, a true and correct copy of the foregoing was served on all counsel of record through the Court's CM/ECF system.

I further certify that, on September 22, 2026, a true and correct copy of the foregoing was served by first-class United States mail, postage prepaid, on the following pro se defendants at their last known addresses:

Mia Morey
1738 Pecan Lane
Stafford, Texas 77477

Alejandra Espitia
2345 Bering Dr, Apt 451
Houston, TX 77057

I further certify that a courtesy copy was sent by electronic mail to Defendant Mia Morey at miafemorey@gmail.com and to Defendant Alejandra Espitia at alejandra.ipromua@gmail.com.

/s/ Nelson S. Ebaugh
Nelson S. Ebaugh

4910-8840-6737, v. 3